IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CAREFIRST OF MARYLAND, INC., et al., *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,<br><br>Defendants. | Case No. 2:23-cv-629 |

**ORDER**

Before the Court is the Motion to Dismiss filed by Defendants Johnson & Johnson ("J&J"), and Janssen Biotech, Inc. ("Janssen"). ECF Nos. 45 (motion), 46 (memorandum). For the reasons stated herein, the Court **ORDERS** supplemental briefing from the parties.

On December 7, 2023, Plaintiffs Carefirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., Carefirst Bluechoice, Inc., and CFA, LCC (d/b/a CareFirst Administrators) (hereinafter "the plaintiffs") brought this class action against J&J and Janssen pursuant to § 2 of the Sherman Act, 15 U.S.C. § 2, and the antitrust laws, consumer protection laws, and unjust enrichment laws of numerous states, the District of Columbia, and Puerto Rico. ECF No. 1. The plaintiffs allege that J&J and Janssen improperly maintained their monopoly power over the United States market for ustekinumab, which delayed competition in the market and

continues to force ustekinumab consumers to pay supercompetitive prices. ECF No. 36 (Amended Complaint) ¶¶ 314–15. Specifically, the plaintiffs allege that J&J and Janssen fraudulently obtained a method-of-use patent and, through its acquisition of Momenta Pharmaceuticals, wrongfully acquired exclusive rights to four biosimilar manufacturing patents to delay competitors from entering the market. *Id.* ¶ 315.

The *Noerr-Pennington* doctrine generally shields private entities from antitrust liability when enforcing patents. *See Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, 483 F. Supp. 3d 38, 53 (D. Mass. 2020) ("As a result, the *Noerr-Pennington* doctrine bars this Court from regarding litigation brought in good-faith as anticompetitive harm."). There are two exceptions to this general rule: a patent holder is not shielded from antitrust liability when it either (1) obtained a patent through fraud or (2) if the patent litigation is a sham. *Walker Process Equip. Inc., v. Food Mach. & Chem. Corp.*, 382 U.S. 172 (1965); *Prof. Real Estate Invs. Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 51 (1993).

The plaintiffs' allegations involve the fraudulent procurement exception—commonly referred to as *Walker Process* fraud. As a threshold matter, the Court must determine whether the plaintiffs, as indirect purchasers, have standing[1] to bring a *Walker Process* fraud claim. In their motion to dismiss, J&J and Janssen argue that

---

[1] The Court notes that the plaintiffs must have both Art. III standing and antitrust standing to bring these claims. *Novell, Inc. v. Microsoft Corp.*, 505 F.3d 302, 310 (4th Cir. 2007) ("In a private antitrust action, a plaintiff must go beyond a showing that it meets Article III standing requirements of injury, causation and redressability; it must also demonstrate 'antitrust standing.'"). Because the Court construes the defendants' arguments as directed towards antitrust standing, the term "standing" as used in this Order refers *only* to antitrust standing.

the plaintiffs do not have standing to bring this claim and that the plaintiffs' state law claims fail for all the same reasons as their federal antitrust claims. ECF No. 46 at 19–20, 25–26. But neither party specifically addresses whether the plaintiffs have antitrust standing under the relevant state laws. More fulsome briefing on the issue of federal and state antitrust standing would aid the Court in its decision making.

Accordingly, Defendants Johnson & Johnson and Janssen Biotech, Inc. are **ORDERED** to file a supplemental brief on or before July 1, 2024, that addresses whether the plaintiffs have standing to bring a *Walker Process* fraud claim under federal law and the relevant state laws.

The plaintiffs are **ADVISED** that they may file a responsive supplemental brief consistent with the local rules of this Court.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 17, 2024