**APPENDIX A:**

**State Antitrust Statutes Under Which the Health Benefit Providers Have Brought Claims, Their Antitrust Standing Tests, and Whether Courts Have Allowed End Payor Plaintiffs' Antitrust Claim to Proceed**

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| Alabama | Ala. Code § 6-5-60 (private right of action); Ala. Code §§ 8-10-3, *et seq.* | **Yes** Ala. Code § 6-5-60(a) (1975)[1] | **Possibly the *AGC* test interpreted in light of repealer status:** There is no clear statement in Alabama caselaw laying out an antitrust standing test, but some cases imply courts might use *AGC*. *See McCluney v. Zap Prof'l Photography*, 663 So. 2d 922 (Ala. 1995) ("The federal law relating to monopolization governs Alabama antitrust actions. *Ex parte Rice*, 259 Ala. 570, 67 So. 2d 825 (1953)."). | **Yes.** *In re Opana ER Antitrust Litig.*, 162 F. Supp. 3d 704 (N.D. Ill. 2016) (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust standing under Alabama's antitrust statute; claims proceeded); *see also* Consolidated Amended Complaint ¶¶ 256(a), 265(a); *Opana* No. 1:14-cv-10150 (N.D. Ill. May 4, 2015), ECF No. 102. |
| Arizona | Ariz. Antitrust Act, A.R.S. §§ | **Yes** A.R.S. § 44-1401[2] | ***AGC* test interpreted in light of repealer status:** | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust |

---

[1] Ala. Code § 6-5-60(a) (1975) (allowing recovery by any person "injured or damaged . . . , direct or indirect"); *California v. ARC America Corp.*, 490 U.S. 93, 98 n.3 (1989) ("The statutes of Alabama . . . expressly allow indirect purchasers to sue.").

[2] *Bunker's Glass Co. v. Pilkington PLC*, 75 P.3d 99, 102 (Ariz. 2003) ("The Act defines 'person' as including 'an individual, corporation, . . . or any other legal entity.' A.R.S. § 44-1401. Nothing in this language restricts the right of action to direct purchasers injured by violations of the Arizona Antitrust Act or precludes indirect purchasers from suing."); *id.* at 110 (permitting suits by indirect purchasers "comports with the longstanding policy of this state to protect consumers and deter anti-competitive behavior").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | 44-1401 to 44-1416 | | *In re Interior Molded Doors Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *16 (E.D. Va. Sept. 18, 2019) (applying the *AGC* test to antitrust claims asserted under the antitrust laws of Arizona and holding the indirect purchaser plaintiffs met the *AGC* test). | standing under Arizona's antitrust statute and denying motion to dismiss the claim on non-standing grounds). |
| California | Cartwright Act, Cal. Bus. & Prof. Code §§ 16700, *et seq.*, including §§ 17200, *et seq.* | **Yes** Cal. Bus. & Prof. Code § 16750(a)[3] | **Possibly the *AGC* test interpreted in light of repealer status:** *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9-cv-3690, 2015 WL 3988488, at *8 (N.D. Ill. June 29, 2015) ("Absent any binding California law to the contrary, the appellate court decision in *Vinci* and the moderately-deferential harmonization provision remain the best indicators of how the California Supreme Court would address the issue, and both lean in favor of applying *AGC* to claims brought under the Cartwright Act."); *Molded Doors*, 2019 WL 4478734, at *16 ("Two California appellate courts have applied the *AGC* test. . . . The Court thus will apply the *AGC* test to the California antitrust claim."). | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (plaintiffs' standing to seek damages under their Cal. Bus. & Prof. Code § 16720 claims not challenged or analyzed; acknowledging that plaintiffs' Cal. Bus. & Prof. Code § 17200 claims limited by statute to equitable relief). |

---

[3] Cal. Bus. & Prof. Code § 16750(a) (an action "may be brought by any person who is injured in his or her business or property by reason of anything forbidden or declared unlawful by this chapter, regardless of whether such injured person dealt directly or indirectly with the defendant"); *Union Carbide Corp. v. Superior Ct.*, 679 P.2d 14, 20 (Cal. 1984) ("California's 1978 amendment to § 16570 in effect incorporates into the Cartwright Act the view of the dissenting opinion in *Illinois Brick*.").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| Connecticut | Conn. Antitrust Act, Conn. Gen. Stat. §§ 35-24 to 35-49 | **Yes**<br><br>Conn. Gen. Stat. § 35-46a(1)[4] | **Similar test to *AGC* test interpreted in light of repealer status:**<br><br>*Tremont Pub. Advisors, LLC v. Connecticut Res. Recovery Auth.*, 217 A.3d 953, 966 (Conn. 2019) (while not calling it the *AGC* test, the court applied factors that parallel those of the *AGC* test: "We conclude, therefore, that, to have standing to bring a claim under the antitrust act, a plaintiff must adequately plead both that it has suffered an antitrust injury and that it is an efficient enforcer of the antitrust act."). | **Yes.** *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 555 F. Supp. 3d 829, 884-85 (N.D. Cal. 2021) (denying motion to dismiss end payors under Connecticut's antitrust statute due to *Illinois Brick* repealer statute). |
| District of Columbia | D.C. Code §§ 28-4501, *et seq.* | **Yes**<br><br>D.C. Code §§ 28-4509[5] | ***AGC* test interpreted in light of repealer status:**<br><br>*Peterson v. Visa U.S.A., Inc.*, No. CIV.A. 03-8080, 2005 WL 1403761, at *4-5 (D.C. Super. Ct. Apr. 22, 2005) ("Application of these [AGC] factors convinces the Court that D.C. plaintiff lacks standing under § 28-4508."). | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust standing under D.C.'s antitrust statute and denying motion to dismiss the claim on Art. III standing and other grounds). |

