UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| CAREFIRST OF MARYLAND, INC., GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., CAREFIRST BLUECHOICE, INC., and CFA, LLC d/b/a CAREFIRST ADMINISTRATORS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON and JANSSEN BIOTECH, INC. <br><br> Defendants. | Civil Action No. 2:23-cv-00629-JKW-LRL |

**PRIVILEGE LOG ORDER**

1.    **General Principles.**

A.    A party may withhold from production or redact only information or documents on the grounds of attorney-client privilege, work product protection, or personal data.[1] Privileged Information constitutes information or documents protected by the attorney client privilege or work product protection.

B.    The party asserting a privilege for material shall provide privilege log(s) explicitly identifying the privilege asserted for the material and containing information sufficient to enable the opposing party to assess the applicability of the privilege

---

[1] As set forth in the Stipulated Electronically Stored Information Protocol in this action, ECF No.79, personal data redactions are permitted for: (a) information relates to medical or health issues of an individual; (b) social security numbers; (c) financial-account numbers or bank account information; (c) taxpayer-identification numbers; (d) driver's license numbers; (e) birthdates; (f) passport numbers; (g) names of minor children, (h) credit card information, or (i) personal passcodes. Personal data redactions should be identified as "Redacted – PII" on the face of the document. A party may not make redactions based on an assertion that the data or content is not relevant.

1

as provided for in Fed. R. Civ. P. 26(b)(5), including but not limited to the nature of the documents, communications, or tangible things not produced and disclosed.

2.   **Specific Privilege Log Protocols.**

A.   *Production and form of logs.* In general, privilege logs provided in lieu of producing requested documents or information shall be produced within 30 days of production of the document group from which the withheld or redacted documents were withheld was produced. However, this provision does not supersede or in any way alter the parties' obligation, per Order of April 15, 2024, ECF No. 63, that September 23, 2024 is the deadline for the final privilege log exchange. Privilege logs shall be produced in native Excel format.

B.   *Start of logging obligations.* No Party shall be required to list on a privilege log privileged or work-product documents prepared for the prosecution or defense of this action or constituting or disclosing communications within clients or between clients and their counsel related to this action dated after: (1) December 7, 2023 as to defense counsel, and (2) October 8, 2023 as to plaintiffs' counsel. However, this provision does not affect any duty under applicable law to preserve such materials.

C.   *Partially redacted documents.* With respect to partially privileged documents produced in redacted form, a Party shall include in the privilege log an entry for each such partially redacted document that contains at least the beginning production-Bates-number, the privilege asserted for each redaction in the document, information sufficient to enable the opposing party to assess the applicability of the privilege forming the basis of each redaction, the nature of the redacted document, and a notation that the document is redacted. The parties may indicate the privilege asserted for each redaction in the log (i.e., redaction on page 5 is for attorney-client privilege, redaction on page 6 is for personally identifying information) or on the face of the document itself.

D.   *Disputes.* Should a Party be unable to ascertain whether a document contained on the log is privileged or have reason to believe a particular entry on the log does not reflect privileged information, the Party may request a meet and confer, and the Parties must meet and confer about such deficiencies within seven days of the request prior to seeking any relief from the Court. In requesting a meet and confer, the requesting Party must identify each log entry that it contends does not reflect privileged information and the basis for its position.

E.   *Logging of emails.* Defendants must log each withheld email. When a party withholds email messages in their entirety (i.e., not providing a redacted copy of the email), the party seeking to withhold the document must provide at least one log entry for each individual email message in the document. If an email is withheld in its entirety, it is not sufficient for the withholding party to only provide an entry for the most recent in time (i.e., uppermost) email, unless it first

determines that the earlier-in-time messages are each already either (a) produced in their own right, or (b) logged individually in their own right.

F.   *Withholding of attachments to emails.* When withholding all or part an email attachment, the party seeking to withhold the attachment must identify each email to which it is attached by providing family Bates information or the family privilege log "control number" information.

G.   *Ordering of log entries.* Each subsequent log shall begin with the next document entry number following the prior served log. No document entry numbers shall be repeated. Each subsequent log shall identify in its title the date the subsequent log is produced to the receiving party. When an entry is subsequently removed from a log, the entry shall remain on subsequent logs with a notation "Produced Entirely" or "Produced Redacted" in a field named "Document Status."

