**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| CAREFIRST OF MARYLAND, INC., GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., CAREFIRST BLUECHOICE, INC., and CFA, LLC d/b/a CAREFIRST ADMINISTRATORS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,<br><br>Defendants. | Case No. 2:23-cv-00629-JKW-LRL |

**ORDER**

Before the Court is Plaintiffs CareFirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., and CareFirst BlueChoice, Inc.'s (collectively "Plaintiffs") Motion for Leave to File Under Seal Portions of Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Leave to File Third Amended Class Action Complaint (ECF No. 338) and J&J's Response to Plaintiffs' Motion to Seal. Having considered Plaintiffs' Motion to Seal and J&J's Response, and having determined that this action involves allegations requiring the disclosure of commercially sensitive information, the Court makes the following findings of fact and conclusions of law.

1. This is an antitrust case that requires discovery of documents deemed by Plaintiffs and Defendants to be highly sensitive competitive materials, including confidential commercially sensitive information.

2. On April 30, 2025 Plaintiffs filed their Motion to Seal. ECF No. 338. Along with the motion to seal, Plaintiffs filed a proposed order (ECF No. 338-1), a Memorandum in Support of the Motion to Seal (ECF No. 340), and a Notice of their Motion to Seal (ECF No. 339) on the public docket. On May 7, 2025, J&J filed their Response to the Motion to Seal, Declaration of Amanda K. Antons in support of their response, and a proposed order.

3. As set out in J&J's Response, Plaintiffs' Memorandum in Support of Plaintiffs' Motion to File Third Amended Complaint and Exhibits 1-5, and 7, which were filed by Plaintiffs with their motion to amend are documents and/or excerpts of testimony containing J&J's confidential commercially sensitive and nonpublic information.

4. There are three requirements for sealing court filings: "(1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing." *E.I. du Pont de Nemours & Co. v. Agfa NV*, No. 218CV00326HCMRJK, 2019 WL 13443144, at *2 (E.D. Va. June 7, 2019) (internal citations omitted).

5. Plaintiffs have met the public notice requirement by filing a separate Notice of the Motion to Seal for docketing. ECF No. 339. Public notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984), cited in *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000), 218 F.3d at 288.

6. Exhibits 1-4 and 7 contain both confidential and non-confidential information. The confidential information concerns J&J's commercially sensitive and nonpublic information. The parties have proposed redactions in each of these exhibits to protect the confidentiality of protected information, while permitting the non-confidential content of

the Exhibits to be unsealed. The parties' redactions minimize the amount of information placed under seal.

7. Plaintiffs' Memorandum in Support of Their Motion for Leave to File Third Amended Class Action Complaint (ECF No. 337) includes partial redactions limited to confidential information. The memorandum includes citations to and excerpts from the Exhibits at issue and contains confidential commercially sensitive and nonpublic information concerning J&J's analyses, strategies, and internal processes for J&J's business practices concerning IP, product development, and patent prosecution. Plaintiffs' redactions minimize the amount of information placed under seal.

8. Exhibit 5 contains confidential information. The confidential information concerns J&J's commercially sensitive and nonpublic information. J&J's selected document minimizes the amount of information placed under seal.

9. There are no less drastic alternatives than filing the redacted portions of Exhibits 1-4 and 7 and the Memorandum in Support of Plaintiffs' Motion to Amend and filing under seal Exhibit 5 that appropriately enable the parties to argue their positions and to preserve the confidential nature of the materials.

10. The third *Ashcraft* consideration is satisfied by the findings of fact and law in this proposed order.

11. Plaintiffs have filed sealed copies of the Confidential Materials and sent unredacted copies of the Confidential Materials to J&J and to the Court.

12. By filing narrowly redacted public pleadings and limiting sealed documents with Confidential Materials, the parties have made reasonable efforts to limit the materials sealed for the related motion in compliance with the law of this Circuit.

Case 2:23-cv-00629-JKW-LRL Document 363-6 Filed 05/07/25 Page 4 of 4 PageID# 12259

THEREFORE, Plaintiffs' Motion to Seal is GRANTED and it is ORDERED that:

The Clerk is directed to maintain under seal portions of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Amend and Exhibits 1-4, and 7 to Plaintiffs' Declaration in Support of Plaintiffs' Motion to Amend. The Clerk is further directed to maintain under seal Exhibit 5 to Plaintiffs' Declaration in Support of Plaintiffs' Motion to Amend.

The sealed materials shall remain sealed until forty-five (45) days after the final resolution of this matter and then be returned to counsel or destroyed.

DATED: 5-28-25

Lawrence R. Leonard,
United States Magistrate Judge