# EXHIBIT 12

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| CAREFIRST OF MARYLAND, INC., GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., CAREFIRST BLUECHOICE, INC., and CFA, LLC d/b/a CAREFIRST ADMINISTRATORS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.<br><br>    Defendants. | Civil Action No. 2:23-CV-00629<br><br>District Judge Jamar K. Walker<br><br>Magistrate Judge Lawrence R.<br><br>Leonard |

**JOHNSON & JOHNSON AND JANSSEN BIOTECH, INC.'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendants Johnson & Johnson and Janssen Biotech, Inc. (collectively, "J&J"), by and through their attorneys, hereby object and respond to CareFirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., and CareFirst BlueChoice, Inc., (collectively, "Plaintiffs") Second Set of Requests for Admission, (the "Requests") served by Plaintiffs in the above-captioned matter on December 16, 2024.

**GENERAL OBJECTIONS**

The following general objections ("General Objections") apply to the Requests generally, as well as to the Definitions and Instructions thereof, and are incorporated into J&J's Specific Responses to each Request. J&J's response to any Request is not and shall not be deemed a waiver of J&J's General Objections.

1.    J&J objects to the Definitions and Instructions provided in the Requests to the extent that they impose duties or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court of the Eastern District of Virginia, and/or the applicable case law of this jurisdiction (the "Applicable Rules"). Subject to and without waiving any of J&J's General or Specific Objections, J&J will construe the Requests, including the Definitions and Instructions therein, in accordance with the Applicable Rules.

2.    J&J objects to the Requests to the extent they seek discovery of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common-interest or joint-defense privilege, the privilege accorded to subsequent remedial measures, privilege from disclosure of communications with litigation consultants and insurers to the extent recognized by applicable law, or any other applicable privilege, protection, or immunity (as used hereafter, the term "privilege" refers to any of the foregoing privileges, protections, or immunities), or that otherwise are exempted from disclosure. J&J hereby claims such privileges and protections to the extent implicated by each Request. Further, J&J's disclosure of information protected by any privilege or protection shall not be deemed a waiver of that privilege or protection. Any disclosure of any such privileged or protected information in response to the Requests is inadvertent and not intended to waive those privileges and protections.

3.    J&J further objects to the Requests to the extent they call for information that is protected from disclosure by other legal requirements or restrictions, purport to require the production of proprietary business information or other private, personal, confidential, strategic or competitively sensitive information, including without limitation, trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant or personal to J&J, its affiliates and its respective employees and/or clients, customers or counterparties, or that

constitutes information that is subject to other protective orders, nondisclosure agreements or other confidentiality undertakings. To the extent J&J provides information in response to the Requests, J&J will do so only pursuant and subject to the terms and conditions of the Protective Order in this Action.

4.     J&J objects to the Requests to the extent they are vague and ambiguous, overly broad, not proportional to the needs of the case, unduly burdensome, lacking in particularity, unreasonable, or seek discovery of information that is neither relevant to the claims or defenses of any party to this Action nor reasonably calculated to lead to the discovery of admissible evidence.

5.     J&J reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any proceeding in or trial of this or any other action of any document, thing, or response produced or provided in response to the Requests.

6.     J&J objects to the Requests to the extent they are duplicative or cumulative and seek information that may be obtained from other sources or through other means of discovery that are more efficient or less burdensome.

7.     J&J objects to the Requests to the extent that they improperly call for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

8.    J&J objects to the Requests to the extent that they are misleading and prejudicial.

9.    J&J objects to the Requests to the extent they variously use "Stelara" and "Stelara (ustekinumab)" without explaining this inconsistency or what difference, if any, Plaintiffs attach to the use of one term or the other.

10.    J&J's Responses to the Requests are made reserving and without waiver of the right at any time to review, correct, add to, supplement, or clarify any of the Responses or Objections made herein.

11.    J&J's Objections and Responses are based upon its understanding of the Requests and the specific language employed by the Plaintiffs. To the extent it may later be determined that any of the Requests were meant to be construed in a manner different from J&J's interpretation at the time of service of these Requests, J&J reserves the right to amend its Responses.

12.    J&J objects to the Requests to the extent they call for admissions or denials as to information that occurred outside of the January 1, 2021 to February 5, 2024 time period.

13.    J&J denies any Request not expressly admitted below.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    J&J objects to the Definitions and Instructions and any directions, definitions, or instructions contained in the Requests to the extent that they alter the generally understood definitions under the Federal Rules or seek to impose on J&J's obligations beyond those required by the Applicable Rules.

2.    J&J objects to the Definition of "Prior Art" to the extent that the Definition improperly calls for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d

4

623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

3.     Except for those facts expressly admitted herein, no admissions of any nature whatsoever are implied or may be inferred.

4.     J&J objects to the Requests, including the Definitions and Instructions, to the extent that they are overbroad or unduly burdensome, or not relevant to any party's claim or defense and not proportional to the needs of the case because they are not limited to events or issues related to Plaintiff's claims.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Objections, which apply to each Request as if set forth fully with each specific response and objection below, J&J submits the following Specific Responses and Objections. A Specific Objection may repeat a General Objection for emphasis or if it is believed to be particularly applicable to that Request. The omission of any General Objection in any Specific Objection is not intended to and does not constitute a waiver or limitation of any other objection's application to that Request. Moreover, the absence of a Specific Objection to a Request is not an admission that information responsive to that Request exists or that that Request is appropriate.

## I.    REQUESTS FOR ADMISSION

### A.    The Parties

### REQUEST FOR ADMISSION NO. 44

Admit that Johnson & Johnson is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.

### OBJECTION AND RESPONSE TO REQUEST NO. 44

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Johnson & Johnson is incorporated in New Jersey and that Johnson and Johnson's principal executive offices are located at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.

### REQUEST FOR ADMISSION NO. 45

Admit that Janssen Biotech, Inc. is a corporation organized and existing in Pennsylvania, with a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

### OBJECTION AND RESPONSE TO REQUEST NO. 45

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Janssen Biotech, Inc. is incorporated in Pennsylvania and that its headquarters are located at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

**REQUEST FOR ADMISSION NO. 46**

Admit that Janssen Biotech, Inc. is now known as Johnson & Johnson Innovative Medicine.

**OBJECTION AND RESPONSE TO REQUEST NO. 46**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Janssen Biotech, Inc. is now known as Johnson & Johnson Innovative Medicine.

**REQUEST FOR ADMISSION NO. 47**

Admit that Janssen Biotech, Inc., now Johnson & Johnson Innovative Medicine, is a wholly owned subsidiary of Johnson & Johnson.

**OBJECTION AND RESPONSE TO REQUEST NO. 47**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Janssen Biotech, Inc., now Johnson & Johnson Innovative Medicine, is a wholly owned subsidiary of Johnson & Johnson.

**REQUEST FOR ADMISSION NO. 48**

Admit that Johnson & Johnson is the parent company of Janssen Biotech, Inc.

**OBJECTION AND RESPONSE TO REQUEST NO. 48**

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor

7

deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits only that Janssen Biotech, Inc. is a wholly owned subsidiary of Johnson & Johnson.

## REQUEST FOR ADMISSION NO. 49

Admit that Momenta Pharmaceuticals, Inc. is now a subsidiary of Johnson & Johnson.

## OBJECTION AND RESPONSE TO REQUEST NO. 49

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Momenta Pharmaceuticals, Inc. is a subsidiary of Johnson & Johnson.

## REQUEST FOR ADMISSION NO. 50

Admit that J&J manufactured, sold, and shipped Stelara in the United States during the proposed class period, which included sales of Stelara in Virginia, advertisements of Stelara in media in Virginia, monitoring prescriptions of Stelara by prescribers within Virginia, and employment of product detailers in Virginia, who marketed Stelara to prescribers in Virginia.

## OBJECTION AND RESPONSE TO REQUEST NO. 50

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that it manufactured, sold, and shipped Stelara in the United States during the class period, which included sales of Stelara in Virginia, advertisements of Stelara in media in Virginia, monitoring prescriptions of Stelara by prescribers within Virginia, and employment of product detailers in Virginia, who marketed Stelara to prescribers in Virginia.

**REQUEST FOR ADMISSION NO. 51**

Admit that this Court has subject matter jurisdiction in this case.

**OBJECTION AND RESPONSE TO REQUEST NO. 51**

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx.169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

**REQUEST FOR ADMISSION NO. 52**

Admit that this Court has personal jurisdiction over the defendant Johnson & Johnson and the defendant Janssen Biotech, Inc., now known as Johnson & Johnson Innovative Medicine.

**OBJECTION AND RESPONSE TO REQUEST NO. 52**

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164

F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects that this Request is compound as it contains more than one Request for Admission.

**B.      Risks Related to Product Development, Market Success, and Competition**

**REQUEST FOR ADMISSION NO. 53**

Admit that J&J sees as among the risks the company faces "the impact of patent expirations, typically followed by the introduction of competing generic, biosimilar or other products and resulting revenue and market share losses."

**OBJECTION AND RESPONSE TO REQUEST NO. 53**

J&J incorporates by reference its General Objections.  J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits only that the quoted excerpt appears in J&J's Annual Report.  By way of further response, J&J states that the document is in writing and speaks for itself.  J&J denies the remainder of the Request.

10

## REQUEST FOR ADMISSION NO. 54

Admit that J&J sees as among the risks the company faces the "increasingly aggressive and frequent challenges to J&J patents by competitors and others seeking to launch competing generic, biosimilar or other products."

## OBJECTION AND RESPONSE TO REQUEST NO. 54

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits only that the quoted excerpt appears in J&J's Annual Report.  By way of further response, J&J states that the document is in writing and speaks for itself.  J&J denies the remainder of the Request.

## REQUEST FOR ADMISSION NO. 55

Admit that J&J sees as among the risks the company faces, "increased receptivity of courts, the United States Patent and Trademark Office, and other decision makers to challenges of J&J patents, potentially resulting in loss of market exclusivity and rapid decline in sales for the relevant product sooner than expected."

## OBJECTION AND RESPONSE TO REQUEST NO. 55

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J

11

further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits only that the reference to "increased receptivity of courts, the United States Patent and Trademark Office and other decision makers to such challenges, potentially resulting in loss of market exclusivity and rapid decline in sales for the relevant product sooner than expected" appears in J&J's Annual Report. By way of further response, J&J states that Plaintiffs' quoted excerpt is not an accurate reflection of the precise language used in J&J's annual report. By way of further response, J&J states that the document is in writing and speaks for itself. J&J denies the remainder of the Request.

## REQUEST FOR ADMISSION NO. 56

Admit that J&J sees as among the risks the company faces that in "the event the Company is not successful in defending the patent claims challenged in . . . lawsuits, generic or biosimilar versions of the products at issue will be introduced to the market, [the] result[] [is] the potential for substantial market share and revenue losses for those products . . . ."

## OBJECTION AND RESPONSE TO REQUEST NO. 56

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits only that the quoted excerpt appears in J&J's Annual Report. By way

12

of further response, J&J states that the document is in writing and speaks for itself.  J&J denies the remainder of the Request.

## C.    Stelara

### REQUEST FOR ADMISSION NO. 57

Admit that Stelara is a product that is a "fully human monoclonal antibody that selectively targets the cytokines interleukin-12 (IL-12) and interleukin-23 (IL-23)."

### OBJECTION AND RESPONSE TO REQUEST NO. 57

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Stelara comprises a human IgG1k monoclonal antibody that binds with specificity to the p40 protein subunit used by both the interleukin (IL)-12 and IL-23 cytokines.

### REQUEST FOR ADMISSION NO. 58

Admit that ustekinumab is the active ingredient in Stelara.

### OBJECTION AND RESPONSE TO REQUEST NO. 58

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the phrase "active ingredient" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that ustekinumab is the active ingredient in Stelara.

13

**REQUEST FOR ADMISSION NO. 59**

Admit that on or about September 25, 2009, the FDA approved J&J's Biologic License Application (BLA) No. 125261 to market and sell ustekinumab, under the brand name Stelara, to treat adults with moderate to severe plaque psoriasis ("PSO") "who are candidates for phototherapy or systemic therapy."

**OBJECTION AND RESPONSE TO REQUEST NO. 59**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the FDA approved the Biologic License Application for Stelara, No. 125261, on September 25, 2009 to treat adult patients with moderate to severe plaque psoriasis who are candidates for phototherapy or systemic therapy.

**REQUEST FOR ADMISSION NO. 60**

Admit that, shortly thereafter, J&J began selling Stelara in the United States.

**OBJECTION AND RESPONSE TO REQUEST NO. 60**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the phrase "shortly thereafter" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

14

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that it began selling Stelara in the United States following the approval of the Biologic License Application for Stelara.

**REQUEST FOR ADMISSION NO. 61**

Admit that on or about September 20, 2013, the FDA approved Stelara to treat active psoriatic arthritis ("PSA") in adults.

**OBJECTION AND RESPONSE TO REQUEST NO. 61**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that on or about September 20, 2013, the FDA approved Stelara to treat active psoriatic arthritis in adults.

