# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

CAREFIRST OF MARYLAND, INC., GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., and CAREFIRST BLUECHOICE, INC., on behalf of themselves and all others similarly situated,

                        Plaintiffs,

    v.

JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,

                        Defendants.

Civil Action No. 2:23-cv-00629

District Judge Jamar K. Walker

Magistrate Judge Lawrence R. Leonard

**[PROPOSED] PLAINTIFFS' SUR-REPLY ADDRESSING NEW MATERIAL AND FALSE ACCUSATIONS OF MISLEADING THE COURT IN DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

<u>**Page**</u>

I.      INTRODUCTION ..................................................................................................... 1

II.     ARGUMENT............................................................................................................. 2

        1.      The plaintiffs accurately represent Denise DeFranco's
            testimony.................................................................................................. 2

        2.      J&J's unexplained privilege log metadata supports the
            plaintiffs' inferences. ................................................................................ 4

        3.      The record of J&J's document productions and
            withholdings further supports the plaintiffs' inferences. ........................... 6

III.    CONCLUSION........................................................................................................ 7

## I.    INTRODUCTION

The plaintiffs move to submit this sur-reply to respond to J&J's accusation, in its reply brief in support of its motion for summary judgment, ECF No. 605 ("Reply"), that the plaintiffs misrepresented the factual record to the Court. Specifically, J&J asserts that the plaintiffs:

1.    Ignore the testimony of J&J's in-house patent litigation attorney Denise DeFranco about ███████████████████████████ (Reply at 20, 21, 23);

2.    Misrepresent the meaning of certain metadata fields in J&J's privilege logs (*id.* at 21–22 & n.23); and

3.    Artificially conflate Ms. DeFranco's testimony ████████████████████ ███████████████████████████████. *Id.* at 22–23.

In support of these accusations, J&J's Reply introduces new evidence into the summary judgment record—namely its Ex. 80, which contains excerpts of Ms. DeFranco's deposition transcript not previously before the Court, and Ex. 81, a table with seven privilege log entries selected by J&J. Reply at 20–21; ECF Nos. 605-9 & 605-10.

As explained below, none of J&J's accusations are true. They depend on the Court drawing a series of factual inferences to which J&J, as the movant, is not entitled. *See Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 958 (4th Cir. 2022) ("In considering a motion for summary judgment, the court construes all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party."). The record shows, rather, that Ms. DeFranco *revised* her testimony following the assertions that J&J cites. While J&J unreasonably clings to Ms. DeFranco's earlier assertions, the plaintiffs rely upon her revised testimony and draw appropriate inferences from it in light of other evidence in J&J's document productions and privilege logs.

Importantly, J&J's accusations are no more than a sideshow here. Each one is inconsequential to the Court's resolution of J&J's motion for summary judgment. The plaintiffs' Section 2 claim is adequately supported regardless of whether the plaintiffs have shown that J&J

specifically intended, prior to closing its acquisition of Momenta, to deploy the Momenta patents for anticompetitive purposes. "A plaintiff need not prove that the defendant intended to do an *improper* act, just that it intended to do the act that had the *effect* of acquiring or maintaining monopoly power." Pls.' Opp. to J&J's Mot. for Summ. J. (ECF No. 549, hereafter "Pls.' MSJ Opp.") at 31 (citing and discussing *United Food & Com. Workers Loc. 1776 & Participating Emps. Health & Welfare Fund v. Takeda Pharm. Co. Ltd.*, 11 F.4th 118, 137 (2d Cir. 2021)).

The plaintiffs seek leave to respond only to refute J&J's accusation that counsel have been untruthful in their representations to the Court.

## II.    ARGUMENT

### 1.    The plaintiffs accurately represent Denise DeFranco's testimony.

Counsel for the plaintiffs deposed Denise DeFranco on February 25, 2025. DeFranco initially testified that she ███████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████ ████████████████████████████████. *See* Declaration of Charles Kopel (Kopel Decl.), Ex. A (excerpts from the deposition transcript of Denise DeFranco ("DeFranco Tr.")) at 109:10-11; *see also id.* at 249:9-12 ("████████████████████ ██████████████████████████████.█████"). ███████████████ ████████████████████████████████████████████ ██████████████████████████.

Ms. DeFranco subsequently revised her testimony on this point. ████████████ ███████████████████████████████████████████ ███████████████████████████████████████████████ █████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████. *Id.* at 271:10-17 ("█████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████" *Id.* at 278:3–279:7.

