UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| CAREFIRST OF MARYLAND, INC., GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., and CAREFIRST BLUECHOICE, INC., on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,<br><br>      Defendants. | Case No. 2:23-cv-00629-JKW-LRL<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS JOHNSON & JOHNSON AND JANSSEN BIOTECH, INC.'S
MOTION IN LIMINE NO. 7 (AND MEMORANDUM IN SUPPORT)
TO PRECLUDE EVIDENCE RELATING TO THE INVENTORS' PATH TO THE
INVENTION AND J&J'S AND THE INVENTORS' SUBJECTIVE EXPECTATIONS**

Defendants Johnson & Johnson and Janssen Biotech Inc. (collectively, "J&J") move pursuant to Federal Rules of Evidence 402 and 403 to preclude Plaintiffs CareFirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., and CareFirst BlueChoice, Inc. ("Plaintiffs") from offering any testimony, evidence, or argument relating to the inventors' path to the invention claimed in U.S. Patent No. 10,961,307 (the "'307 Patent") and J&J's and the inventors' subjective expectations about the invention.

## INTRODUCTION

Plaintiffs will ask the jury to find that the '307 Patent's claims are invalid as obvious—a finding necessary to plaintiffs' *Walker Process* fraud claim—based on evidence reflecting the inventors' subjective expectations regarding the effectiveness of using Stelara to treat ulcerative colitis ("UC"). But it is black-letter law that evidence of the inventors' own path to their invention—including subjective expectations about their own invention—are irrelevant to the issue of obviousness. Such evidence is therefore not only irrelevant, but also unduly prejudicial and likely to confuse the jury, who must decide whether the '307 Patent's claims would have been obvious to a hypothetical person of ordinary skill in the art ("POSA"), not the J&J inventors, based on information only in the public domain at the time (not the non-public information available to the J&J inventors). It should be excluded pursuant to Rules 402 and 403.

Plaintiffs' fraud claim is premised on their contention that, but-for alleged withholding of information and misrepresentations, the United States Patent and Trademark Office ("USPTO") would have found the '307 Patent obvious. Dkt. 557 at 6 ("[T]he fraud alleged here involves patent obviousness."). They seek to prove obviousness, in part, by using J&J's and the inventors' *confidential* materials, such as FDA submissions and internal documents reflecting their subjective expectations about the UNIFI Phase III trial ("NCT 236") studying whether Stelara could be used to treat UC. That is improper. Even Plaintiffs concede this point: "[w]hat J&J subjectively thought

1

about the likelihood NCT 236 would succeed *is not relevant* to the question of obviousness under patent law; whether there is reasonable expectation of success *does not depend on the applicant's subjective expectations*." Dkt. 552 at 16 (emphasis added).

Obviousness must be shown by comparing the patent claims to prior art—*i.e.*, publicly available information—from the perspective of a hypothetical person of ordinary skill in the art ("POSA"). It does not depend on the patentee's or inventors' subjective beliefs or their internal development path. "The inventor's own path itself never leads to a conclusion of obviousness; that is hindsight." *Otsuka Pharm. Co., Ltd. v. Sandoz, Inc.*, 678 F.3d 1280, 1296 (Fed. Cir. 2012). Inviting the jury to find obviousness based on the confidential, non-prior art documents reflecting the inventors' expectations is directly contrary to statute, *see* 35 U.S.C. § 103 ("Patentability shall not be negated by the manner in which the invention was made."), invokes quintessential (and forbidden) hindsight, and risks confusing the issues and misleading the jury. The Court should not countenance plaintiffs' efforts to do so.