---

[4] Conn. Gen. Stat. Ann. § 35-46a(1) (antitrust defendant "[m]ay not assert as a defense that the defendant did not deal directly with the person on whose behalf the action is brought."). *Vacco v. Microsoft Corp.*, 793 A.2d 1048 (Conn. 2002) had previously held that indirect purchasers could not assert claims under the Connecticut Antitrust Act, but § 35-46a became effective July 10, 2017.

[5] *Peterson v. Visa U.S.A., Inc.*, No. CIV.A. 03-8080, 2005 WL 1403761, at *3 (D.C. Super. Ct. Apr. 22, 2005) ("After the *Illinois Brick* decision, the D.C. Council passed § 28-4509, and in doing so 'deliberately chose to reject the gloss put on the Clayton Act by *Illinois Brick* and to provide a contrasting antitrust scheme for the District of Columbia.'").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| Florida | Fla. Stat. §§ 501.201, *et seq*. (consumer protection statute)[6] | Not an antitrust statute and thus not subject to *Illinois Brick*[7] | **Not an antitrust statute, and *AGC* does not apply:**<br><br>*See Mack v. Bristol Myers Squibb Co*., 673 So. 2d 100, 108 (Fla. Dist. Ct. App. 1996) (reading the relevant FDUTPA subsections "as a clear statement of legislative policy to protect consumers through the authorization of such indirect purchaser actions" for antitrust violations); *In re Pool Prods. Distrib. Mkt. Antitrust Litig*., 946 F. Supp. 2d 554, 569 (E.D. La. 2013) (rejecting application of *AGC* factors to claim under the FDUTPA); *In re Florida Microsoft Antitrust Litig*., No. 99-27340, 2002 WL 31423620, at *2 (Fla. Cir. Ct. Aug. 26, 2002) (finding that indirect purchaser plaintiffs had standing to pursue their claims under the FDUTPA).<br><br>To bring a claim for damages under the FDUTPA, a plaintiff must establish "1) a deceptive act or unfair practice; 2) causation; | **End payor claim under FDUTPA permitted.** *In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig*., No. 20-1076-CFC, 2022 WL 2438934, at *17 (D. Del. July 5, 2022). |

---

[6] Plaintiffs inadvertently included the Florida consumer protection statute under Counts Three and Four in their Amended Complaint, both of which assert state antitrust claims. *See* Am. Compl. ¶¶ 355(f), 373(kk). The Florida consumer protection statute is correctly enumerated as a statute under which plaintiffs bring a consumer protection claim under Count Five. *See* Am. Compl. ¶ 392(h).

[7] *See In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig*., No. 20-1076-CFC, 2022 WL 2438934, at *17 (D. Del. July 5, 2022); *In re Broiler Chicken Antitrust Litig*., 290 F. Supp. 3d 772, 819 (N.D. Ill. 2017).

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | | | and 3) actual damages." *Stewart Agency, Inc. v. Arrigo Enters., Inc.*, 266 So. 3d 207, 212 (Fla. Dist. Ct. App. 2019). End payors alleged each of these elements. *See* Am. Compl. ¶¶ 375-93. | |
| Hawaii | Haw. Rev. Stat. §§ 480-13, *et seq.* | **Yes** Haw. Rev. Stat., § 480-13.3[8] | **No Hawaii caselaw applying *AGC* factors:** *Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, Inc.*, 148 P.3d 1179, 1216 (Haw. 2006) (elements of recovery under Haw. Rev. Stat. §§ 480-13 are "(1) a violation of HRS chapter 480; (2) injury to the plaintiff's business or property resulting from such violation; and (3) proof of the amount of damages."); *see also Davis v. Four Seasons Hotel Ltd.*, 228 P.3d 303, 324 n.33 (Haw. 2010) (noting that "this court has not expressly applied the *AGC* analysis to unfair methods of competition claims arising under HRS chapter 480"). | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust standing under Hawaii's antitrust statute and denying motion to dismiss the claim on Art. III standing grounds). |
| Illinois | 740 Ill. Comp. Stat. 10/1, *et seq.*, including | **Yes** 740 Ill. Comp. Stat. § 10/7(2)[9] | **Possibly the *AGC* test interpreted in light of repealer status:** | Authority is mixed, but this Court has held that end payor class actions are permitted under the |