H.   *Contents of log.* For each document withheld in whole or in part based on a claim of privilege or work product, the entry for each document shall list the following information available for the document (the withholding party shall be entitled to use existing metadata to populate such fields if available, but that does not excuse a party from providing a complete privilege log, containing all information available from the document, whether in metadata, or done manually):

   i.   A unique privilege log "control number";

   ii.   the beginning Bates number of the document or slipsheet representing the document, when applicable;

   iii.   the nature of the privilege asserted (*e.g.*, "attorney-client privilege" or "attorney work product");

   iv.   if known or discernable from the document or metadata, name(s) of the author(s) of the document;

   v.   if known or discernable from the document or metadata, name(s) of the recipient(s) (*i.e.*, in the case of emails each person shown in the TO, CC, and BCC fields, with each field being separately delineated);

   vi.   if known or discernable from the document or metadata, in the case of emails, the email address should be included for each individual listed in the FROM, TO, CC and BCC fields;

   vii.   if known or discernable from the document or metadata, the dates the document was created, sent (if applicable), and last modified (if applicable);

   viii.   if known or discernable from the document or metadata, the custodial file in which the document was located

3

     ix.     the subject (for emails, the RE: line) or the file name or title of the document (for non-email documents);[2] the document type by file extension;

     x.     all custodian(s) of the document;

     xi.     in a field labelled "Description," a description of the nature and purpose of the communication including sufficient detail that the other parties will understand the subject matter of the document (*e.g.*, communication seeking legal advice re: contract with wholesaler, communication providing legal advice and attaching draft contract with wholesaler);

     xii.     an indication of whether the document has been redacted and produced or withheld in its entirety.

I.     *Notation of attorneys.* Each privilege log shall indicate with a carrot (^) the name or email address of any attorney in the log entries and shall be accompanied by a list of all attorneys identified in the log, along with information for each attorney sufficient to determine the employer (law firm or other organization) with whom they are affiliated and the manner in which they are identified in the log, *e.g.*, email address and/or other manner in which they are identified.

3.     **Disclosed Privileged Information**.

A.     The Parties have agreed that, in this lawsuit, they do not intend to disclose Privileged Information. Federal Rule of Evidence 502 and 28 U.S. Code § 1738 shall apply in all respects.

B.     Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

C.     Any party receiving materials that reasonably appear to be Privileged Information shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to an opportunity to confirm whether Privileged Information has been disclosed.

D.     If a Disclosing Party notifies the Receiving Party that Privileged Information has been disclosed, the Receiving Party shall comply with Federal Rule of Civil Procedure 26(b)(5)(B) and confirm that the Receiving Party has complied with its requirements.

---

[2] To the extent the producing party asserts that the subject line, file name, or document title reveals privileged information, the producing party reserves all rights to input [REDACTED FOR PRIVILEGE] in place of asserted privileged information.

    i.      the Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Disclosed Privileged Information, unless the Parties agree, or the Court orders, otherwise;

    ii.     the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Disclosed Privileged Information that such information is subject to this Order and may not be copied, distributed, or otherwise used; and

    iii.    the Receiving Party and all persons notified as set out in the preceding subparagraph shall, within ten (10) court days:

        (1)    return, sequester, or destroy all Disclosed Privileged Information and all notes or other work product revealing its content in the possession, custody, or control of the Receiving Party, its attorneys, or any person to whom the Party provided the Disclosed Privileged Information, and confirm that the Receiving Party has complied with Fed. R. Civ. P. 26(b)(5)(B)'s requirements and this Order.

        (2)    For purposes of this Order, Disclosed Privileged Information that is not reasonably accessible under Federal Rules of Civil Procedure 26(b)(2)(B) because stored by the Receiving Party on backup storage media is deemed to be sequestered. Should such data be retrieved, the Receiving Party must promptly take steps to delete the restored Disclosed Privileged Information.

E.    Within 5 days of the Producing Party's notification to the Receiving Party that Privileged Information has been disclosed, the Producing Party must make a good faith effort to provide a complete privilege log entry for each such document in accordance with the terms of the Privilege Log Protocol.