**REQUEST FOR ADMISSION NO. 62**

Admit that on or about September 23, 2016, the FDA approved Stelara to treat moderately to severely active Crohn's Disease ("CD").

**OBJECTION AND RESPONSE TO REQUEST NO. 62**

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that on or about September 23, 2016, the FDA approved Stelara to treat moderately to severely active Crohn's Disease.

**REQUEST FOR ADMISSION NO. 63**

Admit that on or about October 18, 2019, the FDA approved Stelara for the treatment of adult patients with moderately to severely active ulcerative colitis ("UC").

15

**OBJECTION AND RESPONSE TO REQUEST NO. 63**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that on or about October 18, 2019, the FDA approved Stelara to treat adult patients with moderately to severely active ulcerative colitis.

**REQUEST FOR ADMISSION NO. 64**

Admit that Stelara (ustekinumab), is now approved in the U.S. as a treatment for PSO, PSA, CD and UC.

**OBJECTION AND RESPONSE TO REQUEST NO. 64**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is duplicative of previous Requests. Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Stelara is approved in the United States and indicated as a treatment for psoriatic arthritis, plaque psoriasis, Crohn's disease, and ulcerative colitis.

**REQUEST FOR ADMISSION NO. 65**

Admit that J&J sells Stelara directly to wholesalers or specialty distributors who, in turn, sell to specialty pharmacies, hospitals, health care providers, and infusion therapy providers who, then, provide it to patients who typically pay with insurance.

**OBJECTION AND RESPONSE TO REQUEST NO. 65**

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that the phrases and terms "wholesalers," "specialty distributors," "specialty pharmacies," "health care providers," "infusion therapy providers," and "typically" are

16

vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that it calls for information regarding the business practices of numerous entities other than J&J.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that J&J sells Stelara to distributors or wholesalers, which then distribute to various types of pharmacies, hospitals, and providers, possibly among others, which then provide Stelara to patients, and that many patients are covered by insurance.

**REQUEST FOR ADMISSION NO. 66**

Admit that pharmaceutical benefit managers largely control access to Stelara and other drugs using lists called "formularies."

**OBJECTION AND RESPONSE TO REQUEST NO. 66**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the phrases "largely control access" and "other drugs" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that pharmaceutical benefit managers develop and maintain lists called "formularies" that may be used to determine whether or not a patient's insurance plan will cover some or all of the costs of a pharmaceutical product and that pharmaceutical manufacturers compete for formulary placement by, among other things, offering pharmaceutical benefit managers  rebates that lower the cost of prescription drug products.  J&J denies the remainder of this Request.

17

## REQUEST FOR ADMISSION NO. 67

Admit that formularies classify covered drugs into tiers and determine whether and when the drugs will be reimbursed by payors, and at what rates.

## OBJECTION AND RESPONSE TO REQUEST NO. 67

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that some formularies group covered drugs into tiers and that some payors use formularies to dictate whether and at what rates they will cover some or all of the costs of such drugs.

## REQUEST FOR ADMISSION NO. 68

Admit that approximately 85 percent of Stelara sales volume is through commercial insurance plans.

## OBJECTION AND RESPONSE TO REQUEST NO. 68

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the phrases "largely control access," "other drugs" and "commercial insurance plans" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that the request provides no temporal or geographical constraints, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, denied.

**D.    Stelara U.S. Sales**

**REQUEST FOR ADMISSION NO. 69**

Admit that for fiscal year 2019 Stelara (ustekinumab) U.S. sales were approximately $4.3 billion which accounted for approximately 7.8% of Johnson & Johnson's total revenues.

**OBJECTION AND RESPONSE TO REQUEST NO. 69**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 70**

Admit that for fiscal year 2020 Stelara (ustekinumab) U.S. sales were approximately $5.2 billion which accounted for approximately 9.3% of Johnson & Johnson's total revenues.

**OBJECTION AND RESPONSE TO REQUEST NO. 70**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 71**

Admit that for fiscal year 2021 Stelara (ustekinumab) U.S. sales were approximately $5.9 billion which accounted for approximately 9.7% of Johnson & Johnson's total revenues.

**OBJECTION AND RESPONSE TO REQUEST NO. 71**

J&J incorporates by reference its General Objections.

19

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 72**

Admit that for fiscal year 2022 Stelara (ustekinumab) U.S. sales were approximately $6.4 billion. which accounted for approximately 10.2% of Johnson & Johnson's total revenues.

**OBJECTION AND RESPONSE TO REQUEST NO. 72**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 73**

Admit that for fiscal 2023, Stelara (ustekinumab) U.S. sales were approximately $7.0 billion and accounted for approximately 12.8% of Johnson & Johnson's total revenues.

**OBJECTION AND RESPONSE TO REQUEST NO. 73**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 74**

Admit that for the first three quarters of fiscal 2024 Stelara (ustekinumab) U.S. sales were approximately $5.0 billion.

**OBJECTION AND RESPONSE TO REQUEST NO. 74**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 75

Admit that for each fiscal year starting at least 2019 through 2023, Stelara (ustekinumab) was Johnson & Johnson's largest selling product.

## OBJECTION AND RESPONSE TO REQUEST NO. 75

J&J incorporates by reference its General Objections. J&J further objects to this request on the grounds that the phrase "largest selling product" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that the phrasing "Stelara (ustekinumab)" is vague and ambiguous.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Stelara was Johnson & Johnson's largest product from 2019 to 2023.

## REQUEST FOR ADMISSION NO. 76

Admit that, in 2021, Stelara was Janssen's most successful pharmaceutical product. Its worldwide revenues accounted for 17.5 percent of Janssen's total worldwide revenues for the fiscal year 2021.

## OBJECTION AND RESPONSE TO REQUEST NO. 76

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the phrase "most successful" is vague, ambiguous, overbroad, undefined, and

21

therefore the Request cannot be answered with a simple "admit" or "deny" response. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Stelara was Janssen's largest pharmaceutical product and accounted for approximately 17.5% of Jannsen's total revenues for fiscal 2021.

## REQUEST FOR ADMISSION NO. 77

Admit that, in 2021, Stelara was also Johnson & Johnson's most successful product, accounting for approximately 9.7 percent of J&J's total worldwide revenues for the fiscal year 2021.

## OBJECTION AND RESPONSE TO REQUEST NO. 77

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the phrase "most successful product" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Stelara was Johnson & Johnson's largest product and accounted for approximately 9.7% of the Company's total revenues for fiscal 2021. J&J denies the remainder of this Request.

22

E.    **J&J Statements Regarding Stelara Patents**

**REQUEST FOR ADMISSION NO. 78**

Admit that for each fiscal year starting at least 2019 through 2023, according to J&J, the "latest expiring United States patent for Stelara (ustekinumab) was to expire in September 2023."

**OBJECTION AND RESPONSE TO REQUEST NO. 78**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the excerpt quoted in Plaintiffs' Request appears in J&J's Annual Reports for the fiscal years 2019-2023.[1]  By way of further response, J&J states that the documents are in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 79**

Admit that for each fiscal year starting at least 2019 through 2023, according to J&J, "the expiration of this product patent or loss of market exclusivity would result in a reduction in Stelara sales."

**OBJECTION AND RESPONSE TO REQUEST NO. 79**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of

---

[1]Johnson & Johnson, Annual Report (Form 10-K) at 25 (Feb. 17, 2022); Johnson & Johnson, Annual Report (Form 10-K) at 25 (Feb. 16, 2023).

context, using undefined terms, without reference or citation to the source of that language. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that J&J's 2022 Annual Report (Form 10-K) states that "[t]he latest expiring United States patent for STELARA (ustekinumab) will expire in September 2023. STELARA (ustekinumab) U.S. sales in fiscal 2022 were approximately $6.4 billion and the expiration of this product patent or loss of market exclusivity will result in a reduction in sales."[2] By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 80

Admit that for each fiscal year starting at least 2019 through 2023, the patents related to Stelara were material to J&J.

## OBJECTION AND RESPONSE TO REQUEST NO. 80

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the term "material" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal

---

[2]Johnson & Johnson, Annual Report (Form 10-K) at 25 (Feb. 17, 2022).

conclusion."). J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that the Request calls for a legal conclusion and therefore neither admits nor denies the Request.

**REQUEST FOR ADMISSION NO. 81**

Admit that as of fiscal year 2019, (a) there was only one set of granted patents related specifically to Stelara, that (b) this set of patents was owned by Janssen, and (c) that the latest projected expiration date for patents in this set was 2023 due to patent term extension and adjustment.

**OBJECTION AND RESPONSE TO REQUEST NO. 81**

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that the phrases "one set of granted patents" and "related specifically to Stelara" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for multiple legal conclusions. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

25

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that U.S. Patent No. 6,902,734 is assigned to Janssen Biotech Inc. and U.S. Patent No. 6,902,734 expired in September 2023. J&J neither admits nor denies the remaining portion of the Request.

**F.      Literature Regarding the Use of Ustekinumab**

**REQUEST FOR ADMISSION NO. 82**

Admit that JNJ-STELARA_001829848, which is a copy of a publication entitled *Superheroes in Autoimmune Warfare: Biologic Therapies in Current South African Practice,* (a) is a true and genuine copy of the original publication and (b) was published on or about November 2014 in the South African Medical Journal.

**OBJECTION AND RESPONSE TO REQUEST NO. 82**

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding information that is not in the possession, custody, or control of J&J. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_001829848 bears the title *Superheroes in Autoimmune Warfare: Biologic Therapies in Current South African Practice* on the face of the document and indicates a date of 2014 in the South African Medical Journal. By way of further response, J&J states that the document is in writing and speaks for itself. Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

26

## REQUEST FOR ADMISSION NO. 83

Admit that JNJ-STELARA_001829858, which is a copy of a publication entitled *Ustekinumab Treatment in Refractory Inflammatory Bowel Disease,* (a) is a true and genuine copy of the original publication and (b) was published in or about 2017 (Volume 24, Issue Suppl in the European Journal of Hospital Pharmacy.

## OBJECTION AND RESPONSE TO REQUEST NO. 83

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding information that is not in the possession, custody, or control of J&J. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_001829858 bears the title *Ustekinumab Treatment in Refractory Inflammatory Bowel Disease* on the face of the document and indicates a date of 2017 in Volume 24, Issue Suppl in the European Journal of Hospital Pharmacy.  By way of further response, J&J states that the document is in writing and speaks for itself.  Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

## REQUEST FOR ADMISSION NO. 84

Admit that JNJ-STELARA_001830596, which is a copy of a publication entitled *Issues for Consideration- Ustekinumab (Stelara) – NCBI Bookshelf,* (a) is a true and genuine copy of the original publication and (b) was published on or about April 2017 in the Canadian Agency for Drugs and Technologies in Health.

27

**OBJECTION AND RESPONSE TO REQUEST NO. 84**

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding information that is not in the possession, custody, or control of J&J. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_001830596 bears the title *Issues for Consideration- Ustekinumab (Stelara) – NCBI Bookshelf* on the face of the document and indicates a date of April 2017 in the Canadian Agency for Drugs and Technologies in Health. By way of further response, J&J states that the document is in writing and speaks for itself. Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

**REQUEST FOR ADMISSION NO. 85**

Admit that JNJ-STELARA_001822439, which is a copy of a publication entitled *Paradoxical ulcerative colitis during adalimumab treatment of psoriasis resolved by switch to ustekinumab*, (a) is a true and genuine copy of the original publication and (b) was published on or about 2017 in the British Journal of Dermatology.

**OBJECTION AND RESPONSE TO REQUEST NO. 85**

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding information that is not in the possession, custody, or control of J&J. J&J further objects that this Request is compound as it contains more than one Request for Admission.

28

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_001822439 bears the title *Paradoxical ulcerative colitis during adalimumab treatment of psoriasis resolved by switch to ustekinumab* on the face of the document and indicates a date of 2017 in the British Journal of Dermatology.  By way of further response, J&J states that the document is in writing and speaks for itself.  Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

**REQUEST FOR ADMISSION NO. 86**

Admit that JNJ-STELARA_001822449, which is a copy of a publication entitled Clinical Outcomes with Ustekinumab as Recue Treatment in Therapy-Refractory or -Intolerant Ulcerative Colitis: Real Worl Experience in a Large Single Center Cohort, (a) is a true and genuine copy of the original publication and (b) was published in 2018 and was presented at the Digestive Disease Week conference in June 2018.

**OBJECTION AND RESPONSE TO REQUEST NO. 86**

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding information that is not in the possession, custody, or control of J&J. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_001822449 bears the title *Clinical Outcomes with Ustekinumab as Recue Treatment in Therapy-Refractory or -Intolerant Ulcerative Colitis: Real Worl Experience in a Large Single Center Cohort* on the face of the document and indicates a date of June 2018.  By way of further response, J&J states that the document is in writing and speaks

29

for itself.  Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

## REQUEST FOR ADMISSION NO. 87

Admit that JNJ-STELARA_001831063, which is a copy of a publication entitled *P 759 Ustekinumab as Rescue Treatment in Therapy-Refractory or -Intolerant Ulcerative Colitis,* (a) is a true and genuine copy of the original publication and (b) was published in or about January 2018 in the Journal of Crohn's and Colitis and was presented at the European Crohn's and Colitis Organisation conference in February 2018.