Without mentioning the first version of Ms. DeFranco's testimony, J&J suggests to the Court that this second version was the authoritative, "█████████" one, and that the plaintiffs should have cited it to the Court. Reply at 21. But Ms. DeFranco revised her testimony one additional time. After reviewing one more privilege log entry showing that █████████████ █████████████████████████████████████████ (DeFranco Tr. at 283:2–284:11), █████████████████████████████████████████████████ ███████████████████████████████████████ *Id.* at 284:19-21 (emphasis added).

The plaintiffs are not claiming that Ms. DeFranco lied when ████████████████████ ██████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████

█████████ *Id.* at 284:19-21. It was not inappropriate for Ms. DeFranco to change her

testimony, but it is inappropriate that J&J continues to cling to her pre-revision assertion, and to use it as the basis for accusing the plaintiffs of misleading the Court. Reply at 20–23.

**2.      J&J's unexplained privilege log metadata supports the plaintiffs' inferences.**

During discovery, J&J produced to the plaintiffs ███████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████. *See* Kopel Decl., Ex. B.

J&J also produced ████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████. *Id.* As J&J asserts, ███████

███████████████████████████████████████████████████████████

Reply at 22. Separately, J&J's privilege log indicates that J&J withheld ████████████

███████████████████████████████████████████████████. The

metadata identifies ████████████████████████████████████

████████████████████████████████ *Id.* J&J also withheld and

logged a single PDF copy of ████████████████████████████████

████████████████████████████. *Id.*

In response to the plaintiffs' reliance upon the ████████████████████████

████████████████████████████, J&J argues that this date should be

disregarded. In a footnote, J&J argues, without support, that ████████████████████

███████████████████████████████████████. Reply at 21 n.23.

That might be true. But alongside this clarification of what the date is *not*, J&J offers no clarity on what it *is*. J&J provides no background on what happened on ██████████████████

███████████████████████████████████████████████████████████

███████████████ Who created these documents? What was the context? Why are there multiple copies ████████████████████████████████████████? Even after J&J's three pages of briefing on this subject, these issues remain unexplained.[1]

Indeed, J&J's demand seems to be that, in spite of the fact that this date appears repeatedly in logs and metadata *it produced to the plaintiffs*, and in spite of the fact that J&J offers no alternative explanation, the plaintiffs are expected—even ethically required!—to ignore this date and treat it as entirely meaningless. Instead, the plaintiffs' opposition brief (Pls.' MSJ Opp. at 4, ¶¶ 33–35) appropriately juxtaposes the █████████████████████



███████████████████ (DeFranco Tr. at 260:8–270:16). Nothing in Ms. DeFranco's testimony forecloses the inference that ███████████████████████.[2]

J&J also faults the plaintiffs for failing to include as evidence the ███████████ ████████████████████████████████████████ ████████████████████████. But "statements of counsel do not constitute evidence for the purposes of granting or denying a summary judgment motion." *Miles v. Salvation Army*, No. 1:12–cv–00176–JMC, 2013 WL 3762899, at *2 n.5 (D.S.C. July 16,

---

[1] J&J's opacity on this metadata question is nothing new. As noted in connection with a 2024 motion to compel documents improperly withheld for privilege, J&J's Privilege Log 004 was substantially delayed by J&J's need to correct rampant deficiencies. These included, *inter alia*, missing email addresses, incorrect dates, unidentified recipients and senders, and documents shared with unrelated third parties. *See* ECF No. 240-3 at 1–3.

[2] It bears emphasis again here that this inference is *unnecessary* for the plaintiffs to overcome J&J's motion for summary judgment with respect to the Momenta acquisition, or indeed to prevail on their own summary judgment motion. As a matter of law, the plaintiffs' monopolization claim does not require any showing that J&J intended to acquire Momenta for the specific purpose of later deploying the Momenta patents for monopolistic objectives. *See supra* at 2; Pls.' MSJ Opp. at 31–32 (clarification of this point in the plaintiffs' opposition to J&J's motion for summary judgment); ECF No. 620 at 10–12 (clarification of this point in the plaintiffs' reply in support of their own motion for summary judgment).