## BACKGROUND

### A.   The '307 Patent and UNIFI Trial

The invention of the '307 Patent is a product of the inventors' work on the UNIFI clinical trial. UNIFI was the first clinical trial evaluating the use of ustekinumab as a treatment for moderate-to-severe UC. Ex. 1 ¶¶ 64-74. Results from the UNIFI trial are described in the specification of the '307 Patent. Ex. 2 at 46:8-60, 42:11-25 (Examples 1 and 2 of the '307 Patent include the results of the UNIFI trial). In particular, the '307 Patent includes UNIFI trial data showing that UC patients receiving ustekinumab achieved endoscopic healing, improvements in IBDQ scores, and histologic healing. *Id.* at 46:7-49:56. Based on these innovations, the USPTO issued the '307 Patent, which includes claims directed to an effective method of treatment which achieves specific clinical endpoints in moderate-to-severe UC subjects. *Id.* at cls. 1, 19, 33, 34.

B.  **Representative Documents**

This Motion concerns documents and evidence related to the underlying, confidential work of the inventors who designed and worked on the UNIFI trial. These documents include FDA submissions (both draft and final) regarding the UNIFI trial and internal correspondence assessing the likelihood of the UNIFI trial's success. There is no dispute that all of these documents were confidential, *i.e.*, not publicly available, as of the '307 Patent's effective filing date, September 24, 2018. Ex. 2. J&J provides representative examples of documents Plaintiffs seek to introduce at trial:

**The FDA Protocol**. J&J's clinical trial protocol for the UNIFI trial is one such document. Ex. 3. The protocol was a confidential document as of the '307 Patent's September 24, 2018 effective filing date. Ex. 12 ¶ 150 ("the full phase 3 protocol for NCT-236 was not publicly available as of September 24, 2018").[1] It is not prior art to the '307 Patent. Ex. 1 ¶¶ 487-490. The protocol was a compilation of work by the inventors and many others, including persons of *extraordinary* skill in the art and persons with skill outside the relevant art. Ex. 4 at 169:3-24 (████████████████████████████████████████████████████████████████). It outlines J&J's rationale for conducting the trial, its hypothesis that ustekinumab may effectively treat UC, and the trial's design. Ex. 3 at 42-43; Ex. 1 ¶¶ 503-504. Plaintiffs seek to use this document to show that J&J and the inventors believed that ustekinumab

---

[1] Although the UNIFI Protocol was confidential as of the '307 Patent's effective filing date—and is therefore irrelevant for the purposes of obviousness—it was available on clinicaltrials.gov by the time the examiner reviewed clinicaltrials.gov in 2020. Ex. 1 ¶ 491; Ex. 5 (stating that clinicaltrials.gov posting was "[a]ccessed from the internet 7/13/20"); Ex. 6 at 24 ("Document Section" listing "Study Protocol" uploaded on "2019-11-15"). Thus, the protocol was also not withheld from the examiner.

would work to treat UC, and therefore that a POSA would have had a reasonable expectation of success.[2]

***PTRS Documents***.  Plaintiffs also seek to introduce internal J&J communications regarding ▇▇▇[3]—a "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"  Ex. 7 at 47:4-7.  For instance, Plaintiffs seek to use confidential correspondence regarding the "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇."  *See* Ex. 8.  Such ▇▇▇ communications are confidential J&J communications which Plaintiffs will introduce in an attempt to show that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇,[4] and therefore that a POSA would have as well.

## ARGUMENT

### I.  J&J's Confidential Documents Concering the UNIFI Trial Are Not Relevant to *Walker Process* Fraud

Plaintiffs' *Walker Process* claim requires proof that the '307 Patent is invalid.  *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 690 (2d Cir. 2009) ("If a patent is valid, a *Walker Process* claim cannot stand."); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 2014 WL 982848, at *11 (E.D. Pa. Mar. 13, 2014) ("[I]nvalidity is a prerequisite to a successful *Walker Process* fraud claim . . . .").  Here, Plaintiffs allege that during patent prosecution J&J intentionally withheld or misrepresented information that would have rendered the '307 Patent obvious.  Dkt. 557 at 6.  Obviousness is determined from the perspective of a POSA based solely on the prior art.