---

[8] Haw. Rev. Stat, § 480-13.3; *see In re HIV Antitrust Litig.*, No. 19-cv-02573, 2023 WL 3011624, at *5 (N.D. Cal. Apr. 18, 2023) (construing ambiguity regarding duplicative recovery in plaintiffs' favor "given Hawaii's decision to be a repealer state").

[9] 740 Ill. Comp. Stat. § 10/7(2) ("No provision of this Act shall deny any person who is an *indirect purchaser* the right to sue for damages." (emphasis added)). The same provision specifies that only the Illinois Attorney General may "maintain a class action in any

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | 740 Ill. Comp. Stat. 10/3 | | *Cnty. of Cook v. Phillip Morris, Inc.*, 817 N.E.2d 1039, 1045-46 (Ill. App. Ct. 2004) (applying "remoteness" doctrine to dismiss state antitrust claims). | Illinois Antitrust Act. *See Zetia*, 2019 WL 1397228, at *25-26 & Exs. A-B (agreeing that "Rule 23 governs class actions in federal court and permits the EPPs' suit under the Illinois [antitrust] statute." (internal quotations omitted)). |
| Iowa | Iowa Code §§ 553.1 *et seq.*, including Iowa Code § 553.5 | **Yes** Common law[10] | **AGC test interpreted in light of repealer status:** *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 198-99 (Iowa 2007) ("We think the *AGC* test is more reflective of the legal context within which the Iowa legislature enacted Iowa's competition law. Therefore, we apply the *AGC* factors to determine whether the plaintiffs may recover under Iowa law."). | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust standing under Iowa's antitrust statute; claims proceeded). |
| Kansas | Kan. Stat. §§ 50-101, *et seq.*, including | **Yes** | **Possibly the *AGC* test interpreted in light of repealer status:** *Dairy Farmers*, 2015 WL 3988488, at *9 ("Accordingly, and absent any binding authority | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust |

court of this State for indirect purchasers asserting claims under this Act." *Id.*. But courts, including this Court in *Zetia*, have held that this bar does not apply in federal court. *See In re Zetia (Ezetimibe) Antitrust Litig.*, 400 F. Supp. 3d 418, 438 (E.D. Va. 2019).

[10] *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 196 (Iowa 2007) ("*Illinois Brick* rule prohibiting indirect-purchaser suits should not be followed in interpreting Iowa's competition law.").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | Kan. Stat. § 50-132 | Kan. Stat. § 50-161(b)[11] | to the contrary, the Court is persuaded that the Kansas Supreme Court would apply *AGC* in interpreting antitrust standing under KRTA."). | standing under Kansas's antitrust statute; claims proceeded). |
| Maine | Me. Rev. Stat. tit. 10, §§ 1101, *et seq.*, including Me. Rev. Stat. tit. 10, § 1102 | **Yes** <br><br> Me. Rev. Stat. tit. 10, § 1104(1)[12] | ***AGC* test interpreted in light of repealer status:** <br><br> *Knowles v. Visa U.S.A., Inc.*, No. Civ.A. CV-03-707, 2004 WL 2475284, at *5 (Me. Super. Ct. Oct. 20, 2004) (applying *AGC* factors). | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust standing under Maine's antitrust statute and denying motion to dismiss the claim on Art. III standing grounds). |
| Maryland | Md. Code Com. Law §§ 11-201, *et seq.*, including | **Yes** <br><br> Md. Code Com. Law § 11-209(b)(2)(i)[13] | ***AGC* test interpreted in light of repealer status:** <br><br> *Oliver v. Am. Express Co.*, No. 19-CV-00566 (NGG) (SJB), 2021 WL 386749, at *3 | **Yes.** *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*, MDL No. 2895, 2022 WL 736250, at *16-18 & n.22-23 (D. |

---

[11] *See* Kan. Stat. Ann. § 50-161(b) ("Except as provided in K.S.A. 12-205, and amendments thereto, any person who may be damaged or injured by any agreement, monopoly, trust, conspiracy or combination which is declared unlawful by the Kansas restraint of trade act shall have a cause of action against any person causing such damage or injury. Such action may be brought by any person who is injured in such person's business or property by reason of anything forbidden or declared unlawful by the Kansas restraint of trade act, *regardless of whether such injured person dealt directly or indirectly with the defendant*." (emphasis added)).