F.    To contest any claim of privilege with respect to Disclosed Privileged Information, following a meet and confer, the Receiving Party shall raise the issue with the Producing Party in writing with sufficient detail so that the Producing Party may understand the Receiving Party's complaint. The Producing Party shall respond in writing within 7 days, and if the response does not satisfy the Receiving Party, then the Parties shall meet and confer. If the dispute as to the privileged or non-privileged nature of the materials cannot be resolved, then the Receiving Party may seek relief from the Court pursuant to the Court's practices. In the event of a motion compelling production of the contested material:

    i.      The Producing Party shall retain the burden of establishing its privilege or work product claims.

    ii.     Any Disclosed Privileged Information attached to the motion or accompanying brief shall be submitted solely for the Court's in camera review. Local Rule 5 shall govern the submission of this material. Any

reference to the Disclosed Privileged Information in the motion or accompanying brief shall be redacted.

       iii.     Pending resolution of the motion, the Receiving Party must not use the contested information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

SO ORDERED:
Dated:  September 24, 2024

_____

_____
Lawrence R. Leonard
United States Magistrate Judge

IT IS SO STIPULATED, through counsel of record.

DATED: September 13, 2024

Respectfully submitted,

For the Defendants:

For the Plaintiffs:

/s/ *Christina Guerola Sarchio*
Christina Guerola Sarchio (Bar No. 87166)
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com

George G. Gordon *(admitted pro hac vice)*
Julia E. Chapman *(admitted pro hac vice)*
Katherine E. Unger Davis *(admitted pro hac vice)*
Victoria B. King *(admitted pro hac vice)*
Katherine A. Helm *(admitted pro hac vice)*
Forrest E. Lovett *(admitted pro hac vice)*
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104

/s/ *William H. Monroe, Jr.*
William H. Monroe, Jr. (VSB No. 27441)
Marc C. Greco (VSB No. 41496)
Kip A. Harbison (VSB No. 38648)
Michael A. Glasser (VSB No. 17651)
**GLASSER AND GLASSER, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, VA 23510
Tel: (757) 625-6787
Fax: (757) 625-5959
bill@glasserlaw.com
marcg@glasserlaw.com
kip@glasserlaw.com
michael@glasserlaw.com

Thomas M. Sobol (admitted *pro hac vice*)
Hannah W. Brennan (admitted *pro hac vice*)
Abbye R. K. Ognibene (admitted *pro hac vice*)
Whitney E. Street (admitted *pro hac vice*)
Hannah Schwarzschild (admitted *pro hac vice*)
Rebekah Glickman-Simon (admitted *pro hac vice*)
Kristen A. Johnson (admitted *pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**

6

Tel.: (215) 994 4000
Fax: (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
Katherine.ungerdavis@dechert.com
victoria.king@dechert.com
khelm@dechert.com
forrest.lovett@dechert.com

Kyle S. Kushner (Bar No. 90112)
**LAWRENCE LAW, LLC**
The Warehouse at Camden Yards
323 West Camden Street, Suite 700
Baltimore, Maryland 21201
Tel.: (667) 400-6301
Fax: (410) 837-6995
kyle@lawrencelawll.com

*Counsel for Defendants Johnson &
Johnson and Janssen Biotech, Inc.*

One Faneuil Hall Square, 5th Floor
Boston, MA 02109
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
hannahb@hbsslaw.com
abbyeo@hbsslaw.com
whitneyst@hbsslaw.com
hannahs@hbsslaw.com
rebekahgs@hbsslaw.com
kristenj@hbsslaw.com

Peter D. St. Phillip (admitted *pro hac vice*)
Uriel Rabinovitz (admitted *pro hac vice*)
Raymond Girnys (admitted *pro hac vice*)
Charles Kopel (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: 914.997.0500
PStPhillip@lowey.com
URabinovitz@lowey.com
Rgirnys@lowey.com
Ckopel@lowey.com

John Radice (admitted *pro hac vice*)
April Lambert (admitted *pro hac vice*)
Kenneth Pickle (admitted *pro hac vice*)
**RADICE LAW FIRM, P.C.**
475 Wall Street
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
jradice@radicelawfirm.com
alambert@radicelawfirm.com
kpickle@radicelawfirm.com

*Counsel for Plaintiffs CareFirst of Maryland, Inc.,
Group Hospitalization and Medical Services, Inc.,
and CareFirst BlueChoice, Inc., and CFA, LLC.*

7