## OBJECTION AND RESPONSE TO REQUEST NO. 87

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding information that is not in the possession, custody, or control of J&J. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_001831063 bears the title *P 759 Ustekinumab as Rescue Treatment in Therapy-Refractory or -Intolerant Ulcerative Colitis* on the face of the document and indicates a date of January 2018 in the Journal of Crohn's and Colitis.  By way of further response, J&J states that the document is in writing and speaks for itself.  Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

## REQUEST FOR ADMISSION NO. 88

Admit that JNJ-STELARA_003286102, which is a copy of a publication entitled *Successful Treatment with Ustekinumab for Chronic Refractory Pouchitis,* (a) is a true and genuine

30

copy of the original publication and (b) was published on or about February 11, 2017, in the Journal of Crohn's and Colitis.

**OBJECTION AND RESPONSE TO REQUEST NO. 88**

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding information that is not in the possession, custody, or control of J&J. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_003286102 bears the title *Successful Treatment with Ustekinumab for Chronic Refractory Pouchitis* on the face of the document and indicates a date of February 11, 2017 in the Journal of Crohn's and Colitis.  By way of further response, J&J states that the document is in writing and speaks for itself.  Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

**G.      The '307 Patent**

**REQUEST FOR ADMISSION NO. 89**

Admit for the attached Exhibit 1, which is a copy of U.S. patent application number 62/735,501 entitled *Safe and Effective Method of Treating Ulcerative Colitis with Anti-IL 12/IL23 Antibody,* that (a) it is a true and genuine copy of the official U.S. patent application number 62/735,501, and (b) that it is an official record of the U.S. PTO.

**OBJECTION AND RESPONSE TO REQUEST NO. 89**

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed.

31

Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the document attached as Exhibit 1 bears the U.S. patent application number 62/735,501 and is entitled *Safe and Effective Method of Treating Ulcerative Colitis with Anti-IL 12/IL23 Antibody* on the face of the document. By way of further response, J&J states that the document is in writing and speaks for itself. Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

## REQUEST FOR ADMISSION NO. 90

Admit for the attached Exhibit 2, which is a copy of U.S. patent application number 62/769,818 entitled *Safe and Effective Method of Treating Ulcerative Colitis with Anti- IL 12/IL23 Antibody*, that (a) it is a true and genuine copy of the official U.S. patent application number 62/769,818, and (b) that it is an official record of the U.S. PTO.

## OBJECTION AND RESPONSE TO REQUEST NO. 90

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164

F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the document attached as Exhibit 2 bears the U.S. patent application number 62/769,818 and is entitled *Safe and Effective Method of Treating Ulcerative Colitis with Anti- IL 12/IL23 Antibody* on the face of the document. By way of further response, J&J states that the document is in writing and speaks for itself. Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

## REQUEST FOR ADMISSION NO. 91

Admit for the attached Exhibit 3, which is a copy of certified file wrapper for U.S. patent application number 16/580,509, that (a) it is a true and genuine copy of the official certified file wrapper for U.S. patent application number 16/580,509, and (b) that it is an official record of the U.S. PTO.

## OBJECTION AND RESPONSE TO REQUEST NO. 91

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor

33

deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 92

Admit for the attached Exhibit 4, which is a copy of U.S. patent application number 62/895,774 entitled *Safe and Effective Method of Treating Ulcerative Colitis with Anti-IL 12/IL23 Antibody,* that (a) it is a true and genuine copy of the official U.S. patent application number 62/895,774, and (b) that it is an official record of the U.S. PTO.

## OBJECTION AND RESPONSE TO REQUEST NO. 92

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects that this Request is compound as it contains more than one Request for Admission.

34

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the document attached as Exhibit 4 bears the U.S. patent application number 62/895,774 and is entitled *Safe and Effective Method of Treating Ulcerative Colitis with Anti-IL 12/IL23 Antibody* on the face of the document.  By way of further response, J&J states that the document is in writing and speaks for itself.  Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

## REQUEST FOR ADMISSION NO. 93

Admit that prior to March 30, 2021, Omoniyi Adedokun was shown, had in his custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

## OBJECTION AND RESPONSE TO REQUEST NO. 93

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Omoniyi Adedokun had in his custodian file any copies of the one

35

or more pieces of the Prior Art and J&J further denies that Omoniyi Adedokun had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

**REQUEST FOR ADMISSION NO. 94**

Admit that prior to March 30, 2021, Brian Carey was shown, had in his custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

**OBJECTION AND RESPONSE TO REQUEST NO. 94**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because Mr. Carey's knowledge of any purported "Prior Art" is irrelevant to any claim in this action.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Brian Carey possessed a duty of candor to the USPTO. By way of further response, J&J denies Brian Carey had in his custodian file any copies of the one or more pieces of the Prior Art and J&J further denies that Brian Carey that Brian Carey had the requisite

36

knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

**REQUEST FOR ADMISSION NO. 95**

Admit that prior to March 30, 2021, Eric Dichter was shown, had in his custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

**OBJECTION AND RESPONSE TO REQUEST NO. 95**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Eric Dichter had in his custodian file any copies of the one or more pieces of the Prior Art and J&J further denies that Eric Dichter had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

**REQUEST FOR ADMISSION NO. 96**

Admit that prior to March 30, 2021, Ian Harris was shown, had in his custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

37

**OBJECTION AND RESPONSE TO REQUEST NO. 96**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Ian Harris possessed a duty of candor to the USPTO. By way of further response, J&J denies that Ian Harris had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim. J&J lacks information sufficient to admit or deny that Ian Harris had copies of the one or more pieces of the Prior Art in his custodian file.

**REQUEST FOR ADMISSION NO. 97**

Admit that prior to March 30, 2021, Colleen Marano was shown, had in her custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

**OBJECTION AND RESPONSE TO REQUEST NO. 97**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple

38

"admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Colleen Marano had in her custodian file any copies of the one or more pieces of the Prior Art and J&J further denies that Colleen Marano had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

**REQUEST FOR ADMISSION NO. 98**

Admit that prior to March 30, 2021, Jewel Johanns was shown, had in his custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

**OBJECTION AND RESPONSE TO REQUEST NO. 98**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions);

*CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Jewel Johans had in her custodian file any copies of the one or more pieces of the Prior Art and J&J further denies that Jewel Johans had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

## REQUEST FOR ADMISSION NO. 99

Admit that prior to March 30, 2021, Katherine Li was shown, had in her custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

## OBJECTION AND RESPONSE TO REQUEST NO. 99

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Katerine Li had in her custodian file any copies of the one or more pieces of the Prior Art and J&J further denies that Katherine Li had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

## REQUEST FOR ADMISSION NO. 100

Admit that prior to March 30, 2021, Pascale Marty-Ethgen was shown, had in her custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

## OBJECTION AND RESPONSE TO REQUEST NO. 100

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because Ms. Marty-Ethgen's knowledge of any purported "Prior Art" is irrelevant to any claim in this action.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Pascale Marty-Ethgen possessed a duty of candor to the USPTO. By way of further response, J&J denies that Pascale Marty-Ethgen had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.  J&J

lacks information sufficient to admit or deny that Pascale Marty-Ethgen had copies of the one or more pieces of the Prior Art in his custodian file.

## REQUEST FOR ADMISSION NO. 101

Admit that prior to March 30, 2021, Melissa Miller was shown, had in her custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

## OBJECTION AND RESPONSE TO REQUEST NO. 101

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because Ms. Miller's knowledge of any purported "Prior Art" is irrelevant to any claim in this action.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Melissa Miller possessed a duty of candor to the USPTO. By way of further response, J&J denies that Melissa Miller had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

42

## REQUEST FOR ADMISSION NO. 102

Admit that prior to March 30, 2021, Christopher O'Brien was shown, had in his custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

## OBJECTION AND RESPONSE TO REQUEST NO. 102

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Christopher O'Brien's custodial files include an embedded image version of Tran-Minh 2017.  J&J denies that Christopher O'Brien had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

## REQUEST FOR ADMISSION NO. 103

Admit that prior to March 30, 2021, Deborah Pishock was shown, had in her custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

43

**OBJECTION AND RESPONSE TO REQUEST NO. 103**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because Ms. Pishock's knowledge of any purported "Prior Art" is irrelevant to any claim in this action.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Deborah Pishock possessed a duty of candor to the USPTO. By way of further response, J&J denies that Deborah Pishock had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim. J&J lacks information sufficient to admit or deny that Deborah Pishock had copies of the one or more pieces of the Prior Art in her custodian file.

**REQUEST FOR ADMISSION NO. 104**

Admit that prior to March 30, 2021, Luis Ralat was shown, had in his custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

44

**OBJECTION AND RESPONSE TO REQUEST NO. 104**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because Mr. Ralat's knowledge of any purported "Prior Art" is irrelevant to any claim in this action.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Luis Ralat possessed a duty of candor to the USPTO. By way of further response, J&J denies that Luis Ralat had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim. J&J lacks information sufficient to admit or deny that Luis Ralat had copies of the one or more pieces of the Prior Art in his custodian file.

**REQUEST FOR ADMISSION NO. 105**

Admit that prior to March 30, 2021, Kimberly Shields-Tuttle was shown, had in her custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

45

## OBJECTION AND RESPONSE TO REQUEST NO. 105

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies Kimberley Shields-Tuttle had in her custodian file any copies of the one or more pieces of the Prior Art and J&J further denies that Kimberley Shields-Tuttle had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

## REQUEST FOR ADMISSION NO. 106

Admit that prior to March 30, 2021, Richard Strauss was shown, had in his custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

## OBJECTION AND RESPONSE TO REQUEST NO. 106

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal

46

conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Richard Strauss had in his custodian file any copies of the one or more pieces of the Prior Art and J&J further denies that Richard Strauss had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

## REQUEST FOR ADMISSION NO. 107

Admit that prior to March 30, 2021, Phillippe Szapary was shown, had in his custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

## OBJECTION AND RESPONSE TO REQUEST NO. 107

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are

not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Phillippe Szapary's custodial files include a copy of Kolios. J&J denies that Phillippe Szapary possessed a duty of candor to the USPTO. By way of further response, J&J denies that Phillippe Szapary had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or elements of a *Walker Process* claim.

## REQUEST FOR ADMISSION NO. 108

Admit that prior to March 30, 2021, Hongyan Zhang was shown, had in her custodian file, was aware of, or otherwise had knowledge of one or more pieces of the Prior Art.

## OBJECTION AND RESPONSE TO REQUEST NO. 108

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

48

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies that Hongyan Zhang had in her custodian file any copies of the one or more pieces of the Prior Art and J&J further denies that Hongyan Zhang had the requisite knowledge of the Prior Art necessary to satisfy the knowledge or intent elements of a *Walker Process* claim.

**REQUEST FOR ADMISSION NO. 109**

Admit that JNJ-STELARA_002035386, which is a copy of U.S. patent number US 10,961,307 B2 entitled Methods *of Treating Moderately to Severely Active Ulcerative Colitis by Administering an Anti-IL12/IL23 Antibody*, (a) is a true and genuine copy of the official U.S. patent number US 10,961,307 B2, (b) that it issued on March 30, 2021, and (c) that it has an expiration date of September 24, 2039.

**OBJECTION AND RESPONSE TO REQUEST NO. 109**

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_002035386 is a true and correct, uncertified, copy of the U.S. Patent bearing the U.S. patent number 10,961,307, and purports to have issued on March 30, 2021, and is entitled *Methods of Treating Moderately to Severely Active Ulcerative Colitis by Administering an Anti-IL12/IL23 Antibody* on the face of the document. By way of further response, J&J admits that 20 years after the September 24, 2019 filing date is September 24, 2039. By way of further response, J&J states that the document is in writing and speaks for itself. Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

49

### H.    The Momenta Acquisition and Manufacturing Patents

**REQUEST FOR ADMISSION NO. 110**

Admit that, prior to J&J's acquisition of Momenta, Momenta "was a highly skilled biosimilar manufacturer: its research and development focused on manufacturing antibodies, including enabling biosimilars to more effectively match the reference product."

**OBJECTION AND RESPONSE TO REQUEST NO. 110**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the excerpt quoted in Plaintiffs' Request appears in the First Amended Complaint in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By way of further response, J&J states that the document speaks for itself.

**REQUEST FOR ADMISSION NO. 111**

Admit that, prior to J&J's acquisition of Momenta, "Momenta's research and development included a substantial focus on methods of manufacturing biosimilar antibodies, including cell culturing processes that impact attributes of recombinant antibodies."

**OBJECTION AND RESPONSE TO REQUEST NO. 111**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the excerpt quoted in Plaintiffs' Request appears in the First

50

Amended Complaint in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D.

Del.).  By way of further response, J&J states that the document speaks for itself.

## REQUEST FOR ADMISSION NO. 112

Admit that, prior to J&J's acquisition of Momenta, Momenta's research and development

had led to Momenta procuring from the U.S. PTO the issuance of four patents, U.S. Patent Nos.