2013) (collecting cases). Instead of relying on its counsel's "admonishment," J&J could have sought to correct or supplement the evidentiary record following Ms. DeFranco's testimony. But J&J asked no redirect questions on the subject of the Momenta patents, served no amended privilege log, and provided no support for its view of the meaning of its metadata. If, in spite of the plaintiffs' corrections above, J&J continues to maintain that the plaintiffs' interpretation of its log entries is "misleading," it remains free to produce the withheld emails for inspection by the Court *in camera*.

### 3. The record of J&J's document productions and withholdings further supports the plaintiffs' inferences.

J&J's productions and privilege logs provide further chronological context for the provenance of the patent files it produced and withheld. On ██████████████████ ████████████████████████████████████████████████ ███████████████████████████████████████████████. Pls.' MSJ Opp. at 15 (citing Ex. 169). Per the privilege logs, ███████████████████ ███████████████████████████████ The privilege logs additionally show that the following events, *inter alia*, also occurred on ████████████:



1.  ████████████████████████████████████████████ ████████████████████████████████ ██████ (Kopel Decl., Ex. C to at PL00061900.001 & PL00061900.002);

2.  ████████████████████████████████████████████ █████████████████ (*see, e.g., id.* at PL00032312.004);

3.  ████████████████████████████████████████ ████████████████████████████████████ ████████████████████ (*see, e.g., id.* at PL00037734.002);

4.  An email thread, originally withheld by J&J and later produced, with subject line "████████████████████████████████" shows that J&J ████████████ ████████████████████████████

 (Kopel Decl., Ex. D).

This evidence strongly suggests that Ms. DeFranco was aware of, and reviewed, at least the ███████████████████████████, the date on which copies of this patent in her custodial file were created. It also suggests that the beginning of pre-acquisition due diligence for the Momenta acquisition, as well as concerns about "████████████████████ ████████," prompted the attention on that date to the Momenta manufacturing patents.

### III.    CONCLUSION

For the foregoing reasons, in addition to those discussed in their opposition brief, the plaintiffs respectfully request that the Court deny J&J's motion and disregard the unfounded accusations of misrepresentation contained in J&J's reply briefing.

Dated: October 28, 2025                Respectfully submitted,

*/s/ William H. Monroe, Jr.*
William H. Monroe, Jr. (VSB No. 27441)
Marc C. Greco (VSB No. 41496)
Kip A. Harbison (VSB No. 38648)
Michael A. Glasser (VSB No. 17651)
**GLASSER AND GLASSER, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, VA 23510
Telephone: (757) 625-6787
bill@glasserlaw.com
marcg@glasserlaw.com
kip@glasserlaw.com
michael@glasserlaw.com

Thomas M. Sobol (*pro hac vice*)
Hannah W. Brennan (*pro hac vice*)
Abbye R. K. Ognibene (*pro hac vice)*
Whitney E. Street (*pro hac vice*)
Rebekah Glickman-Simon (*pro hac vice*)

**HAGENS BERMAN SOBOL SHAPIRO LLP**
One Faneuil Hall Square, 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
tom@hbsslaw.com
hannahb@hbsslaw.com
abbyeo@hbsslaw.com
whitneyst@hbsslaw.com
rebekahgs@hbsslaw.com

Peter D. St. Phillip (*pro hac vice*)
Uriel Rabinovitz (*pro hac vice*)
Raymond Girnys (*pro hac vice*)
Noelle Ruggiero (*pro hac vice*)
Alexis Castillo (*pro hac vice*)
Thomas Griffith *(pro hac vice)*
Peyton A. Woodward (*pro hac vice)*
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
PStPhillip@lowey.com
URabinovitz@lowey.com
RGirnys@lowey.com
NRuggiero@lowey.com
ACastillo@lowey.com
tgriffith@lowey.com
pwoodward@lowey.com

John Radice (*pro hac vice*)
April Lambert (*pro hac vice*)
Kenneth Pickle (*pro hac vice*)
Charles Kopel (*pro hac vice*)
**RADICE LAW FIRM, P.C.**
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
jradice@radicelawfirm.com
alambert@radicelawfirm.com
kpickle@radicelawfirm.com
ckopel@radicelawfirm.com

*Counsel for Plaintiffs CareFirst of Maryland, Inc.,
Group Hospitalization and Medical Services, Inc.,
and CareFirst BlueChoice, Inc.*

**CERTIFICATE OF SERVICE**

I, William H. Monroe, Jr., certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated:    October 28, 2025                          */s/ William H. Monroe, Jr.*
                                                     William H. Monroe, Jr.