---

[2]  To be clear, J&J disputes Plaintiffs' interpretation of statements in the protocol.  The protocol included a futility analysis in case ustekinumab failed to work, reflecting significant uncertainty on the part of J&J and the inventors.  Ex. 1 ¶¶ 505-06.  Regardless, even if the protocol reflected J&J's or the inventors' own strong belief that ustekinumab would work, it is improper to assess obviousness based on the perspective of the inventor.  *See infra* at 6-7.

[3]  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

35 U.S.C. § 103; *see also Manual of Patent Examining Procedure* ("MPEP"), § 2141.03 (9th ed. 2024) ("The examiner must ascertain what would have been obvious as of the relevant time to one of ordinary skill in the art").  Documents reflecting the inventors' subjective beliefs are irrelevant to the germane inquiry because, even if they were known to the patent examiner, those documents would not (and cannot) have rendered the patent obvious.  Moreover, allowing the jury to consider such documents risks the jury improperly finding obviousness based on the inventor's own path to the invention, which would be contrary to statute.  35 U.S.C. § 103 ("Patentability shall not be negated by the manner in which the invention was made.").  And in any event, the inventors are individuals with extraordinary skill in the art who had access to non-public, confidential information, rendering their subjective expectations doubly irrelevant to the obviousness inquiry.

      A.      **J&J's Confidential Documents Are Not Prior Art**

Obviousness requires an analysis of the "differences between the claimed invention and the prior art" from the perspective of a POSA. 35 U.S.C. § 103; *Custom Accessories, Inc. v. Jeffrey–Allan Indus., Inc.*, 807 F.2d 955, 962 (Fed. Cir. 1986) (hypothetical POSA "is presumed to be aware of all the pertinent prior art.").  Prior art refers to, as relevant here, "printed publication[s]" or material "otherwise available to the public before the effective filing date" of the patent.  35 U.S.C. § 102(a)(1).  Confidential documents, by definition, are not accessible to the public and cannot qualify as prior art.[5]  *See Onyx Therapeutics, Inc. v. Cipla Ltd.*, 613 F. Supp. 3d 817, 844 (D. Del. 2020) ("Onyx's NDA . . . is a confidential document that is not prior art."); *see also Carpenter Tech. Corp. v. Allegheny Techs. Inc.*, 2011 WL 3296202, at *10 (E.D. Pa. Aug. 2, 2011) ("[M]aterial is not prior art for purpose of the obviousness inquiry if it was not publicly available prior to the invention."); *Endo Pharms. Inc. v. Actavis Inc.*, 2017 WL 3731001, at *6 (D.

---

[5]     J&J does not contend that the duty to disclose is limited to prior art.

5

Del. Aug. 30, 2017) (finding that "confidential communications" with FDA were not "prior art"). Since J&J's confidential documents, such as FDA submissions and internal correspondence regarding the UNIFI clinical trial, were not publicly accessible as of September 24, 2018, they are not prior art to the '307 Patent and are not relevant to establish obviousness of the '307 Patent.

> **B.  The Path of the Inventors and J&J's Subjective Expectations Are Irrelevant to Obviousness and Reasonable Expectation of Success**

The non-public FDA submissions and internal J&J correspondence regarding the UNIFI clinical trial are also irrelevant because they reflect ***the inventors' own assessment*** of whether their invention would work. The "question is not whether [an invention] was obvious to the patentee but whether [it] was obvious to a person of ordinary skill in the art." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 420 (2007). For this reason, the Federal Circuit has held that "[t]he inventor's own path itself never leads to a conclusion of obviousness; that is hindsight." *Otsuka Pharm. Co., Ltd. v. Sandoz, Inc.*, 678 F.3d 1280, 1296 (Fed. Cir. 2012); *see also Life Techs., Inc. v. Clontech Labs., Inc.*, 224 F.3d 1320, 1325 (Fed. Cir. 2000) ("[T]he path that leads an inventor to the invention is expressly made irrelevant to patentability by statute."). Patentability is "assessed from the perspective of the hypothetical [POSA]," so "information regarding the subjective motivations of [the] inventors is not material." *Life Techs.*, 224 F.3d at 1325.