[12] Me. Rev. Stat. tit. 10, § 1104(1); *see State v. MaineHealth*, 31 A.3d 911, 914 (Me. 2011) ("Maine antitrust law allows any person injured in business or property, whether directly or indirectly, to sue for the injury in a civil action and seek treble damages.").

[13] Md. Code Ann. Com. Law § 11-209(b)(2)(i) ("A person whose business or property has been injured or threatened with injury by a violation of § 11-204 of this subtitle may maintain an action for damages or for an injunction or both against any person who has

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | Md. Code Ann. Com. Law § 11-204 | | (E.D.N.Y. Feb. 1, 2021) (citing *Waldorf Shopping Mall, Inc. v. Great Atl. & Pac. Tea Co.*, No. 82-46, 1984 WL 15690 (Md. Cir. Ct. Feb. 16, 1984)). | Del. Mar. 11, 2022) (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust standing under Maryland's antitrust statute; claims proceeded); *see also* Amended Compl. ¶ 308(i), *Sensipar*, No. 1:19-cv-01461-LPS (D. Del. Feb. 23, 2021), ECP No. 95. |
| Michigan | Mich. Comp. Laws §§ 445.771, *et seq.* | **Yes**<br>Mich. Comp. Laws. §§ 445.778(1) & (2)[14] | **Possibly the *AGC* test interpreted in light of repealer status:**<br><br>*Dairy Farmers*, 2015 WL 3988488, at *10 ("The combination of the *Stark* decision and Michigan's harmonization provision persuades the Court that the Michigan Supreme Court would apply the *AGC* factors to assess antitrust standing"); *Molded Doors*, 2019 WL 4478734, at *16. | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust standing under Michigan's antitrust statute; claims proceeded). |

committed the violation regardless of whether the person maintaining the action dealt *directly or indirectly* with the person who has committed the violation." (emphasis added)).

[14] Mich. Comp. Laws. §§ 445.778(1) & (2) ("The state, a political subdivision, or any public agency threatened with injury or injured *directly or indirectly* in its business or property by a violation of this act may bring an action . . . ," and "[a]ny other person threatened with injury or injured directly or indirectly in his or her business or property by a violation of this act may bring an action . . . ." (emphasis added)); *Comes v. Microsoft Corp.*, 646 N.W.2d 440, 448 & n.7 (Iowa 2002) (citing Mich. Comp. Laws. §§ 445.778(2) as a state "statute[] explicitly authorizing indirect purchasers to maintain an antitrust suit.").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| Minnesota | Minn. Stat. §§ 325D.49, *et seq.*, including Minn. Stat. § 325D.52 and Minn. Stat. § 8.31, *et seq.* (including a private right of action) | **Yes**<br><br>Minn. Stat. § 325D.57[15] | **Rejects *AGC*:**<br><br>*Lorix v. Crompton Corp.*, 736 N.W.2d 619, 629 (Minn. 2007) ("[W]e believe application of the *AGC* factors in Minnesota would contravene the plain language of the statute and in some cases thwart the intent of the legislature by barring indirect purchaser suits for the reasons articulated in *Illinois Brick*."). | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust standing under Minnesota's antitrust statute; claims proceeded). |
| Mississippi | Miss. Code §§ 75-21-3, *et seq.* | **Yes**<br><br>Miss. Code § 75-21-9 permitted indirect purchaser actions prior to *Illinois Brick*[16] | **Possibly *AGC* test interpreted in light of repealer status:**<br><br>*Molded Doors*, 2019 WL 4478734, at *14 (analogizing Mississippi's antitrust standing considerations to the *AGC* factors and concluding that plaintiffs had met the Mississippi antitrust standing test). | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust standing under Mississippi's antitrust statute and denying motion to dismiss the claim on non-standing grounds). |

---

[15] *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 626-627 (Minn. 2007) ("In 1984, our legislature added the words 'directly or indirectly' to Minn. Stat. § 325D.57 to make clear that, contrary to *Illinois Brick*, Minnesota antitrust law permits indirect purchasers to recover." (citing Hearing on Sen. F. 1807, Sen. Jud. Comm., 73rd Minn. Leg., Mar. 19, 1984 (minutes) (Statement of Steve Kilgriff, Assistant Attorney Gen.) ("All we're saying is that under Minnesota law we recognize that indirect purchasers should have his or her [sic] rights to determine damages as well as the direct purchaser.")).

[16] Miss. Code § 75-21-9 ("Any person, natural or artificial, injured or damaged by a trust and combine as herein defined, or by its effects *direct or indirect*, may recover all damages of every kind sustained by him or it . . . ." (emphasis added)). The enactment of this section preceded the *Illinois Brick* decision.