9,475,858, 8,852,889, 9,217,168, and 9,663,810 (the "Manufacturing Patents").

## OBJECTION AND RESPONSE TO REQUEST NO. 112

J&J incorporates by reference its General Objections. J&J further objects that this Request

is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections

set forth above, J&J admits that the Manufacturing Patents were assigned to Momenta

Pharmaceuticals Inc. prior to J&J's acquisition of Momenta.  Following a reasonable inquiry, J&J

lacks knowledge sufficient to admit or deny the remainder of this Request based on the information

reasonably available.

## REQUEST FOR ADMISSION NO. 113

Admit that JNJ-STELARA_002035517, which is a copy of U.S. patent number US

9,217,168 B2 entitled Methods of Cell Culture, (a) is a true and genuine copy of the official U.S.

patent number US 9,217,168 B2, (b) that it issued on December 22, 2015, and (c) has an expiration

date of March 14, 2033.

## OBJECTION AND RESPONSE TO REQUEST NO. 113

J&J incorporates by reference its General Objections. J&J further objects that this Request

is compound as it contains more than one Request for Admission.

51

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_002035517 is a true and correct, uncertified, copy of the U.S. Patent, dated December 22, 2015, bearing the U.S. patent number US 9,217,168 B2, and is entitled *Methods of Cell Culture* on the face of the document.  By way of further response, J&J admits that 20 years after the March 14, 2013 filing date is March 14, 2033.  By way of further response, J&J states that the document is in writing and speaks for itself.  Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

**REQUEST FOR ADMISSION NO. 114**

Admit that JNJ-STELARA_002035561, which is a copy of U.S. patent number US 9,663,810 B2 entitled Methods of Cell Culture, (a) is a true and genuine copy of the official U.S. patent number US 9,663,810 B2, (b) that it issued on May 30, 2017, and (c) has an expiration date of March 14, 2033.

**OBJECTION AND RESPONSE TO REQUEST NO. 114**

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_002035561 is a true and correct, uncertified, copy of the U.S. Patent, dated May 30, 2017, bearing the U.S. patent number US 9,663,810 B2, and is entitled *Methods of Cell Culture* on the face of the document.  By way of further response, J&J admits that U.S. Patent No. 9,663,810 B2 is subject to a terminal disclaimer to U.S. Patent Nos. 9,677,105 B2 and 8,956,830 B2, which were filed on March 14, 2013.  By way of further response, J&J states that the document is in writing and speaks for itself.  Following a reasonable inquiry,

J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

## REQUEST FOR ADMISSION NO. 115

Admit that JNJ-STELARA_002035539, which is a copy of U.S. patent number US 9,475,858 B2 entitled Cell Culture Process, (a) is a true and genuine copy of the official U.S. patent number US 9,475,858 B2, (b) that it issued on October 25, 2016, and (c) has an expiration date of July 6, 2032.

## OBJECTION AND RESPONSE TO REQUEST NO. 115

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_002035539 is a true and correct, uncertified, copy of the U.S. Patent, dated October 25, 2016, bearing U.S. patent number US 9,475,858 B2, and is entitled *Cell Culture Process* on the face of the document. By way of further response, J&J admits that 20 years after the July 6, 2012 filing date is July 6, 2032. By way of further response, J&J states that the document is in writing and speaks for itself. Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

## REQUEST FOR ADMISSION NO. 116

Admit that JNJ-STELARA_002035496, which is a copy of U.S. patent number US 8,852,889 B2 entitled Cell Culture Process, (a) is a true and genuine copy of the official U.S. patent number US 8,852,889 B2, (b) that it issued on October 7, 2014, and (c) has an expiration date of July 6, 2032.

53

**OBJECTION AND RESPONSE TO REQUEST NO. 116**

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that JNJ-STELARA_002035496 is a true and correct, uncertified, copy of the U.S. Patent, dated October 7, 2014, bearing the U.S. patent number US 8,852,889 B2, and is entitled *Cell Culture Process* on the face of the document.  By way of further response, J&J states that the document is in writing and speaks for itself.  Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

**REQUEST FOR ADMISSION NO. 117**

Admit that the Manufacturing Patents cover novel methods of producing a preparation of a recombinant antibody, such as ustekinumab, targeting a certain reference standard.

**OBJECTION AND RESPONSE TO REQUEST NO. 117**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because "targeting a certain reference standard" is is undefined and ambiguous and therefore the Request cannot be answered with a simple "admit" or "deny" response.  J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,*

54

234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the Manufacturing Patents bear the title *Methods of Cell Culture* and *Cell Culture Process* and describe novel methods of producing recombinant proteins or recombinant antibodies.

## REQUEST FOR ADMISSION NO. 118

Admit that the Manufacturing Patents "are directed to enabling biosimilar manufacturers to use these processes to control attributes of the antibodies produced, thereby more precisely targeting the characteristics of the reference product—and ultimately, producing a better copy than would otherwise be produced."

## OBJECTION AND RESPONSE TO REQUEST NO. 118

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in the Amended Complaint filed in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.). By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 119

Admit that on or about October 1, 2020, J&J completed the acquisition of Momenta Pharmaceuticals, Inc. for a purchase price of approximately $6.1 billion, net of cash acquired.

**OBJECTION AND RESPONSE TO REQUEST NO. 119**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 120**

Admit that the fair value of the acquisition was allocated primarily to non-amortizable intangible assets (IPR&D) of $6.0 billion, goodwill of $1.2 billion, other assets of $0.5 billion and liabilities of $1.6 billion.

**OBJECTION AND RESPONSE TO REQUEST NO. 120**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 121**

Admit that the transaction was accounted for as a business combination and included in the pharmaceutical segment of J&J.

**OBJECTION AND RESPONSE TO REQUEST NO. 121**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 122**

Admit that U.S. Patent No. 9,217,168 was listed on Annex 4.17(a) to the August 19, 2020 COMPANY DISCLOSURE LETTER to AGREEMENT AND PLAN OF MERGER by and

56

among JOHNSON & JOHNSON, VIGOR SUB, INC. and MOMENTA PHARMACEUTICALS, INC.

**OBJECTION AND RESPONSE TO REQUEST NO. 122**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 123**

Admit that U.S. Patent No. 9,663,810 was listed on Annex 4.17(a) to the August 19, 2020 COMPANY DISCLOSURE LETTER to AGREEMENT AND PLAN OF MERGER by and among JOHNSON & JOHNSON, VIGOR SUB, INC. and MOMENTA PHARMACEUTICALS, INC.

**OBJECTION AND RESPONSE TO REQUEST NO. 123**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 124**

Admit that U.S. Patent No. 9,475,858 was listed on Annex 4.17(a) to the August 19, 2020 COMPANY DISCLOSURE LETTER to AGREEMENT AND PLAN OF MERGER by and among JOHNSON & JOHNSON, VIGOR SUB, INC. and MOMENTA PHARMACEUTICALS, INC.

**OBJECTION AND RESPONSE TO REQUEST NO. 124**

J&J incorporates by reference its General Objections.

57

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 125

Admit that U.S. Patent No. 8,852,889 was listed on Annex 4.17(a) to the August 19, 2020 COMPANY DISCLOSURE LETTER to AGREEMENT AND PLAN OF MERGER by and among JOHNSON & JOHNSON, VIGOR SUB, INC. and MOMENTA PHARMACEUTICALS, INC.

## OBJECTION AND RESPONSE TO REQUEST NO. 125

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 126

Admit that, at the time that J&J acquired Momenta, J&J knew that Momenta owned the Manufacturing Patents.

## OBJECTION AND RESPONSE TO REQUEST NO. 126

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits only that the Manufacturing Patents are listed on Annex 4.17(a) to the August 19, 2020 COMPANY DISCLOSURE LETTER to AGREEMENT AND PLAN OF MERGER by and among JOHNSON & JOHNSON, VIGOR SUB, INC. and MOMENTA PHARMACEUTICALS, INC.  J&J otherwise denies this request.

**REQUEST FOR ADMISSION NO. 127**

Admit that "[a]s a result of its Momenta acquisition, Janssen owns the Manufacturing Patents. . . ."

**OBJECTION AND RESPONSE TO REQUEST NO. 127**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in the Amended Complaint filed in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 128**

Admit that J&J did not use the technology described in the Manufacturing Patents during the years prior to the 2009 FDA approval to research and develop the Stelara product.

**OBJECTION AND RESPONSE TO REQUEST NO. 128**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request as misleading because the phrase "technology described in the Manufacturing Patents" is undefined and ambiguous and therefore the Request cannot be answered with a simple "admit" or "deny" response.

59

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request calls for a legal conclusion and therefore neither admit nor deny this Request.

## REQUEST FOR ADMISSION NO. 129

Admit that J&J has not used the technology described in the Manufacturing Patents to manufacture Stelara.

## OBJECTION AND RESPONSE TO REQUEST NO. 129

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request calls for a legal conclusion and therefore neither admit nor deny this Request.

## REQUEST FOR ADMISSION NO. 130

Admit that J&J does not practice the Manufacturing Patents for any product.

## OBJECTION AND RESPONSE TO REQUEST NO. 130

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request calls for a legal conclusion and therefore neither admit nor deny this Request.

60

**REQUEST FOR ADMISSION NO. 131**

Admit that J&J manufactures and sells branded biologic products.

**OBJECTION AND RESPONSE TO REQUEST NO. 131**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 132**

Admit that J&J does not develop, manufacture, or sell biosimilar products.

**OBJECTION AND RESPONSE TO REQUEST NO. 132**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, denied.

**I.    Biosimilar Competition to Stelara**

**REQUEST FOR ADMISSION NO. 133**

Admit that "a biosimilar is a chemical compound that is highly similar but not identical to an approved biologic product (called 'reference biologic' or 'reference product'" and that "[a]s of the end of 2022, 41 biosimilars had been approved in the U.S., and 24 had launched since 2015."

**OBJECTION AND RESPONSE TO REQUEST NO. 133**

J&J incorporates by reference its General Objections. J&J further objects to the quote which references unnamed and unidentified "41 biosimilars" and uses inherently vague and

61

ambiguous terms such as "highly similar." J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in the Declaration of John C. Jarosz, filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 134

Admit that "biosimilars that have been designated to be 'interchangeable' may be substituted for their respective reference products at the discretion of the pharmacist as permitted by state law, obviating the need for prescriber permission for exchange."

## OBJECTION AND RESPONSE TO REQUEST NO. 134

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in the Declaration of John C. Jarosz,

62

filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By

way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 135

Admit that as of early 2023, the "entry of biosimilars is currently expected to have the

greatest impact on their respective reference products."

## OBJECTION AND RESPONSE TO REQUEST NO. 135

J&J incorporates by reference its General Objections. J&J further objects to this Request

on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple

"admit" or "deny" response. J&J further objects to this Request on the grounds that it is vague and

ambiguous because the Request quotes language, taken out of context, using undefined terms,

without reference or citation to the source of that language. J&J further objects to this Request on

the grounds that it is misleading and prejudicial because the Request contains an incomplete

quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections

set forth above, J&J admits that the quoted excerpt appears in the Declaration of John C. Jarosz,

filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By

way of further response, J&J states that the document is in writing and speaks for itself

## REQUEST FOR ADMISSION NO. 136

Admit that as of early 2023, "biosimilar first" formularies are anticipated to gain adoption

among PBMs in the near future.

## OBJECTION AND RESPONSE TO REQUEST NO. 136

J&J incorporates by reference its General Objections. J&J further objects to this Request

on the grounds that the phrases "are anticipated," "'biosimilar first' formularies" and "in the near

future" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in the Declaration of John C. Jarosz, filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 137

Admit that as of early 2023, J&J's "internal market research suggests that a biosimilar's 'track record' in the marketplace may be sufficient for payors to be 'comfortable' with requiring patients to step through that biosimilar before allowing access to a branded biologic, even in the absence of the interchangeability designation."

## OBJECTION AND RESPONSE TO REQUEST NO. 137

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in the Declaration of John C. Jarosz, filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By way of further response, J&J states that the document is in writing and speaks for itself.

64

**REQUEST FOR ADMISSION NO. 138**

Admit that as of early 2023, "to the extent interchangeability is not necessary for payors when deciding whether to step reference products through biosimilars . . . [t]he 'biosimilar first' approach would be expected to further accelerate the erosion of branded biologic unit sales and revenues."

**OBJECTION AND RESPONSE TO REQUEST NO. 138**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context. J&J further objects to this Request on the grounds that the phrase "early 2023" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in the Declaration of John C. Jarosz, filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.). By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 139**

Admit that as of early 2023, "the increase in biosimilar uptake has been especially apparent over the last three years," that "[b]iosimilars launched in the last 3 years have gained an average

volume share of 75 percent within their respective therapeutic areas" and that this "increase in biosimilar uptake has been particularly evident with more recent biosimilar launches. . . ."