Permitting Plaintiffs to rely on J&J's own documents to demonstrate obviousness "would invite improper hindsight." *Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*, No. 19-18756 (ZNQ) (LHG), 2022 WL 3703207, at *22 (D.N.J. Aug. 16, 2022) (declining to consider patent challenger's obviousness arguments that rely upon confidential FDA documents); *see Bausch Health Ireland Ltd. v. Padagis Israel Pharms. Ltd.*, 2022 WL 17352334, at *33 (D.N.J. Dec. 1, 2022) (declining to consider "things that Bausch wrote in its INDA" because the "inventor's path . . . is the path of hindsight"); *Para-Ordnance Mfg., Inc. v. SGS Importers Int'l., Inc.*, 73 F.3d 1085,

1087 (Fed. Cir. 1995) ("[o]bviousness may not be established using hindsight or in view of the teachings or suggestions of the inventor."). J&J's non-public submissions to and communications with the FDA reflect J&J's rationale for conducting the UNIFI clinical trial, exactly the kind of "pathway to invention" documents that courts routinely exclude. *See Exelixis, Inc. v. MSN Labs. Private Ltd.*, No. 19-2017-RGA-SRF, 2022 WL 6697634, at *6 (D. Del. Apr. 20, 2022) (excluding portions of expert opinion on obviousness from patent challenger "based on internal documents" from inventors); *Illumina, Inc. v. BGI Genomics Co., Ltd.*, No. 19-cv-03770-WHO, 2021 WL 4979799, at *3 (N.D. Cal. Oct. 27, 2021) ("Metzker and Hrdlicka's opinions about the inventors' alleged reliance on certain prior art concern the path that the inventors took, not what a POSITA would consider obvious, and are therefore improper.").

Plaintiffs should also be precluded from introducing evidence regarding J&J's or the inventors' own subjective expectations regarding the success of the UNIFI clinical trial because they invite the jury to apply the wrong viewpoint—that of the inventors instead of the POSA. The "inquiry is not whether the inventors expected success, but whether a POSA would have expected success." *Sanofi-Aventis U.S. LLC v. Sandoz, Inc.*, 2023 WL 4175334, at *14 (D. Del. June 26, 2023). Thus, evidence regarding J&J or the inventors' own subjective expectations regarding whether the UNIFI clinical trial would succeed are irrelevant to an obviousness inquiry. Such evidence's sole purpose is to mislead the jury into concluding that a POSA would have reasonably expected that the UNIFI trial would succeed because ***the inventors***—not the hypothetical POSA—did. *See Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1570 (Fed. Cir. 1996) ("The invention must be viewed not after the blueprint has been drawn by the inventor...."); *In re Vaeck*, 947 F.2d 488, 493 (Fed. Cir. 1991) ("[T]he reasonable expectation of success must be founded in the prior art, not in the applicant's disclosure.").

7

### C. Documents Reflecting J&J's Subjective Expectations Are Irrelevant as Omissions or to Any Alleged Misrepresentations

Based on the above, it is clear that documents reflecting J&J's subjective expectations regarding the likely success of the UNIFI trial are irrelevant as omissions. To be actionable, an alleged omission must be but-for material, *i.e.*, it must be information that, had it been disclosed, would have led to the patent not issuing. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (en banc) ("[T]he materiality required to establish inequitable conduct is but-for materiality."). Because documents reflecting J&J's subjective expectations are irrelevant to the obiousness inquiry, they would not have prevented the '307 Patent from issuing. Therefore, the alleged withholding of such documents cannot, as a matter of law, constitute fraud. *See Millennium Pharms., Inc. v.* Sandoz, 862 F.3d 1356, 1367 (Fed. Cir. 2017) ("[I]nvention is not a matter of what the inventor intended when the experiment was performed; obviousness is measured objectively in light of the prior art, as viewed by a person of ordinary skill in the field of the invention."); *Meridian Manufacturing, Inc. v. C&B Manufacturing, Inc.*, 340 F. Supp. 3d 808, 833 (N.D. Iowa 2018) ("Evidence as to the subjective motivations of inventors is not material to obviousness because the analysis is based on a hypothetical person."). If Plaintiffs are permitted to use these documents as evidence of omissions, it would be prejudicial to J&J and lead to potential juror confusion.