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| Nebraska | Neb. Rev. Stat. §§ 59-801, *et seq.*, including Neb. Rev. Stat. § 59-802 | **Yes**<br><br>Neb. Rev. Stat. § 59-821[17] | ***AGC* test interpreted in light of repealer status:**<br><br>*Kanne,* 723 N.W.2d at 301 ("The antitrust standing factors articulated in [*AGC*]. . . can accommodate the approval of 'indirect purchaser' actions"). | **Yes.** *Zetia*, 2019 WL 1397228, at \*23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust standing under Nebraska's antitrust statute and denying motion to dismiss the claim on Art. III standing grounds). |
| Nevada | Nev. Unfair Trade Practice Act, Nev. Rev. Stat. §§ 598A.010, *et seq.*, including Nev. Rev. Stat. § 598A.060 | **Yes**<br><br>Nev. Rev. Stat. § 598A.210(2)[18] | ***AGC* test interpreted in light of repealer status:**<br><br>*Nevada Recycling & Salvage, Ltd. v. Reno Disposal Co., Inc.*, 423 P.3d 605, 607 (Nev. 2018) ("While we have not yet addressed standing under the UTPA, the United States Supreme Court has addressed standing under the federal antitrust counterpart, the Clayton Act." (citing *AGC*)). | **Yes.** *Zetia*, 2019 WL 1397228, at \*23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust standing under Nevada's antitrust statute and denying motion to dismiss the claim on non-standing grounds). |
| New Hampshire | N.H. Rev Stat. §§ 356.1, *et seq.*, including | **Yes** | ***AGC* test interpreted in light of repealer status:** | **Yes.** *Zetia*, 2019 WL 1397228, at \*23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; no |

[17] *Kanne v. Visa U.S.A., Inc.*, 723 N.W.2d 293, 299 (Neb. 2006) ("In 2002, the Nebraska Legislature amended § 59-821 of the Junkin Act for the specific and limited purpose of eliminating *Illinois Brick Co.* as a bar against suits by indirect purchasers.").

[18] Nev. Rev. Stat. Ann. § 598A.210(2) ("Any person injured or damaged *directly or indirectly* in his business or property by reason of a violation of the provisions of this chapter may institute a civil action and shall recover treble damages, together with reasonable attorney fees and costs." (emphasis added)).

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|-------|-------------------|----------|---------------|------------------------------------------------------|
| | N.H. Rev. Stat. § 356.3 | N.H. Rev. Stat. § 356:11 (II)[19] | *Donovan v. Digit. Equip. Corp.*, 883 F. Supp. 775, 782 (D.N.H. 1994) ("[T]he court applies the federal antitrust standing requirements as this promotes the uniform construction of antitrust laws as contemplated by RSA § 356:14.") | analysis of end payors' antitrust standing under New Hampshire's antitrust statute and denying motion to dismiss the claim on Art. III standing grounds). |
| New Mexico | N.M. Stat. §§ 57-1-1, *et seq.*, including N.M. Stat. § 57-1-2 | **Yes** N.M. Stat. § 57-1-3(A)[20] | ***AGC* test interpreted in light of repealer status:** *Nass-Romero v. Visa U.S.A. Inc.*, 279 P.3d 772, 776 (N.M. Ct. App. 2012) (applying *AGC* to claim brought under the NMAA). | Yes, *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust standing under New Mexico's antitrust statute; claims proceeded). |
| New York | N.Y. Gen. Bus. Law §§ 340, *et seq.* | **Yes** | **Possibly the *AGC* test interpreted in light of repealer status:** *Dairy Farmers*, 2015 WL 3988488, at *14 ("New York's lower- and mid-level courts have consistently endorsed the application of the *AGC* factors in assessing antitrust standing, in | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust standing under New York's antitrust statute and denying |

---

[19] *Xyrem*, 555 F. Supp. 3d at 885 (concluding that, effective January 1, 2008, New Hampshire repealed *Illinois Brick*'s bar on indirect purchaser damages with the adoption of N.H. Rev. Stat. § 356:11(II)).

[20] The New Mexico Antitrust Act, 1979 N.M. Laws, ch. 374, § 5 provides a right of action to "any person threatened with injury or injured in his business or property, directly or indirectly" by a violation of the Act. (N.M. Stat. § 57-1-3(A)). *See Comes*, 646 N.W.2d at 448 & n.7 (citing New Mexico's antitrust statute as an example of a state statute "explicitly authorizing indirect purchasers to maintain an antitrust suit.").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | | N.Y. Gen. Bus. Law § 340 (5), (6)[21] | accordance with the state's harmonization provision. The Court has no reason to believe that New York's highest court would not do the same. Accordingly, the Court will apply the *AGC* factors in determining whether Indirect Plaintiffs have standing under New York's [antitrust act]."); *Molded Doors*, 2019 WL 4478734, at *16; *Ho v. Visa U.S.A. Inc.*, 787 N.Y.S.2d 677 (N.Y. Sup. Ct. 2004), *aff'd*, 793 N.Y.S.2d 8 (N.Y. App. Div. 2005). | motion to dismiss the claim on non-standing grounds). |
| North Carolina | N.C. Gen. Stat. §§ 75-1, *et seq.*, including N.C. Gen. Stat. § 75-2.1 | **Yes** N.C. Gen. Stat. Ann. §§ 75-16[22] | **Modified *AGC* test interpreted in light of repealer status:** *Molded Doors*, 2019 WL 4478734, at *15 (applying a five-factor test for antitrust standing adapted from the *AGC* test); *Dairy Farmers*, 2015 WL 3988488, at *15 (holding that "the North Carolina Supreme Court would adopt and | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust standing under North Carolina's antitrust statute and denying motion to dismiss the claim on non-standing grounds). |