## OBJECTION AND RESPONSE TO REQUEST NO. 139

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context. J&J further objects to this Request on the grounds that the phrase "early 2023" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in the Declaration of John C. Jarosz, filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 140

Admit that according to "Janssen's 2022 Long-Range Financial Projections presentation, '[w]hen payers look to prefer a biosim[ilar], significant erosion of the originator occurs'" and that "it is expected that PBMs would have an even 'higher level of control' in the pharmacy benefit than insurers have had in the medical benefit to steer patients further toward biosimilars."

66

**OBJECTION AND RESPONSE TO REQUEST NO. 140**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in the Declaration of John C. Jarosz, filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 141**

Admit that as of early 2023, biosimilar competition to Stelara had been, and was, expected to place formulary positioning of Stelara at risk.

**OBJECTION AND RESPONSE TO REQUEST NO. 141**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the phrases "early 2023," "expected" and "at risk" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, it is admitted that as of early 2023, biosimilar competition to Stelara had been, and

67

was, expected to have a potential effect on formulary positioning of Stelara but the nature of that impact was uncertain.  Otherwise, J&J denies this Request.

## REQUEST FOR ADMISSION NO. 142

Admit as of early 2023, biosimilar competition to Stelara would "likely disrupt the status quo, leading to PBMs to renegotiate their agreements with Janssen" and that "most contracts can be canceled or amended."

## OBJECTION AND RESPONSE TO REQUEST NO. 142

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that the phrase "early 2023" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in the Declaration of John C. Jarosz, filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 143

Admit that as of early 2023, J&J anticipated the realistic likelihood that Amgen would obtain FDA approval of for ABP 654, Amgen's biosimilar for J&J Stelara.

**OBJECTION AND RESPONSE TO REQUEST NO. 143**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that the phrases "early 2023," "anticipated" and "realistic likelihood" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that in 2023, there was a possibility that Amgen could obtain FDA approval for Amgen's biosimilar of Stelara in 2023, but that Amgen obtained FDA approval for its biosimilar of Stelara on October 31, 2023.  J&J denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 144**

Admit that as of early 2023, J&J anticipated the realistic likelihood that Amgen would launch ABP 654—Amgen's biosimilar for J&J Stelara—into the U.S. marketplace later in 2023.

**OBJECTION AND RESPONSE TO REQUEST NO. 144**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that the phrases "early 2023," "realistic likelihood," "would launch" and "later in 2023" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that in 2023, there was a possibility that Amgen could obtain FDA

69

approval for Amgen's biosimilar of Stelara in 2023, but that Amgen obtained FDA approval for its biosimilar of Stelara on October 31, 2023.  J&J denies the remainder of this Request

## REQUEST FOR ADMISSION NO. 145

Admit that as of early 2023, J&J saw the launch of ABP 654—Amgen's biosimilar for J&J Stelara—as a significant threat to J&J Stelara sales.

## OBJECTION AND RESPONSE TO REQUEST NO. 145

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the terms and phrases "early 2023," "launch" and "significant threat" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, it is admitted to the extent that the entry of any competitor can be a potential threat to sales.  Defendants deny the remainder of the request to the extent it suggests biosimilars are the only competitor that can affect Stelara's sales.

## REQUEST FOR ADMISSION NO. 146

Admit that as of early 2023, J&J saw that the launch of ABP 654—Amgen's biosimilar for J&J Stelara—would harm J&J's Stelara franchise.

## OBJECTION AND RESPONSE TO REQUEST NO. 146

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the terms and phrases "early 2023," "launch," "harm" and "Stelara franchise" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

70

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that ABP 654—Amgen's biosimilar for J&J Stelara—was potential competition for Stelara.  Defendants otherwise deny this Request.

## REQUEST FOR ADMISSION NO. 147

Admit that as of early 2023, J&J saw that the launch of ABP 654—Amgen's biosimilar for J&J Stelara—would result in a substantial decline in the units of Stelara sold and a substantial reduction in Stelara's net price or ASP (*e.g.,* through increases in provider discounts, payor rebates).

## OBJECTION AND RESPONSE TO REQUEST NO. 147

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the terms and phrases "early 2023," "launch," "substantial decline" and "substantial reduction" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that when biosimilar versions of a biologic product enter the market, they may be priced at a discount to the reference product, they may compete with the reference biologic product for sales, and that competition can potentially result in sales of the reference product to decline.  Based on this, J&J further admits that the launch of Amgen's biosimilar for Stelara could potentially result in competition with Stelara, that Amgen's product may have been priced at a discount to Stelara, and that some sales of Stelara could potentially shift to Amgen.  J&J denies the remainder of this Request.

## REQUEST FOR ADMISSION NO. 148

Admit that Janssen's 2022 Long-Range Financial Projection shows that, following an assumed Q4 2023 biosimilar launch, Janssen's Stelara net revenues in the U.S. were estimated to

71

decline from about $6.8 billion in 2023 to a range of $2.0 billion ("Downside" scenario) to $4.3 billion ("Upside" scenario) in 2024, within the first full year of biosimilar competition, depending on competitors' and Janssen's investment decisions, as well as payors' and PBMs' coverage decisions.

**OBJECTION AND RESPONSE TO REQUEST NO. 148**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request purports to characterize a written document without reference or citation to the document itself.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the above appears in the Declaration of John C. Jarosz, filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.). By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 149**

Admit that as of early 2023, J&J saw that across all indications and therapies, reference biologics experiencing biosimilar competition have suffered considerable volume share and/or net price declines following initial biosimilar entry, resulting in reduced net revenues.

**OBJECTION AND RESPONSE TO REQUEST NO. 149**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that the phrases "early 2023" and "suffered considerable volume share" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

72

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that, in certain instances, competition between biologic products and biosimilar versions of biologic products has resulted in volume loss to biosimilars, and that biosimilars may, in some instances, be priced at a lower cost that the reference biologic product. J&J denies the remainder of the Request.

**REQUEST FOR ADMISSION NO. 150**

Admit that as of early 2023, J&J saw that the launch of biosimilar products is typically offered at a discount to the reference product and would be expected to increase pressure on the reference biologic manufacturer to offer additional price concessions for its product.

**OBJECTION AND RESPONSE TO REQUEST NO. 150**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that the phrases and terms "early 2023," "typically," "would be expected" and "increased pressure" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the launch of biosimilar products increases competition in the market, and that as a result, biosimilar versions of a reference product may be offered at a discount to the reference biologic product, and that in response brand pharmaceutical companies may offer discounts or rebates on their own product. J&J denies the remainder of this Request.

73

**REQUEST FOR ADMISSION NO. 151**

Admit that as of early 2023, J&J saw that, in addition to Amgen's ABP 654, other biosimilar ustekinumab products might obtain FDA approval and be ready to launch by Q4 2023, and still more biosimilar ustekinumab products might obtain FDA approval between 2023 and 2024.

**OBJECTION AND RESPONSE TO REQUEST NO. 151**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that the phrases and terms "early 2023," "saw that," and "launch" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that in 2023, there was a possibility that some biosimilar versions of Stelara could obtain FDA approval between 2023 and 2024.  J&J denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 152**

Admit that as of early 2023, J&J viewed Amgen's own 2022 Biosimilar Trends Report as reasonably reliable insofar as it suggested that the "entry of additional biosimilars is expected to lead to greater price declines across all products within the class."

**OBJECTION AND RESPONSE TO REQUEST NO. 152**

J&J incorporates by reference its General Objections. J&J objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that the phrases "early 2023"

74

and "reasonably reliable" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the above appears in the Declaration of John C. Jarosz, filed under seal in *Janssen Biotech, Inc. v. Amgen Inc.*, Case No. 1:22-cv-01549-MN (D. Del.).  By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 153

Admit that as of early 2023, J&J saw that when multiple biosimilars are available, PBMs would not be expected to provide favorable formulary coverage to more than two or three products within a molecule and the availability of an additional biosimilar would likely further increase the pressure PBMs will exert on Janssen, demanding ever-increasing rebates in return for keeping Stelara on formulary.

## OBJECTION AND RESPONSE TO REQUEST NO. 153

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that the phrases "early 2023," "saw that," "favorable," "increase the pressure" and "ever-increasing" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that one possibility, among many, when biosimilars become available is that PBMs will provide favorable formulary coverage to two or three products within a molecule,

75

and that the entry of biosimilar versions of Stelara could result in additional rebates from J&J for Stelara in exchange for favorable formulary coverage. J&J denies the remainder of this Request.

## REQUEST FOR ADMISSION NO. 154

Admit that as of early 2023, J&J saw that the launch of ABP 654 would enable PBMs to exert additional pressure on Janssen, enabling them to demand higher rebates to keep Stelara on formulary.

## OBJECTION AND RESPONSE TO REQUEST NO. 154

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that the phrases and terms "early 2023," "launch" and "exert reasonable pressure" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that there was a possibility that the launch of Amgen's biosimilar version of Stelara would result in higher rebates of J&J for Stelara. J&J denies the remainder of this Request.

1.     **Amgen**

## REQUEST FOR ADMISSION NO. 155

Admit that Amgen is a biopharmaceutical company in the business of developing, manufacturing, marketing, and selling both biologic and biosimilar drugs, including the proposed biosimilar ABP 654.

**OBJECTION AND RESPONSE TO REQUEST NO. 155**

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or control of J&J.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 156**

Admit that on or about November 11, 2020, Amgen initiated a Phase 3 study evaluating the efficacy and safety of ABP 654 compared with Stelara in adult patients with moderate to severe plaque psoriasis.

**OBJECTION AND RESPONSE TO REQUEST NO. 156**

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or control of J&J.

Subject to and without waiving any and all objections, including the General Objections set forth above, following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

**REQUEST FOR ADMISSION NO. 157**

Admit that on April 18, 2022, Amgen announced that its Phase 3 study "demonstrat[ed] no clinically meaningful differences between ABP 654 and STELARA."

**OBJECTION AND RESPONSE TO REQUEST NO. 157**

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or

77

control of J&J. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion from Plaintiffs' Request appears in a press release issued by Amgen on April 18, 2022.[3] By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 158**

Admit that in early 2023, Amgen was conducting a Phase 3 study to investigate interchangeability of ABP 654 for Stelara for the treatment of moderate to severe plaque psoriasis.

**OBJECTION AND RESPONSE TO REQUEST NO. 158**

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or control of J&J. J&J further objects to this Request on the grounds that the phrase "early 2023" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

---

3 https://www.amgen.com/newsroom/press-releases/2022/04/amgen-announces-positive-topline-results-from-phase-3-study-of-abp-654-biosimilar-candidate-to-stelara-ustekinumab

78

**REQUEST FOR ADMISSION NO. 159**

Admit that on or before October 31, 2022, Amgen submitted an Abbreviated Biologic License Application ("aBLA") to the FDA seeking approval to market in the U.S. ABP 654, its biosimilar copy of Stelara.

**OBJECTION AND RESPONSE TO REQUEST NO. 159**

J&J incorporates by reference its General Objections. J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or control of J&J.

Subject to and without waiving any and all objections, including the General Objections set forth above, following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

**REQUEST FOR ADMISSION NO. 160**

Admit that on November 7, 2022, Amgen provided to Janssen its 180-day notice of commercial marketing.

**OBJECTION AND RESPONSE TO REQUEST NO. 160**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 161**

Admit that J&J saw this notice as signaling Amgen's intent to begin selling its infringing biosimilar product as soon thereafter as it received FDA approval to do so.

79

**OBJECTION AND RESPONSE TO REQUEST NO. 161**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response. J&J further objects to this Request on the grounds that the phrases "saw that," "as signaling" and "intent to begin selling" are vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that under the law, Amgen's notice letter signaled Amgen's intent to begin selling its biosimilar product upon receiving FDA approval.  Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

**REQUEST FOR ADMISSION NO. 162**

Admit that Amgen informed Janssen it intends to market ABP 654 for all indications and patient groups for which Stelara is approved.

**OBJECTION AND RESPONSE TO REQUEST NO. 162**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 163**

Admit that in early 2023 J&J believed that Amgen could gain FDA approval for ABP 654 in the second or third quarter of 2023.

**OBJECTION AND RESPONSE TO REQUEST NO. 163**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that in 2023, it was possible that Amgen could obtain FDA approval for its biosimilar version of Stelara in 2023, and that Amgen's biosimilar version of Stelara was approved by the FDA on October 31, 2024. Following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available.

**REQUEST FOR ADMISSION NO. 164**

Admit that JNJ-STELARA_003456294, which is a copy of the Complaint dated November 29, 2022 filed by Janssen Biotech, Inc. in *Janssen Biotech v. Amgen,* is a true and genuine copy of the Complaint filed in the aforementioned case.

**OBJECTION AND RESPONSE TO REQUEST NO. 164**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 165**

Admit that, on or about February 2, 2023, Momenta assigned the Manufacturing Patents to Janssen.

**OBJECTION AND RESPONSE TO REQUEST NO. 165**

J&J incorporates by reference its General Objections.

81

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 166

Admit that JNJ-STELARA_000093752 is a true and genuine copy of Momenta's assignment of the Manufacturing Patents to Janssen.