Such documents are also irrelevant to Plaintiffs' claim that Mr. Dichter, a J&J in-house patent lawyer, made alleged misrepresentations during prosecution of the '307 Patent. Specifically, Plaintiffs rely on the following statement by Mr. Dichter made in response to the examiner's initial rejection of the requested claims: "Due to the uncertainty of clinical outcomes and the failure of numerous medicines to satisfy designated clinical trial endpoints, the posting of elements of a clinical trial in advance of conduct of the trial do not anticipate or render obvious

8

the subject matter of the claims." Ex. 9 at 2. Plaintiffs allege that Mr. Dichter's statement regarding the uncertainty of clinical trials was an intentional misrepresentation. They seek to use J&J's confidential documents regarding J&J and the inventors' subjective expectations to show that J&J expected its trial to succeed.

But comparing Mr. Dichter's statement to documents reflecting the inventors' subjective expectations regarding the success of the UNIFI trial is comparing apples-to-oranges. Mr. Dichter's statement to the examiner concerns patent *obviousness*, which is determined based on publicly available prior art viewed from the perspective of a POSA. *See* MPEP § 2141.03. Mr. Dichter argued to the examiner that "███████████████████████████████████████████████████████████████████████████████████████████████." Ex. 10 at 126:10-127:18 (emphasis added). In other words, he was making an argument about how a POSA would view the publicly available information about NCT 236.[6] He was not making "█████████████████████████████████████," which is irrelevant to obviousness. *Id.* at 127:19-128:2; *see Sanofi-Aventis*, 2023 WL 4175334, at *14 (The "inquiry is not whether the inventors expected success, but whether a POSA would have expected success.").

Allowing Plaintiffs to use documents reflecting J&J's subjective beliefs will invite the jury to conflate Mr. Dichter's statement regarding what a POSA would believe with J&J's own subjective beliefs. The latter has no bearing on the former.

## CONCLUSION

For the reasons stated above, this Court should preclude Plaintiffs from offering any testimony, evidence, or argument relating to the inventors' path to the invention claimed in the

---

[6] That statement is also factually true. Plaintiffs cannot dispute that many Phase III clinical trials fail to satisfy their designated endpoints. Ex. 1 ¶¶ 377-80 (explaining that POSA would understand that nearly half of Phase III trials fail); Ex. 11 ¶ 113.

9

'307 Patent or J&J's or the inventors' subjective expectations.

Dated: November 4, 2025                                             Respectfully submitted,

/s/ Christina Guerola Sarchio
George G. Gordon (pro hac vice)
Julia E. Chapman (pro hac vice)
Katherine Unger Davis (pro hac vice)
Forrest E. Lovett (pro hac vice)
Judah Bellin (pro hac vice)
David M. Costigan (pro hac vice)
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994 4000
Fax: (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
katherine.ungerdavis@dechert.com
forrest.lovett@dechert.com
judah.bellin@dechert.com
david.costigan@dechert.com

Christina Guerola Sarchio VSB No. 87166
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com

Katherine A. Helm (pro hac vice)
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel.: (212) 698-3500
Fax: (212) 698-3599
khelm@dechert.com

Amanda K. Antons (pro hac vice)
**DECHERT LLP**
230 Northgate Street #209
Lake Forest, IL 60045

Tel.: (312) 646-5800
Fax: (312) 646-5858
amanda.antons@dechert.com

*Counsel for Defendants Johnson & Johnson and Janssen Biotech, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, I caused to be served a copy of the foregoing document on all counsel of record via the Court's CM/ECF system.

Dated: November 4, 2025

/s/ *Christina Guerola Sarchio*
Christina Guerola Sarchio, Esq.
VSB No. 87166
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com

*Counsel for Defendants Johnson & Johnson and Janssen Biotech, Inc.*