---

[21] N.Y. Gen. Bus. Law § 340(5) (extending standing to "any person who shall sustain damages by reason of any violation" of the state's antitrust act); N.Y. Gen. Bus. Law § 340(6) ("fact that . . . any person who has sustained damages by reason of violation of this section has not dealt directly with the defendant shall not bar or otherwise limit recovery."); *see also In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1114 (N.D. Cal. 2007) ("New York's state antitrust statute . . . expressly repeals *Illinois Brick* and allows for indirect purchaser standing.").

[22] *Hyde v. Abbott Labs., Inc.*, 473 S.E.2d 680, 684, 686 (N.C. Ct. App. 1996) (North Carolina antitrust statute grants standing to "any person who suffers an injury under [it] regardless of whether that person purchased directly from the wrongdoer"; concluding "the *Illinois Brick* limitation does not apply in North Carolina.").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | | | apply the *AGC* factors, at least in modified form."). | |
| North Dakota | N.D. Cent. Code §§ 51-08.1-01, *et seq.*, including N.D. Cent. Code § 51-08.1-03 | **Yes**<br><br>N.D. Cent. Code § 51-08.1-08(3)[23] | ***AGC* test interpreted in light of repealer status:**<br><br>*Beckler v. Visa U.S.A.*, No. Civ. 09-04–C–00030, 2004 WL 2475100, at *4 (N.D. Dist. Ct. Sept. 21, 2004) (applying the *AGC* factors to determine antitrust standing).[24] | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust standing under North Dakota's antitrust statute; claims proceeded). |
| Oregon | Or. Rev. Stat. §§ 646.705, *et seq.*, including Or. Rev. Stat. § 646.730 | **Yes**<br><br>Or. Rev. Stat. §§ 646.780(1)(a)[25] | ***AGC* test interpreted in light of repealer status:** | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 & Exs. A-B (*Illinois Brick* repealer not challenged; no analysis of end payors' antitrust |

---

[23] *Beckler v. Visa U.S.A.*, No. Civ. 09-04–C–00030, 2004 WL 2475100, at *3 (N.D. Dist. Ct. Sept. 21, 2004) (North Dakota "repealed the bar against 'indirect purchaser' antitrust claims announced in *Illinois Brick*.").

[24] *But see In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litig.*, No. 12-169, 2013 WL 5503308, at *16 (D.N.J. Oct. 2, 2013) (not applying *AGC* test: "The Court is not persuaded that the *AGC* test applies to New York, North Dakota, or Indiana. In reaching this conclusion, the **Court notes that Defendants have not cited any state appellate cases to show that the highest court in those states would apply the *AGC* factors in those states**. As such, the Court will follow those cases in which the court 'decline[d] to undertake the back-breaking labor involved in deciphering the state of antitrust standing in each of those states' where a party has not 'show[n] that *AGC* has been adopted as the law of those states.' *See, e.g., In re GPU II*, 540 F. Supp. 2d [1085,] at 1097 [(N.D. Cal. 2007)]; *In re Flash Memory*, 643 F. Supp. 2d [1133,] at 1153 [N.D. Cal. 2009)]").

[25] Or. Rev. Stat. § 646.780(1)(a) ("An action authorized by this paragraph may be brought regardless of whether the plaintiff dealt directly or indirectly with the adverse party.").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | | | *Molded Doors*, 2019 WL 4478734, at *16 (applying *AGC* test to antitrust claims asserted under antitrust laws of Oregon). | standing under Oregon's antitrust statute; claims proceeded. |
| Puerto Rico | P.R. Anti-Monopoly Act, P.R. Laws Title 10, §§ 257–76 | **Yes**<br>P.R. Laws § 268[26] | **No clear Puerto Rico caselaw applying *AGC* factors**[27] | Authority is mixed, but this court has held that "indirect purchaser actions are permitted under the laws of [Puerto Rico]." *Zetia*, 2019 WL 1397228, at *23-24 & Exs. A-B (overruling defendants' objection and denying motion to dismiss end payors' claim). |
| Rhode Island | R.I. Gen. Laws §§ 6-36-1, *et* | **Yes** | **Possibly the *AGC* test interpreted in light of repealer status:** | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 Exs. A-B (*Illinois Brick* |

---

[26] *Xyrem*, 555 F. Supp. 3d at 887 (holding indirect purchasers have antitrust standing under Puerto Rico law.); *see also Zetia*, 2019 WL 1397228, at *23-24.