## OBJECTION AND RESPONSE TO REQUEST NO. 166

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 167

Admit JNJ-STELARA_003456294, which is a copy of the Complaint dated November 29, 2022, filed by Janssen Biotech, Inc. in *Janssen Biotech v. Amgen* that it is a true and genuine copy of the Complaint filed in the aforementioned case.

## OBJECTION AND RESPONSE TO REQUEST NO. 167

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 168

Admit JNJ-STELARA_003434937, which is a copy of the First Amended Complaint dated February 21, 2023, filed by Janssen Biotech, Inc. in *Janssen Biotech v. Amgen* that it is a true and genuine copy of the First Amended Complaint filed in the aforementioned case.

82

**OBJECTION AND RESPONSE TO REQUEST NO. 168**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 169**

Admit that JNJ-STELARA_003436445, which is a copy of the Memorandum in Support of Janssen's Motion for a Preliminary Injunction dated March 1, 2023 filed by Janssen Biotech, Inc. in *Janssen Biotech v. Amgen,* is a true and genuine copy of the Memorandum in Support of Janssen's Motion for a Preliminary Injunction filed in the aforementioned case.

**OBJECTION AND RESPONSE TO REQUEST NO. 169**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 170**

Admit that JNJ-STELARA_003443809, which is a copy of the Opening Brief in Support of Plaintiff Janssen's Motion for a Preliminary Injunction dated March 6, 2023 filed by Janssen Biotech, Inc. in *Janssen Biotech v. Amgen,* is a true and genuine copy of the Opening Brief in Support of Plaintiff Janssen's Motion for a Preliminary Injunction filed in the aforementioned case.

**OBJECTION AND RESPONSE TO REQUEST NO. 170**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

83

**REQUEST FOR ADMISSION NO. 171**

Admit that JNJ-STELARA_0036566, which is a copy of the Declaration of John C. Jarosz dated March 1, 2023 filed by Janssen Biotech, Inc. in *Janssen Biotech v. Amgen,* is a true and genuine copy of the Declaration of John C. Jarosz filed in the aforementioned case.

**OBJECTION AND RESPONSE TO REQUEST NO. 171**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 172**

Admit that JNJ-STELARA_003439869, which is a copy of the Declaration of Brian Smith in Support of Janssen's Motion for Preliminary Injunction dated March 1, 2023 filed by Janssen Biotech, Inc. in *Janssen Biotech v. Amgen* that it is a true and genuine copy of the Declaration of Brian Smith in Support of Janssen's Motion for Preliminary Injunction filed in the aforementioned case.

**OBJECTION AND RESPONSE TO REQUEST NO. 172**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 173**

Admit that JNJ-STELARA_000036434, which is a copy of the Declaration of Matthew S. Croughan in Support of Janssen's Motion for Preliminary Injunction dated March 1, 2023 filed by Janssen Biotech, Inc. in *Janssen Biotech v. Amgen* that it is a true and genuine copy of the

Declaration of Matthew S. Croughan in Support of Janssen's Motion for Preliminary Injunction filed in the aforementioned case.

## OBJECTION AND RESPONSE TO REQUEST NO. 173

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 174

Admit that according to J&J's First Amended Complaint filed on February 21, 2023, as a result of purchasing Momenta Pharmaceuticals, Inc. "Janssen now owns the '858, '889, '168, and '810 patents."

## OBJECTION AND RESPONSE TO REQUEST NO. 174

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion of Plaintiffs' request appears in J&J's First Amended Complaint. J&J further admits that following its purchase of Momenta Pharmaceuticals, Inc., Momenta Pharmaceuticals Inc. assigned the '858, '889, '168, and '810 patents to Janssen Biotech, Inc. By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 175

Admit that Janssen asserted the following patents against Amgen Inc. in *Janssen Biotech, Inc. v. Amgen Inc.,* C.A. No. 22-1549-MN (D. Del.): U.S. Patent Nos. 9,475,858; 8,852,889; 9,217,168; 9,663,810; 6,902,734 and 10,961,307.

85

**OBJECTION AND RESPONSE TO REQUEST NO. 175**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 176**

Admit, according to the Deposition Transcript of Holly Prentice, PHD, *Janssen Biotech, Inc. v. Amgen Inc.,* C.A. No. 22-1549-MN (D. Del.) [JNJ-STELARA_003643022], that the motivation for the '858 patent was biosimilarity.

**OBJECTION AND RESPONSE TO REQUEST NO. 176**

J&J incorporates by reference its General Objections. J&J further objects to this Request to the extent that the Request mischaracterizes the content of the deposition transcript without providing full context, as the deposition transcript, produced in full, speaks for itself.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies this request to the extent that it mischaracterizes the testimony of Holly Prentice, Ph.D.  J&J further states that the entire document must be considered as a whole and that the document is in writing and speak for itself.

**REQUEST FOR ADMISSION NO. 177**

Admit, according to the Deposition Transcript of John Jarosz, *Janssen Biotech, Inc. v. Amgen Inc.,* C.A. No. 22-1549-MN (D. Del.) [JNJ-STELARA_003643474], that "Janssen does not use the manufacturing patents, [i.e., the '168 and '858 patents,] in its manufacture of Stelara."

**OBJECTION AND RESPONSE TO REQUEST NO. 177**

86

J&J incorporates by reference its General Objections. J&J further objects to this Request to the extent that the Request mischaracterizes the content of the deposition transcript without providing full context, as the deposition transcript, produced in full, speaks for itself.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion appears in JNJ-STELARA_003643474.  By way of further response, J&J states that the document is in writing and speak for itself.

## REQUEST FOR ADMISSION NO. 178

Admit, according to the Deposition Transcript of Holly Prentice, PhD, No. *Janssen Biotech, Inc. v. Amgen Inc.,* C.A. No. 22-1549-MN (D. Del.) [ JNJ-STELARA_003643021], "level of KO you have in your recombinant protein... [is] important in the context of obtaining biosimilarity."

## OBJECTION AND RESPONSE TO REQUEST NO. 178

J&J incorporates by reference its General Objections. J&J further objects to this Request to the extent that the Request mischaracterizes the content of the deposition transcript without providing full context, as the deposition transcript, produced in full, speaks for itself. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion appears in JNJ-STELARA_003643021.  By way of further response, J&J states that the document is in writing and speak for itself.

## REQUEST FOR ADMISSION NO. 179

Admit, according to the Deposition Transcript of Holly Prentice, PhD, *Janssen Biotech, Inc. v. Amgen Inc.,* C.A. No. 22-1549-MN (D. Del.) "achieving a desired level of C-terminal lysine is important in the context of biosimilarity."

**OBJECTION AND RESPONSE TO REQUEST NO. 179**

J&J incorporates by reference its General Objections. J&J further objects to this Request to the extent that the Request mischaracterizes the content of the deposition transcript without providing full context as the deposition transcript, produced in full, speaks for itself.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion appears in the Deposition Transcript of Holly Prentice, PhD.  By way of further response, J&J states that the document is in writing and speak for itself.

**REQUEST FOR ADMISSION NO. 180**

Admit, according to the Deposition Transcript of Holly Prentice, PhD, *Janssen Biotech, Inc. v. Amgen Inc.,* C.A. No. 22-1549-MN (D. Del.) [ JNJ-STELARA_003643218], as pertaining to the '858 patent, "the intent of the invention was - - is that it is intended for biosimilar development."

**OBJECTION AND RESPONSE TO REQUEST NO. 180**

J&J incorporates by reference its General Objections. J&J further objects to this Request to the extent that the Request mischaracterizes the content of the deposition transcript without providing full context, as the deposition transcript, produced in full, speaks for itself.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion appears in the Deposition Transcript of Holly Prentice, PhD.  By way of further response, J&J states that the document is in writing and speak for itself.

**REQUEST FOR ADMISSION NO. 181**

Admit that on May 19, 2023, J&J entered into a Settlement and Licensing Agreement with Amgen.

**OBJECTION AND RESPONSE TO REQUEST NO. 181**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 182**

Admit that JNJ-STELARA_003443557, which is a copy of the U.S./Ireland Ustekinumab Settlement Agreement dated May 19, 2023 between, on the one hand, Janssen Biotech, Inc. and Johnson & Johnson and, on the other hand, Amgen, Inc. and Amgen Technology (Ireland) Unlimited Company that (a) it is a true and genuine copy of the original license agreement between those parties, (b) that the parties entered into the agreement on or about May 19, 2023, and (c) that the "Recitals" stated in the document are true.

**OBJECTION AND RESPONSE TO REQUEST NO. 182**

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that it is duplicative of previous Requests.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 183**

Admit that JNJ-STELARA_003443557 at 583, which is a copy of the U.S./Ireland Ustekinumab License Agreement dated May 19, 2023 between, on the one hand, Janssen Biotech,

89

Inc. and Johnson & Johnson and, on the other hand, Amgen, Inc. and Amgen Technology (Ireland) Unlimited Company that (a) it is a true and genuine copy of the original settlement agreement between those parties, (b) that the parties entered into the license agreement on or about May 19, 2023, and (c) that the "Recitals" stated in the document are true.

## OBJECTION AND RESPONSE TO REQUEST NO. 183

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that it is duplicative of previous Requests.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 184

Admit that J&J took the position that it might have valid claims of infringement against Amgen regarding the biosimilar product Amgen Ustekinumab.

## OBJECTION AND RESPONSE TO REQUEST NO. 184

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

90

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request calls for a legal conclusion and therefore neither admit nor deny this Request.

**REQUEST FOR ADMISSION NO. 185**

Admit that, under the U.S./Ireland Ustekinumab Settlement Agreement and the U.S./Ireland Ustekinumab License Agreement (the "Amgen agreements") the licensed patents included the '307, '168 and '810 patents.

**OBJECTION AND RESPONSE TO REQUEST NO. 185**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 186**

Admit that, under the Amgen agreements, Amgen agreed that the biosimilar product Amgen Ustekinumab would not be launched until January 1, 2025, or earlier under the circumstances referenced in section 1.3 of the license agreement.

**OBJECTION AND RESPONSE TO REQUEST NO. 186**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 187**

Admit that Amgen on October 31, 2023, Amgen received FDA approval for its biosimilar ustekinumab product.

91

**OBJECTION AND RESPONSE TO REQUEST NO. 187**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the phrase "[a]dmit that Amgen on October 31, 2023, Amgen received . . ." is vague, ambiguous, unintelligible, overbroad, lacks clarity and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 188**

Admit that Amgen's biosimilar is named Wezlana®.

**OBJECTION AND RESPONSE TO REQUEST NO. 188**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that Amgen sought FDA approval to market a biosimilar of ustekinumab under the name Wezlana®. J&J denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 189**

Admit that the FDA approved Amgen's biosimilar ustekinumab as interchangeable with Stelara®.

**OBJECTION AND RESPONSE TO REQUEST NO. 189**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

92

**REQUEST FOR ADMISSION NO. 190**

Admit that as of this date, Amgen has performed under Amgen Agreements by not launching into the U.S. marketplace its biosimilar product to Stelara.

**OBJECTION AND RESPONSE TO REQUEST NO. 190**

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or control of J&J. J&J further objects to this Request as the phrase "as of this date" is vague, ambiguous, overbroad, undefined and therefore is subject to different reasonable interpretations.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that the Request is vague and ambiguous as to the phrase "as of this date" and therefore neither admits or denies this Request.

2. **Alvotech/Teva**

**REQUEST FOR ADMISSION NO. 191**

Admit that Alvotech received FDA approval for its biosimilar Ustekinumab candidate on April 16, 2024.

**OBJECTION AND RESPONSE TO REQUEST NO. 191**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 192**

Admit that Alvotech's biosimilar is named Selarsdi®.

**OBJECTION AND RESPONSE TO REQUEST NO. 192**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 193**

Admit that the FDA approved Alvotech's biosimilar ustekinumab as interchangeable with Stelara.

**OBJECTION AND RESPONSE TO REQUEST NO. 193**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 194**

Admit that Janssen and J&J entered into a Settlement and Licensing Agreement with Alvotech and Teva on June 9, 2023.

**OBJECTION AND RESPONSE TO REQUEST NO. 194**

J&J incorporates by reference its General Objections.

94

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 195

Admit that JNJ-STELARA_000699013, which is a copy of the Settlement and License Agreement dated June 9, 2023, between, on the one hand, Janssen Biotech, Inc. and Johnson & Johnson and, on the other hand, Alvotech USA Inc., Alvotech hf. and Teva Pharmaceuticals, Inc. (the "Alvotech/Teva agreement" ) (a) is a true and genuine copy of the original settlement and license agreement between those parties, (b) that the parties entered into the agreement on or about June 9, 2023, and (c) that the "Recitals" stated in the document are true.

## OBJECTION AND RESPONSE TO REQUEST NO. 195

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that it is duplicative of previous Requests.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 196

Admit that with respect to Alvotech and/or Teva, J&J took the position that it might have valid claims of infringement against Alvotech and/or Teva in connection with the biosimilar product AVT04.

## OBJECTION AND RESPONSE TO REQUEST NO. 196

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164

95

F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request calls for a legal conclusion and therefore neither admit nor deny this Request.