[27] *See Pressure Vessels of P.R. v Empire Gas de P.R.*, 137 D.P.R. 497, 520 (P.R. 1994). In *Pressure Vessels*, the Court analyzed claims under Puerto Rico's antitrust law and explained that "A simple reading of the text of this provision shows that it establishes three requirements in order to entitle a person to seek compensation: (1) the person must be injured in his business or property (2) by reason of (3) acts or attempted acts forbidden by our Law (unless it concerns conduct violating its third or fifth section)." The court noted that "[u]nder Clayton Act sec. 4, equivalent to our sec. 12, federal case law has found it necessary to require a sec. 4 plaintiff to establish antitrust injury as well as antitrust standing" and emphasized that "[t]his doctrine has not had a consistent, uniform, and coherent application," citing *AGC* to support this statement. The court then concluded that "the plaintiff need not establish anything beyond a factual causal relation between the injury and the violation to meet the "by reason of" requirement; that is, it suffices that the plaintiff has been injured as a result of the statutory violation."

Pressure Vessels P.R. v. Empire Gas P.R., 137 D.P.R. 497, 1994 JTS 144 (Nov. 23, 1994)

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | *seq.*, including R.I. Gen. Laws § 6-36-5 | R.I. Gen. Laws § 6-36-7(d) & 6-36-11[28] | R.I. Gen. Laws § 6-36-2(b) ("This chapter shall be construed in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable, except where provisions of this chapter are expressly contrary to applicable federal provisions as construed."). | repeater not challenged; not analyzing end payors' antitrust standing under Rhode Island's antitrust statute and denying motion to dismiss the claim on non-standing grounds). Where other courts have dismissed end payor Rhode Island antitrust claims for lack of standing, it is because the alleged injury occurred prior to the enactment of Rhode Island's repeater statute—July 15, 2013 (2013 R.I. Pub. Laws 365, § 2). *See, e.g., Opana*, 162 F. Supp. 3d at 723-24. |

---

[28] R.I. Gen. Laws § 6-36-7(d) ("In any action under this chapter, the fact that a person or public body has not dealt directly with the defendant shall not bar or otherwise limit recovery.").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| South Dakota | S.D. Codified Laws §§ 37-1-3.1, *et seq.*, including S.D. Codified Laws § 37-1-3.2 | **Yes**<br>S.D. Codified Laws § 37-1-14.3 & § 37-1-33[29] | **Possibly the *AGC* test interpreted in light of repealer status:**<br><br>*Johnson v. Patel*, No. 4:23-CV-04160-KES, 2024 WL 1996137, at *4 (D.S.D. May 3, 2024) ("'It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes.' SDCL § 37-1-22."); *see also Assam Drug Co. v. Miller Brewing Co.*, 798 F.2d 311, 313 (8th Cir. 1986) ("The South Dakota statutory language governing restraint of trade is similar to section one of the Sherman Act, and the South Dakota legislature has indicated that federal court interpretations of the federal antitrust laws may be used as a guide in interpreting the state law."). | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust standing under South Dakota's antitrust statute and denying motion to dismiss the claim on non-standing grounds). |
| Tennessee | Tenn. Trade Prac. Act, | **Yes**<br>Tenn. Code Ann. § 47-25-106(a)[30] | **Possibly the *AGC* test interpreted in light of repealer status:** | **Yes.** *Zetia*, 2019 WL 1397228, at *23-27 Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust |

---

[29] *In re S.D. Microsoft Antitrust Litig.*, 657 N.W.2d 668, 671 (S.D. 2003) ("South Dakota, like many other states, has enacted a repealer statute that allows for indirect purchaser lawsuits to be maintained at the state level").

[30] *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 517-20 (Tenn. 2005) (lengthy analysis of Tennessee antitrust statute in the context of *Illinois Brick* and concluding "an indirect purchaser may bring an action under…section 47-25-106 for conduct in violation" of the Tennessee Trade Practices Act even where the indirect purchaser is not a resident).