## REQUEST FOR ADMISSION NO. 197

Admit that, under the Alvotech/Teva agreement, the Ustekinumab Patents that were defined in the agreement included the '307, '168 and '810 patents, which were the only Ustekinumab Patents to expire after September 2023.

## OBJECTION AND RESPONSE TO REQUEST NO. 197

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that under the Alvotech/Teva agreement, the Ustekinumab Patents that

96

were defined in the agreement included the '307, '168 and '810 patents. J&J states that the remainder of this Request calls for a legal conclusion and therefore neither admit nor deny this Request. By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 198

Admit that, under the Alvotech/Teva agreement, Alvotech and Teva agreed that the biosimilar product AVT04 would not be launched until February 21, 2025, or earlier under the circumstances set forth in section 1.5 of the agreement.

## OBJECTION AND RESPONSE TO REQUEST NO. 198

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies this Request to the extent that it mischaracterizes the terms of the Alvotech/Teva agreement. By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 199

Admit that as of this date Alvotech/Teva has performed under the Alvotech/Teva Agreement by not launching into the U.S. marketplace its biosimilar product to Stelara.

## OBJECTION AND RESPONSE TO REQUEST NO. 199

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2

(D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because it seeks admissions regarding information that is not in the possession, custody, or control of J&J. J&J further objects to this Request as the phrase "as of this date" is vague, ambiguous, overbroad, undefined and therefore is subject to different reasonable interpretations.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request is vague and ambiguous as to the phrase "as of this date" and therefore neither admits nor denies this Request.

### 3.    Samsung

**REQUEST FOR ADMISSION NO. 200**

Admit that Samsung received FDA approval for its biosimilar Ustekinumab candidate on or around July 1, 2024.

**OBJECTION AND RESPONSE TO REQUEST NO. 200**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 201**

Admit that Samsung's biosimilar is named Pyzchiva®.

**OBJECTION AND RESPONSE TO REQUEST NO. 201**

J&J incorporates by reference its General Objections.

98

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 202

Admit that the FDA approved Samsung's biosimilar ustekinumab as interchangeable with Stelara®.

## OBJECTION AND RESPONSE TO REQUEST NO. 202

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 203

Admit that JNJ-STELARA_001833253, which is a copy of the Petition for *Inter Partes Review* (IPR) of U.S. Patent No. 10,961,307 filed by Samsung in IPR2023-01103, (a) is a true and genuine copy of the Petition filed in the aforementioned IPR, (b) that Samsung filed it on June 21, 2023.

## OBJECTION AND RESPONSE TO REQUEST NO. 203

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 204

Admit that Janssen and J&J entered into a Settlement and Licensing Agreement with Samsung on July 25, 2023.

99

**OBJECTION AND RESPONSE TO REQUEST NO. 204**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 205**

Admit that JNJ-STELARA_000721474, which is a copy of the Settlement and License Agreement (the "Samsung agreement") dated July 25, 2023 between, on the one hand, Janssen Biotech, Inc. and Johnson & Johnson and, on the other hand, Samsung Bioepis Co., Ltd., (a) is a true and genuine copy of the original settlement agreement between those parties, (b) that the parties entered into the Settlement Agreement on or about July 25, 2023, and (c) that the "Recitals" stated in the document are true.

**OBJECTION AND RESPONSE TO REQUEST NO. 205**

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that it is duplicative of previous Requests.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 206**

Admit that JNJ-STELARA_001833228, which is a copy of the Decision Settlement Prior to Institution of Trial dated August 9, 2023 issued in IPR2023-01103, is a true and genuine copy of the Decision in the aforementioned IPR.

**OBJECTION AND RESPONSE TO REQUEST NO. 206**

J&J incorporates by reference its General Objections.

100

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 207

Admit that with respect to Samsung, J&J took the position that it might have valid claims of infringement against Samsung regarding the biosimilar product SB17 Product.

## OBJECTION AND RESPONSE TO REQUEST NO. 207

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request calls for a legal conclusion and therefore neither admit nor deny this Request.

## REQUEST FOR ADMISSION NO. 208

Admit that, under the Samsung agreement, the "patents that cover . . . methods of treating ulcerative colitis with ustekinumab, and processes for the manufacturing biosimilar products including ustekinumab" included the '307, '168 and '810 patents.

101

**OBJECTION AND RESPONSE TO REQUEST NO. 208**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion of this Request appears in JNJ-STELARA_000721474. By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 209**

Admit that, under the Samsung agreement, the "patents that cover . . . the active ingredient in Stelara (ustekinumab)" comprised the '734 patent, which was to expire in September 2023.

**OBJECTION AND RESPONSE TO REQUEST NO. 209**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion of this Request appears in JNJ-STELARA_000721474. By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 210**

Admit that, under the Samsung agreement, Samsung agreed that the biosimilar product SB17 Product would not be launched until February 22, 2025, or earlier under the circumstances set forth in section 1.7 of the agreement.

**OBJECTION AND RESPONSE TO REQUEST NO. 210**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies this request to the extent that it mischaracterizes the terms of the Samsung agreement.  By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 211**

Admit that as of this date, Samsung has performed under Samsung's Agreements by not launching into the U.S. marketplace its biosimilar product to Stelara.

**OBJECTION AND RESPONSE TO REQUEST NO. 211**

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or control of J&J. J&J further objects to this Request as the phrase "as of this date" is vague, ambiguous, overbroad, undefined and therefore is subject to different reasonable interpretations.

103

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request is vague and ambiguous as to the phrase "as of this date" and therefore neither admits nor denies this Request.

4.      **Celltrion**

**REQUEST FOR ADMISSION NO. 212**

Admit that Janssen and J&J entered into a Settlement and Licensing Agreement with Celltrion on July 26, 2023.

**OBJECTION AND RESPONSE TO REQUEST NO. 212**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 213**

Admit that JNJ-STELARA_000699029, which is a copy of the Settlement and License Agreement (the "Celltrion agreement") dated July 26, 2023 between, on the one hand, Janssen Biotech, Inc. and Johnson & Johnson and, on the other hand, Celltrion, Inc., (a) is a true and genuine copy of the original settlement agreement between those parties, (b) that the parties entered into the Settlement Agreement on or about July 26, 2023, and (c) that the "Recitals" stated in the document are true.

**OBJECTION AND RESPONSE TO REQUEST NO. 213**

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that it is duplicative of previous Requests.

104

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 214

Admit that with respect to Celltrion, J&J took the position that it might have valid claims of infringement against Celltrion regarding the biosimilar product CT-P43 Product.

## OBJECTION AND RESPONSE TO REQUEST NO. 214

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request calls for a legal conclusion and therefore neither admit nor deny this Request.

## REQUEST FOR ADMISSION NO. 215

Admit that, under the Celltrion agreement, the "patents that cover . . . methods of treating ulcerative colitis with ustekinumab, and processes for the manufacturing biosimilar products including ustekinumab" included the '307, '168 and '810 patents.

**<u>OBJECTION AND RESPONSE TO REQUEST NO. 215</u>**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion of Plaintiffs' Request appears in JNJ-STELARA_000699029. By way of further response, J&J states that the document is in writing and speaks for itself.

**<u>REQUEST FOR ADMISSION NO. 216</u>**

Admit that, under the Celltrion agreement, the "patents that cover . . . the active ingredient in Stelara (ustekinumab)" comprised the '734 patent, which was to expire in September 2023.

**<u>OBJECTION AND RESPONSE TO REQUEST NO. 216</u>**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion appears in JNJ-STELARA_000699029. By way of further response, J&J states that the document is in writing and speaks for itself.

**<u>REQUEST FOR ADMISSION NO. 217</u>**

Admit that, under the Celltrion agreement, Celltrion agreed that the biosimilar product CT-P43 Product would not be launched until March 7, 2025, or earlier under the circumstances set forth in section 1.6 of the agreement.

106

**OBJECTION AND RESPONSE TO REQUEST NO. 217**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies this request to the extent that it mischaracterizes the terms of the Celltrion agreement. By way of further response, J&J states that the document is in writing and speaks for itself

**REQUEST FOR ADMISSION NO. 218**

Admit that as of this date, Celltrion has performed under Celltrion's Agreements by not launching into the U.S. marketplace its biosimilar product to Stelara.

**OBJECTION AND RESPONSE TO REQUEST NO. 218**

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or control of J&J. J&J further objects to this Request as the phrase "as of this date" is vague, ambiguous, overbroad, undefined and therefore is subject to different reasonable interpretations.

107

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request is vague and ambiguous as to the phrase "as of this date" and therefore neither admits nor denies this Request.

**5.    Fresenius/Formycon**

**REQUEST FOR ADMISSION NO. 219**

Admit that the FDA approved Fresenius's biosimilar ustekinumab candidate on September 27, 2024.

**OBJECTION AND RESPONSE TO REQUEST NO. 219**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 220**

Admit that Fresenius's biosimilar is named Otulfi®.

**OBJECTION AND RESPONSE TO REQUEST NO. 220**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 221**

Admit that the FDA approved Fresenius's biosimilar ustekinumab as interchangeable with Stelara®.

**OBJECTION AND RESPONSE TO REQUEST NO. 221**

J&J incorporates by reference its General Objections.

108

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 222

Admit that Janssen and J&J entered into a Settlement and Licensing Agreement with Formycon and Fresenius on July 27, 2023.

## OBJECTION AND RESPONSE TO REQUEST NO. 222

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 223

Admit that JNJ-STELARA_003430575, which is a copy of the Settlement and License Agreement (Fresenius/Formycon Agreement) dated July 27, 2023 between, on the one hand, Janssen Biotech, Inc. and Johnson & Johnson and, on the other hand, Fresenius Kabi AG, Fresenius Kabi SwissBioSim GmbH, and Formycon AG, (a) is a true and genuine copy of the original settlement agreement between those parties, (b) that the parties entered into the Settlement Agreement on or about July 27, 2023, and (c) that the "Recitals" stated in the document are true.

## OBJECTION AND RESPONSE TO REQUEST NO. 223

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that it is duplicative of previous Requests.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

109

**REQUEST FOR ADMISSION NO. 224**

Admit that with respect to Fresenius/Formycon, J&J took the position that it might have valid claims of infringement against Fresenius/Formycon regarding the biosimilar product FYB202 Product.

**OBJECTION AND RESPONSE TO REQUEST NO. 224**

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this request calls for a legal conclusion and therefore neither admits nor denies this Request.

**REQUEST FOR ADMISSION NO. 225**

Admit that, under the Fresenius/Formycon agreement, the "patents that cover . . . methods of treating ulcerative colitis with ustekinumab, and processes for the manufacturing biosimilar products including ustekinumab" included the '307, '168 and '810 patents.

**OBJECTION AND RESPONSE TO REQUEST NO. 225**

J&J incorporates by reference its General Objections.

110

Subject to and without waiving any and all objections, including the General Objections set forth above, &J admits that the quoted portion appears in JNJ-STELARA_003430575.  By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 226**

Admit that, under the Fresenius/Formycon agreement, the "patents that cover . . . the active ingredient in Stelara (ustekinumab)" comprised the '734 patent, which was to expire in September 2023.

**OBJECTION AND RESPONSE TO REQUEST NO. 226**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion appears in JNJ-STELARA_003430575.  By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 227**

Admit that, under the Fresenius/Formycon agreement, Fresenius/Formycon agreed that the biosimilar product FYB202 Product would not be launched until April 15, 2025, or earlier under the circumstances set forth in section 1.7 of the agreement.

**OBJECTION AND RESPONSE TO REQUEST NO. 227**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies this Request to the extent that it mischaracterizes the terms of the

Fresenius/Formycon agreement.  By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 228

Admit that as of this date Fresenius/Formycon has performed under Fresenius/Formycon's Agreements by not launching into the U.S. marketplace its biosimilar product to Stelara.

## OBJECTION AND RESPONSE TO REQUEST NO. 228

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or control of J&J. J&J further objects to this Request as the phrase "as of this date" is vague, ambiguous, overbroad, undefined and therefore is subject to different reasonable interpretations.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this request is vague and ambiguous as to the phrase "as of this date" and therefore neither admits nor denies this Request.

112

**6.      Accord**

**REQUEST FOR ADMISSION NO. 229**

Admit that the FDA approved Accord's biosimilar ustekinumab candidate on October 10, 2024.

**OBJECTION AND RESPONSE TO REQUEST NO. 229**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 230**

Admit that Accord's biosimilar is named Imuldosa®.

**OBJECTION AND RESPONSE TO REQUEST NO. 230**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 231**

Admit that Janssen and J&J entered into a Settlement and Licensing Agreement with Accord on September 20, 2023.

**OBJECTION AND RESPONSE TO REQUEST NO. 231**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

113

**REQUEST FOR ADMISSION NO. 232**

Admit that JNJ-STELARA_000699001, which is a copy of the Settlement and License Agreement (the "Accord agreement") dated September 20, 2023 between, on the one hand, Janssen Biotech, Inc. and Johnson & Johnson and, on the other hand, Accord BioPharma, Inc., (a) is a true and genuine copy of the original settlement agreement between those parties, (b) that the parties entered into the Settlement Agreement on or about September 20, 2023, and (c) that the "Recitals" stated in the document are true.