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | §§ 47-25-101, *et seq.* | | *Molded Doors*, 2019 WL 4478734, at *16 ("Absent authority to the contrary, the Court will apply *AGC* to the Tennessee antitrust claim."). | standing under Tennessee's antitrust statute and denying motion to dismiss the claim on non-standing grounds). |
| Utah | Utah Code §§ 76-10-3101, *et seq.*, including Utah Code § 76-10-3104 | **Yes** Utah Code § 76-10-3109(1)(a)[31] | **No Utah caselaw applying *AGC* factors** *See Oliver*, 2021 WL 386749, at *5 ("Amex relies on Utah's harmonization provision and a single federal district court case to argue that Utah courts would apply the *AGC* factors to claims brought under Utah's antitrust statute. . . . Utah's harmonization provision, however, is permissive and the [] analysis [in the case cited] does not engage with whether Utah courts would apply the *AGC* factors; instead, it simply notes that the Utah statute is identical to the Sherman Antitrust Act. Without more, the court cannot say that Utah courts would apply the *AGC* factors to claims brought under Utah's antitrust statute."). | **Yes.** *Zetia*, 2019 WL 1397228, *23-27 Exs. A-B, *report and rec. adopted as modified*, 400 F. Supp. 3d 418, 434-35 (E.D. Va. 2019) (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust standing to bring claim under Utah's antitrust statute and denying motion to dismiss the claim on Art. III standing and other grounds). |
| Vermont | Vt. Stat. Ann. Title 9, §§ 2451, *et seq.*, including | **Yes** | ***AGC* test interpreted in light of repealer status:** *Fucile v. Visa U.S.A., Inc.*, No. S1560–03 CNC, 2004 WL 3030037, at *3 (Vt. Super. Ct. Dec. | **Yes.** *Blue Cross & Blue Shield of Vt. v. Teva Pharm. Indus., Ltd.*, No. 5:22-CV-159, 2024 WL 323775, at *35, 38-39, 42 (D. Vt. Jan. 22, 2024) (*Illinois Brick* |

---

[31] Utah Code § 76-10-3109(1)(a) (allowing injured person to bring action "regardless of whether the person dealt directly or indirectly with the defendant").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | 9 V.S.A. § 2453 | 9 V.S.A. § 2465(b)[32] | 27, 2004) (applying *AGC* factors to determine standing for indirect purchaser). | repealer not challenged; not analyzing end payors' antitrust standing to bring claim under Vermont's antitrust statute and denying motion to dismiss the claim on non-antitrust standing grounds). |
| West Virginia | W. Va. Antitrust Act, W. Va. Code §§ 47-18-1, *et seq.*, including W. Va. Code § 47-18-4 | **Yes** W. Va. Code St. R. § 142-9-2[33] | **No West Virginia caselaw applying *AGC* factors** | **Yes.** *Zetia*, 2019 WL 1397228, at \*23-27 Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust standing under West Virginia's antitrust statute and denying motion to dismiss the claim on non-standing grounds). |
| Wisconsin | Wis. Antitrust Act, Wis. Stat. §§ 133.01, *et seq.*, including | **Yes** | **Possibly the *AGC* test interpreted in light of repealer status:** | **Yes.** *Zetia*, 2019 WL 1397228, at \*23-27 Exs. A-B (*Illinois Brick* repealer not challenged; not analyzing end payors' antitrust |

---

[32] *Elkins v. Microsoft Corp.*, 817 A.2d 9, 20 (Vt. 2002) ("Since we have concluded that consumers can generally sue under § 2461(b) even though they are indirect purchasers of a good or service from the defendant, we also hold that they can bring an antitrust case under § 2461(b). The recent addition to the VCFA of § 2465(b), explicitly authorizing indirect purchaser antitrust suits, was not a change in the preexisting law.").

[33] W. Va. Code R. § 142-9-2 (granting standing to "[a]ny person who is injured *directly or indirectly* by reason of a violation of the West Virginia Antitrust Act." (emphasis added)); *see also In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 175 (D. Me. 2004) ("Accordingly, I conclude that West Virginia permits antitrust recovery by indirect purchasers.").

| STATE | ANTITRUST STATUTE | REPEALER | STANDING TEST | DRUG END PAYOR ANTITRUST CLAIMS PERMITTED TO PROCEED? |
|---|---|---|---|---|
| | Wis. Stat. § 133.04 | Wis. Stat. § 133.18(1)(a)[34] | *Strang*, 2005 WL 1403769, at *3 (adopting *AGC* factors to analyze indirect purchaser claim: "I suspect that if faced with this issue, our appellate courts would look to [the *AGC*] factors for guidance in assessing an indirect or remote purchaser's standing."). | standing under Wisconsin's antitrust statute and denying motion to dismiss the claim on non-standing grounds). |

---

[34] *See Strang v. Visa U.S.A., Inc.*, No. 03 CV 011323, 2005 WL 1403769, at *2 (Wisc. Circ. Ct. Feb. 8, 2005) ("Wisconsin enacted an '*Illinois Brick* repealer' statute in response to the dramatic standing limitations of that decision. . . . 'It is the intent of the legislature that this chapter be interpreted in a manner which gives the most liberal construction to achieve the aim of competition.'" (quoting Wis. Stat. 133.01)).