**OBJECTION AND RESPONSE TO REQUEST NO. 232**

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that it is duplicative of previous Requests.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 233**

Admit that with respect to Accord, J&J took the position that it might have valid claims of infringement against Accord regarding the biosimilar product DMB-3115 Product.

**OBJECTION AND RESPONSE TO REQUEST NO. 233**

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability*

114

*Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request calls for a legal conclusion and therefore neither admits nor denies this Request. By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 234**

Admit that, under the Accord agreement, the "patents that cover . . . methods of treating ulcerative colitis with ustekinumab, and processes for the manufacturing biosimilar products including ustekinumab" included the '307, '168 and '810 patents.

**OBJECTION AND RESPONSE TO REQUEST NO. 234**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in JNJ-STELARA_000699001. By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 235**

Admit that, under the Accord agreement, the "patents that cover . . . the active ingredient in Stelara (ustekinumab)" comprised the '734 patent, which was to expire in September 2023.

**OBJECTION AND RESPONSE TO REQUEST NO. 235**

115

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted excerpt appears in JNJ-STELARA_000699001. By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 236

Admit that, under the Accord agreement, Accord agreed that the biosimilar product DMB-3115 Product would not be launched until May 15, 2025, or earlier under the circumstances set forth in section 1.6 of the agreement.

## OBJECTION AND RESPONSE TO REQUEST NO. 236

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies this Request to the extent that it mischaracterizes the terms of the Accord agreement. By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 237

Admit that as of this date, Accord has performed under Accord's Agreements by not launching into the U.S. marketplace its biosimilar product to Stelara.

## OBJECTION AND RESPONSE TO REQUEST NO. 237

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed.

116

Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or control of J&J. J&J further objects to this Request as the phrase "as of this date" is vague, ambiguous, overbroad, undefined and therefore is subject to different reasonable interpretations.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this request is vague and ambiguous as to the phrase "as of this date" and neither admits nor denies this Request.

### 7.    Biocon

### REQUEST FOR ADMISSION NO. 238

Admit that the FDA approved Biocon's biosimilar ustekinumab candidate on November 29, 2024.

### OBJECTION AND RESPONSE TO REQUEST NO. 238

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

### REQUEST FOR ADMISSION NO. 239

Admit that Biocon's biosimilar is named Yesintek®.

117

## OBJECTION AND RESPONSE TO REQUEST NO. 239

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 240

Admit that JNJ-STELARA_001830626, which is a copy of the Petition for *Inter Partes Review* of U.S. Patent No. 10,961,307 dated November 22, 2023 and filed by Biocon in IPR2023-01444, is a true and genuine copy of the Petition filed by Biocon in the aforementioned IPR.

## OBJECTION AND RESPONSE TO REQUEST NO. 240

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 241

Admit that Janssen and J&J entered into a Settlement and Licensing Agreement with Biocon on February 27, 2024.

## OBJECTION AND RESPONSE TO REQUEST NO. 241

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

## REQUEST FOR ADMISSION NO. 242

Admit that JNJ-STELARA_000699061, which is a copy of the Settlement and License Agreement (the "Biocon agreement") dated February 27, 2024 between, on the one hand, Janssen

118

Biotech, Inc. and Johnson & Johnson and, on the other hand, Biocon Biologics UK Limited, Biocon Biologics Inc., and Biocon Biologics Limited, that (a) it is a true and genuine copy of the original settlement agreement between those parties, (b) that the parties entered into the Settlement Agreement on or about February 27, 2024, and (c) that the "Recitals" stated in the document are true.

**OBJECTION AND RESPONSE TO REQUEST NO. 242**

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it contains more than one Request for Admission. J&J further objects to this Request on the grounds that it is duplicative of previous Requests.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 243**

Admit that JNJ-STELARA_001830622, which is a copy of the Decision Granting Join Motion to Terminate Prior to Institution of Trial and Granting Joint Request to File Settlement Agreement as Business Confidential Information dated March 4, 2024 in IPR2023-01444 is a true and genuine copy of the Decision in the aforementioned IPR.

**OBJECTION AND RESPONSE TO REQUEST NO. 243**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**REQUEST FOR ADMISSION NO. 244**

119

Admit that with respect to Biocon, J&J took the position that it might have valid claims of infringement against Accord regarding the biosimilar product Bmab 1200 Product.

**OBJECTION AND RESPONSE TO REQUEST NO. 244**

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion.").

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this Request calls for a legal conclusion and therefore neither admit nor deny this Request. By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 245**

Admit that, under the Biocon agreement, the "patents that cover . . . methods of treating ulcerative colitis with ustekinumab, and processes for the manufacturing biosimilar products including ustekinumab" included the '307, '168 and '810 patents.

**OBJECTION AND RESPONSE TO REQUEST NO. 245**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

120

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion appears in JNJ-STELARA_001830622.  By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 246**

Admit that, under the Biocon agreement, the "patents that cover . . . the active ingredient in Stelara (ustekinumab)" comprised the '734 patent, which was to expire in September 2023.

**OBJECTION AND RESPONSE TO REQUEST NO. 246**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the quoted portion appears in JNJ-STELARA_001830622.  By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 247**

Admit that, under the Biocon agreement, Biocon agreed that the biosimilar product Bmab 1200 Product would not be launched until February 22, 2025, or earlier under the circumstances set forth in section 1.9 of the agreement.

**OBJECTION AND RESPONSE TO REQUEST NO. 247**

J&J incorporates by reference its General Objections.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J denies this request to the extent that it mischaracterizes the terms of the Biocon

121

agreement.  By way of further response, J&J states that the document is in writing and speaks for itself.

## REQUEST FOR ADMISSION NO. 248

Admit that as of this date Biocon has performed under Biocon's Agreements by not launching into the U.S. marketplace its biosimilar product to Stelara.

## OBJECTION AND RESPONSE TO REQUEST NO. 248

J&J incorporates by reference its General Objections. J&J further objects to this Request as improperly calling for a legal conclusion. *Adventis, Inc. v. Consol. Prop. Holdings,* 124 Fed. Appx. 169, 172 (4th Cir. 2005); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.,* 164 F.3d 623 at *1 (4th Cir. 1998) (holding that it was reasonable for the party to neither admit nor deny requests calling for legal conclusions); *CDS Family Trust v. Martin,* 2019 WL 2477358 at *2 (D. Md. Jun. 13, 2019) ("Admissions are not designed to elicit legal conclusions."); *Disability Rights Council v. Wash. Metro. Area Transit Auth.,* 234 F.R.D. 1, 2 (D.D.C. 2006) ("one party cannot demand that the other party admit the truth of a legal conclusion."). J&J further objects to this Request because it seeks admissions regarding third parties that are not in the possession, custody, or control of J&J. J&J further objects to this Request as the phrase "as of this date" is vague, ambiguous, overbroad, undefined and therefore is subject to different reasonable interpretations.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J states that this request is vague and ambiguous as to the phrase "as of this date" and neither admits nor denies this Request.

122

**J.**    **Loss of exclusivity statements**

**REQUEST FOR ADMISSION NO. 249**

Admit that no J&J SEC filing specifically identifies the '307 Patent.

**OBJECTION AND RESPONSE TO REQUEST NO. 249**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the phrase "specifically identifies" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, denied.

**REQUEST FOR ADMISSION NO. 250**

Admit that no J&J SEC filing ever identified the potential for the period for the loss of exclusivity for Stelara to occur was tied to the expiration of the '307 Patent.

**OBJECTION AND RESPONSE TO REQUEST NO. 250**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J's SEC filings are public and speak for themselves.

**REQUEST FOR ADMISSION NO. 251**

Admit that prior to the Amgen settlement no J&J SEC filing identifies the loss of exclusivity for Stelara to be later than September 2023.

123

**<u>OBJECTION AND RESPONSE TO REQUEST NO. 251</u>**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, admitted.

**<u>REQUEST FOR ADMISSION NO. 252</u>**

Admit that J&J has no J&J internal document in which it projects revenues tied to a period where the loss of exclusivity for Stelara is not to occur until the expiration of the '307 Patent.

**<u>OBJECTION AND RESPONSE TO REQUEST NO. 252</u>**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available. J&J further responds that its internal documents speak for themselves.

**<u>REQUEST FOR ADMISSION NO. 253</u>**

Admit that before J&J modeled the anticipated or actual results from the Amgen settlement, J&J has no J&J internal document in which it projects revenues tied to a period where the loss of exclusivity for Stelara is later than September 2023.

124

**OBJECTION AND RESPONSE TO REQUEST NO. 253**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available. J&J further responds that its internal documents speak for themselves.

**REQUEST FOR ADMISSION NO. 254**

Admit that no J&J SEC filing specifically identifies the Manufacturing Patents.

**OBJECTION AND RESPONSE TO REQUEST NO. 254**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that the phrase "specifically identifies" is vague, ambiguous, overbroad, undefined, and therefore the Request cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J's SEC filings are public and speak for themselves.

**REQUEST FOR ADMISSION NO. 255**

Admit that J&J has no J&J internal document in which it projects revenues tied to a period where the loss of exclusivity for Stelara is not to occur until the expiration of the Manufacturing Patents.

125

**OBJECTION AND RESPONSE TO REQUEST NO. 255**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague, ambiguous, overbroad, and cannot be answered with a simple "admit" or "deny" response.

Subject to and without waiving any and all objections, including the General Objections set forth above, following a reasonable inquiry, J&J lacks knowledge sufficient to admit or deny the remainder of this Request based on the information reasonably available. J&J further responds that its internal documents speak for themselves.

**REQUEST FOR ADMISSION NO. 256**

Admit that as of fiscal 2023, "[t]hird parties ha[d] filed abbreviated Biologics License Applications with the FDA seeking approval to market biosimilar versions of Stelara."

**OBJECTION AND RESPONSE TO REQUEST NO. 256**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the above appears in, among others, the April 28, 2023 10-Q filed by J&J. By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 257**

Admit that as of fiscal 2023, J&J "ha[d] settled certain litigation under the Biosimilar Price Competition and Innovation Act of 2009."

126

**OBJECTION AND RESPONSE TO REQUEST NO. 257**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the above appears in, among others, the February 16, 2024 10-K filed by J&J.  By way of further response, J&J states that the document is in writing and speaks for itself.

**REQUEST FOR ADMISSION NO. 258**

Admit that as of fiscal 2023, according to J&J "[a]s a result of settlements and other agreements with third parties, the Company does not anticipate the launch of a biosimilar version of Stelara before January 1, 2025 in the United States."

**OBJECTION AND RESPONSE TO REQUEST NO. 258**

J&J incorporates by reference its General Objections. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request quotes language, taken out of context, using undefined terms, without reference or citation to the source of that language. J&J further objects to this Request on the grounds that it is misleading and prejudicial because the Request contains an incomplete quotation lacking proper context.

Subject to and without waiving any and all objections, including the General Objections set forth above, J&J admits that the above appears in, among others, the February 16, 2024 10-K

127

filed by J&J.  By way of further response, J&J states that the document is in writing and speaks for itself.

## K.    Discovery Related Requests

### REQUEST FOR ADMISSION NO. 259

Admit that every attorney listed on the List of Attorney Names served with Priv Log 004 (on date November 7, 2024) and Priv Log 005 (on November 29, 2024) represented J&J at the time of the communication.

### OBJECTION AND RESPONSE TO REQUEST NO. 259

J&J incorporates by reference its General Objections. J&J further objects that this Request is compound as it seeks admission of legal conclusions and contains more than one Request for Admission. J&J further objects to this Request on the grounds that it is vague and ambiguous because the Request does not define what communication it is referencing.  J&J neither admits nor denies.

128

Dated: January 29, 2025

Respectfully submitted,

*/s/ Christina Guerola Sarchio*
George G. Gordon *(pro hac vice)*
Julia E. Chapman *(pro hac vice)*
Katherine Unger Davis *(pro hac vice)*
Forrest E. Lovett (*pro hac vice*)
Judah Bellin *(pro hac vice)*
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994 4000
Fax: (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
katherine.ungerdavis@dechert.com
forrest.lovett@dechert.com

Christina Guerola Sarchio
VSB No. 87166
**DECHERT LLP**
1900 K Street,
NW Washington,
DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com

Amanda K. Antons (*pro hac vice*)
**DECHERT LLP**
35 W Wacker Drive Suite 3400
Chicago, IL 60601
Tel.: (312) 646-5800
Fax: (312) 646-5858
amanda.antons@dechert.com

*Counsel for Defendants Johnson & Johnson
and Janssen Biotech, Inc.*

129

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2025, I caused to be served a copy of the foregoing Johnson & Johnson and Janssen Biotech, Inc.'s Objections and Responses to Plaintiffs' Second Set of Requests for Admission on all counsel of record via email.

/s/ Kathetine Unger Davis

Katherine Unger Davis (*pro hac vice)*

**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994 4000
Fax: (215) 994-2222
katherine.ungerdavis@dechert.com

*Counsel for Defendants Johnson & Johnson
and Janssen Biotech, Inc.*