**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| CAREFIRST OF MARYLAND, INC., GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., and CAREFIRST BLUECHOICE, INC., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br>    v. <br><br> JOHNSON & JOHNSON and JANSSEN BIOTECH, INC., <br><br> Defendants. | Civil Action No. 2:23-cv-00629-JKW LRL <br><br><br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS JOHNSON & JOHNSON'S AND JANSSEN BIOTECH, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
<u>THIRD AMENDED CLASS ACTION COMPLAINT</u>**

Defendants Johnson & Johnson and Janssen Biotech, Inc. (collectively, "J&J") respectfully submit this Answer and Affirmative Defendants ("Answer") to Plaintiffs' Third Amended Complaint ("Complaint"). J&J reserves the right to amend and supplement this Answer as may be appropriate or necessary.

## RESPONSE TO NUMBERED PARAGRAPHS IN PLAINTFFS' COMPLAINT

To the extent that any titles, headings, subheadings, paragraphs, or footnotes of the Complaint are intended to be allegations directed to J&J they are denied unless expressly admitted herein.

## I.    RESPONSE TO INTRODUCTION

1.    J&J admits that ustekinumab is a monoclonal antibody that treats Crohn's disease, plaque psoriasis, active psoriatic arthritis, and ulcerative colitis, and that Stelara selectively targets the IL-12/IL-23 pathway. The remaining allegations in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. J&J denies the remaining allegations in Paragraph 1.

2.    J&J admits it has manufactured and sold ustekinumab under the brand name Stelara since 2009. J&J lacks knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 2, and on that basis, denies those allegations. The allegations in the third sentence of Paragraph 2 purport to paraphrase figures in J&J's 2022 10-K filed with the United States Securities and Exchange Commission, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the filing itself. The allegations in the fourth sentence of Paragraph 2 purport to paraphrase figures in J&J's 2023 10-K filed with the United States Securities and Exchange Commission, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the

filing itself.  The allegations in the final sentence of Paragraph 2 purport to summarize J&J's filings with the United States Securities and Exchange Commission, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the filing itself.

3.      J&J admits that the '734 patent had an expiration date of September 25, 2023.  J&J denies the remaining allegations in Paragraph 3.

4.      J&J denies that it engaged in any wrongful conduct.  Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 4.

5.      J&J admits it posted information regarding its NCT 236 clinical trial on ClinicalTrials.gov.  J&J denies that it engaged in any wrongful conduct.  Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 5.

6.      J&J denies that it engaged in any wrongful conduct.  Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remaining allegations in Paragraph 6.

7.      J&J admits it purchased Momenta in 2020, that Momenta held manufacturing patents, and that J&J asserted the Momenta patents against certain biosimilar manufacturers.  The remaining allegations in Paragraph 7 contain legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remaining allegations in Paragraph 7.

8.      J&J admits that starting in late 2022, it began to initiate lawsuits against biosimilar ustekinumab manufacturers.  J&J denies that it engaged in any wrongful conduct.  J&J denies the remaining allegations in Paragraph 8.

9.      Paragraph 9 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

10.     J&J denies the allegations contained in Paragraph 10.

11.     J&J denies the allegations contained in the first sentence of Paragraph 11.  The remaining allegations of Paragraph 11 are legal conclusions as to which no response is required.  To the extent a response is required, J&J denies those allegations.

12.     J&J admits that J&J sells Stelara to distributors or wholesalers, which then sell to pharmacies, hospitals, and providers, which then provide Stelara to patients.  J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 12 and, on that basis, denies those allegations.  The allegations contained in the final sentence of Paragraph 12 are legal conclusions as to which no response is required.  To the extent a response is required, J&J denies those allegations.

13.     J&J admits that Plaintiffs purport to bring claims under federal and state antitrust and related laws and seek injunctive and declaratory relief but denies that J&J has engaged in any wrongdoing.  The remaining allegations in Paragraph 13 contain legal conclusions as to which no response is required.  To the extent a response is required, J&J denies those allegations.

## II.     RESPONSE TO PARTIES

14.     J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, denies those allegations.

15.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on that basis, denies those allegations.

16.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, on that basis, denies those allegations.

17.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, on that basis, denies those allegations.

18.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, on that basis, denies those allegations.

19.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, on that basis, denies those allegations.

20.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, denies those allegations.

21.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, denies those allegations.

22.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, on that basis, denies those allegations.

23.    J&J admits the allegations in Paragraph 23.

24.    J&J admits the allegations in Paragraph 24.

25.    J&J denies that it engaged in any wrongful conduct.  J&J admits that Janssen Biotech, Inc., now Johnson & Johnson Innovative Medicine, is a wholly owned subsidiary of Johnson & Johnson.   J&J admits that Plaintiffs purport to collectively refer to Johnson & Johnson and Janssen Biotech, Inc., now Johnson & Johnson Innovative Medicine, as J&J in this case.  J&J denies the remaining allegations contained in Paragraph 25.

4

**III.    RESPONSE TO JURISDICTION AND VENUE**

26.    J&J admits Plaintiffs allege violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, and violations of state antitrust, consumer protection, and related laws, but denies it engaged in any wrongful conduct.  J&J admits Plaintiffs purport to seek injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26, and monetary relief pursuant to state laws, but denies that J&J has engaged in any wrongdoing.  The allegations in the third sentence of Paragraph 26 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

27.    The allegations in Paragraph 27 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

28.    J&J admits that it conducts business throughout the United States and in this district.  The remaining allegations in Paragraph 28 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

29.    J&J admits only that it manufactured, sold, and shipped Stelara in the United States during the class period, which included sales of Stelara in Virginia, advertisements of Stelara in media in Virginia, monitoring prescriptions of Stelara by prescribers within Virginia, and employment of product detailers in Virginia, who marketed Stelara to prescribers in Virginia.  The remaining allegations contained in the first sentence of Paragraph 29 contain legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 29 and, on that basis, denies those allegations.

30.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, denies those allegations.

31.      J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 31 and, on that basis, denies those allegations.  The allegations in the second sentence of Paragraph 31 purport to quote from a journal article, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

32.      J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, denies those allegations.

33.      J&J denies that it engaged in any wrongful conduct.  J&J admits only that it transacts business throughout the United States, including in this district.  The remaining allegations in Paragraph 33 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

34.      J&J denies that it engaged in any wrongful conduct or in an "unlawful scheme." J&J admits only that it transacts business throughout the United States, including in this district, including business related to the promotion and development of Stelara.  J&J denies the remaining allegations in Paragraph 34.

35.      J&J denies that it engaged in any wrongful conduct.  J&J admits only that it participated in the prosecution of U.S. Patent No. 10,961,307 before the U.S. Patent and Trademark Office, and defended *inter partes* reviews numbers IPR2023-01103 and IPR2023-01444 before Patent Trial and Appeal Board.  The allegations contained in the second sentence of Paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

36.      J&J admits that it published a webpage titled "Study to Assess the Long-Term Safety of Ustekinumab Versus Other Biologics in Patients With Crohn's Disease and Ulcerative

Colitis." By way of further response, the allegations in Paragraph 36 purport to describe the J&J webpage, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

37. J&J denies that it engaged in any wrongful conduct. The allegations in the first and third sentences of Paragraph 37 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. J&J denies the allegations contained in the second sentence of Paragraph 37.

## IV. RESPONSE TO REGULATORY & ECONOMIC BACKGROUND

38. J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, denies these allegations.

39. J&J admits that Stelara is a biologic. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 and, therefore, denies these allegations.

40. J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, denies these allegations.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 41 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 and, therefore, denies these allegations.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 42 purport to characterize a federal

7

statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 and, therefore, denies these allegations.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 43 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 and, therefore, denies these allegations.

44. J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, denies these allegations.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 45 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and, therefore, denies these allegations.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 46 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 46 and, therefore, denies these allegations.

47.    Paragraph 47 contains legal conclusions to which no response is required.  To the extent the allegations in Paragraph 47 purport to characterize a federal statute, that statute is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 and, therefore, denies these allegations.

48.    Paragraph 48 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 48 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 and, therefore, denies these allegations.

49.    Paragraph 49 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 49 purport to characterize a federal statute and a memorandum published by the FDA, which are writings and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 and, therefore, denies these allegations.

50.    The allegations in Paragraph 50 purport to describe an article published by the FDA, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the article itself.  J&J is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of Paragraph 50 and, therefore, denies these allegations.

51.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and, therefore, denies these allegations.

52.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and, therefore, denies these allegations.

53.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 53 and, on that basis, denies those allegations.  The second sentence of Paragraph 53 purports to quote from an online article, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

54.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, on that basis, denies those allegations.  Additionally, the third, fourth, and fifth sentences of Paragraph 54 purports to quote from online articles, which are in writing and speaks for themself.  J&J denies Plaintiffs' characterizations to the extent they are inconsistent with the writing itself.

55.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, on that basis, denies those allegations.  Additionally, the second and third sentences of Paragraph 55 purport to summarize online articles, which are in writing and speak for themself.  J&J denies Plaintiffs' characterizations to the extent they are inconsistent with the writings themself.

56.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, on that basis, denies those allegations.  Additionally,

10

the second sentence of Paragraph 56 purports to summarize an online article, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

57.     J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, on that basis, denies those allegations. Additionally, Paragraph 57 purports to summarize online articles, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.

58.     Paragraph 58 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 58 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 and, therefore, denies these allegations.

59.     Paragraph 59 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 59 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 and, therefore, denies these allegations.

60.     Paragraph 60 contains legal conclusions to which no response is required. To the extent that a response is required, J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60 and, therefore, denies these allegations.

61.     Paragraph 61 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 61 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61 and, therefore, denies these allegations.

62.     Paragraph 62 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

63.     Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 63 purport to characterize a federal regulation which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

64.     Paragraph 64 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 64 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

65.     Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

66.     Paragraph 66 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

67.     Paragraph 67 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

68.     Paragraph 68 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

71. Paragraph 71 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 71 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 71 and, therefore, denies these allegations.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 72 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 72 and, therefore, denies these allegations.

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 73 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 73 and, therefore, denies these allegations.

74.    Paragraph 74 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 74 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74 and, therefore, denies these allegations.

75.    Paragraph 75 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 75 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75 and, therefore, denies these allegations.

76.    Paragraph 76 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 76 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 76 and, therefore, denies these allegations.

77.    Paragraph 77 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 77 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 77 and, therefore, denies these allegations.

78.     Paragraph 78 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 78 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 78 and, therefore, denies these allegations.

79.     Paragraph 79 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 79 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 79 and, therefore, denies these allegations.

80.     Paragraph 80 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 80 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 80 and, therefore, denies these allegations.

81.     Paragraph 81 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 81 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the

extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 and, therefore, denies these allegations.

82.     Paragraph 82 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 82 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82 and, therefore, denies these allegations.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 83 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83 and, therefore, denies these allegations.

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 84 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 and, therefore, denies these allegations.

85.     Paragraph 85 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 85 purport to characterize a federal

statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 85 and, therefore, denies these allegations.

86. The allegations in Paragraph 86 purport to describe publicly available articles, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the articles themselves. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86 and, therefore, denies these allegations.

87. Paragraph 87 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 87 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 87 and, therefore, denies these allegations.

88. Paragraph 88 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 88 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 88 and, therefore, denies these allegations.

89. Paragraph 89 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 89 purport to characterize a federal

statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 89 and, therefore, denies these allegations.

90. Paragraph 90 contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 90 purport to describe a publicly available article, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the article itself. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 90 and, therefore, denies these allegations.

91. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, on that basis, denies those allegations.

92. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, on that basis, denies those allegations.

93. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, on that basis, denies those allegations.

94. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, on that basis, denies those allegations.

95. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, on that basis, denies those allegations.

96. Paragraph 96 contains legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraph 96 purport to characterize a federal statute, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J lacks knowledge or information sufficient to

18

form a belief as to the truth of the remaining allegations contained in Paragraph 96 and, on that basis, denies those allegations.

97.     J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, on that basis, denies those allegations.

98.     J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, on that basis, denies those allegations.

99.     Paragraph 99 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 99 purport to characterize a federal statute, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99 and, on that basis, denies those allegations.

100.    Paragraph 100 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 and, on that basis, denies those allegations.

101.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, on that basis, denies those allegations.

102.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, on that basis, denies those allegations.  The allegations in footnote 65 of Paragraph 102 purport to characterize and quote federal cases, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterizations and quotes to the extent inconsistent with the writings themselves.

103.    J&J admits only that it has entered into settlement agreements with certain companies regarding biosimilar ustekinumab.  J&J denies any suggestion that those settlements

19

were unlawful, anticompetitive, or in any way wrongful. To the extent the allegations purport to characterize the settlement agreements, which are in writing and speaks for themselves, J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 103 and, on that basis, denies those allegations.

104.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and, therefore, denies these allegations.

105.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and, therefore, denies these allegations.

106.    Paragraph 106 contains legal conclusions to which no response is required.  To the extent that a response is required, the allegations in Paragraph 106 purport to characterize and quote federal cases, which are in writing and speak for themselves. J&J denies Plaintiffs' characterizations and quotes to the extent inconsistent with the writings themselves. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 106 and, therefore, denies these allegations.

107.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and, therefore, denies these allegations.

108.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and, therefore, denies these allegations.

109.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 and, therefore, denies these allegations.

110.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 and, therefore, denies these allegations.

111.    Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. J&J is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111 and, therefore, denies these allegations.

## V.     RESPONSE TO FACTS

112.     J&J admits that ustekinumab is an FDA-approved biologic used to treat severe plaque psoriasis, active psoriatic arthritis, moderately to severely active Crohn's disease, and moderately to severely active ulcerative colitis. J&J further admits that the drug is also FDA-approved to treat pediatric patients six years and older with moderate to severe plaque psoriasis or active psoriatic arthritis. J&J denies the remainder of the allegations.

113.     J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 and, therefore, denies these allegations.

114.     J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 and, therefore, denies these allegations.

115.     J&J admits only that ustekinumab treats plaque psoriasis, psoriatic arthritis, Crohn's disease, and ulcerative colitis. J&J is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 115 and, therefore, denies these allegations.

116.     J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 and, therefore, denies these allegations.

117.     J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 and, therefore, denies these allegations.

118.     J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 and, therefore, denies these allegations. By way of further response, the allegations in Paragraph 118 purport to describe and excerpt a publicly available

article, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the article itself.

119.    J&J admits that the face of U.S. Patent. App. 09/920,262 indicates that it was filed on August 1, 2002. J&J denies the remainder of the allegations.

120.    J&J admits that the face of U.S. Patent No. 6,902,734 indicates that it was granted on June 7, 2005. J&J also admits that the '734 patent had an expiration date of September 25, 2023. J&J denies the remainder of the allegations.

121.    J&J admits that the face of U.S. Patent No. 6,902,734 indicates that the patent was assigned to Centocor, Inc. J&J further admits that Centocor, Inc. is a subsidiary of J&J since 2008. J&J further admits that Centocor Ortho Biotech, Inc. changed its name to Janssen Biotech, Inc., and the '734 patent was assigned to Janssen Biotech, Inc. J&J further admits that Janssen Biotech, Inc. became Johnson & Johnson Innovative Medicine. J&J denies the remainder of the allegations.

122.    J&J admits the allegations contained in Paragraph 122.

123.    J&J admits the allegations contained in Paragraph 123.

124.    J&J admits the allegations contained in Paragraph 124.

125.    J&J admits that it made sales of Stelara from September 2009 to September 25, 2023. J&J also admits that the '734 patent expired on September 25, 2023.  J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 125, and on that basis, denies those allegations.

126.    The allegations in Paragraph 126 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

22

127.    The allegations in Paragraph 127 purport to excerpt from and characterize a publicly available article. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

128.    The allegations in Paragraph 128 purport to excerpt from and characterize a publicly available article, which the Plaintiffs did not cite. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

129.    J&J denies that it engaged in any wrongful conduct. The allegations in Paragraph 129 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. J&J denies the remaining allegations in Paragraph 129.

130.    J&J denies that it engaged in any wrongful conduct. The allegations in Paragraph 130 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

131.    J&J denies that it engaged in any wrongful conduct. The allegations in Paragraph 131 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

132.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and on that basis, denies those allegations.

133.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and on that basis, denies those allegations.

134.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, and on that basis, denies those allegations. To the extent an answer is required, the allegations in Paragraph 134 purport to quote from and characterize a publicly available article published by the New England Journal of Medicine, which is in writing

23

and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

135.    J&J admits that in 2008, there was a phase 2b clinical trial studying the efficacy of ustekinumab in patients with Crohn's Disease. J&J also admits that the referenced New England Journal of Medicine article purports to list Jewel Johans, an inventor listed on the '307 patent, as an author. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 135, and on that basis, denies those allegations. To the extent an answer is required, the allegations in Paragraph 135 purport to describe publicly available articles published by the New England Journal of Medicine, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

136.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and on that basis, denies those allegations. To the extent an answer is required, the allegations in Paragraph 136 purport to quote from a publicly available article published by Immunity, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

137.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and on that basis, denies those allegations.

138.    J&J admits that it launched Phrase 3 trials of ustekinumab in 2011. J&J further admits that the FDA approved Stelara to treat Crohn's disease on September 23, 2016. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 138, and on that basis, denies those allegations. To the extent a further answer is required, the allegations in Paragraph 138 purport to quote from a publicly available

24

article published by the New England Journal of Medicine, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

139.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139, and on that basis, denies those allegations.

140.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, and on that basis, denies those allegations. To the extent a further answer is required, the allegations in Paragraph 140 purport to quote from a publicly available article published by the South African Journal of Medicine, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

141.    The allegations in Paragraph 141 purport to characterize a public J&J announcement.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting.  *See* ECF No. 119.

142.    The allegations in Paragraph 142 purport to characterize a public J&J announcement.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting.  *See* ECF No. 119.

143.    The allegations in Paragraph 143 purport to characterize a public J&J announcement.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting.  *See* ECF No. 119.

144. J&J admits that there was a clinical trial protocol for a Phase 3 clinical study of the use of ustekinumab to treat ulcerative colitis and that certain named inventors of the '307 patent participated in preparing this document.

145. The allegations in Paragraph 145 purport to characterize J&J's NCT 236 Protocol, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

146. The allegations in Paragraph 146 purport to characterize J&J's NCT 236 Protocol, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

147. The allegations in Paragraph 147 purport to characterize J&J's NCT 236 Protocol, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J denies the remainder of the allegations contained in Paragraph 147.

148. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148, and on that basis, denies those allegations.

149. The allegations in Paragraph 149 purport to quote from and characterize a publicly available article published by Journal of Crohn's & Colitis, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 149, and on that basis, denies those allegations.

150. The allegations in Paragraph 150 purport to quote from and characterize a publicly available article published by the European Journal of Hospital Pharmacy, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 150, and on that basis, denies those allegations.

26

151.    The allegations in Paragraph 151 purport to characterize a publicly available article published by Common Drug Review, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 151, and on that basis, denies those allegations.

152.    The allegations in Paragraph 152 purport to characterize a publicly available article published by the Journal of Crohn's & Colitis, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.   J&J admits that there was an ECCO 2018 and DDW 2018 presentation concerning this study.  J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 152, and on that basis, denies those allegations.

153.    The allegations in Paragraph 153 purport to characterize a publicly available article published by the British Journal of Dermatology, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 153, and on that basis, denies those allegations.

154.    J&J admits that the publicly accessible clinical trials database indicates that NCT 236 reached primary completion on August 10, 2018. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236.  *See* ECF No. 119.

155.    The allegations in Paragraph 155 purport to characterize a publicly available article, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J further denies that the prior art taught that ustekinumab successfully treated ulcerative colitis by September 2018 or that ustekinumab would

27

be expected to be effective in treating ulcerative colitis by September 2018. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 155, and on that basis, denies those allegations. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119.

156. The allegations in Paragraph 156 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

157. J&J admits that the face of U.S. Patent Application No. 16/580,509 indicates that it was filed on September 24, 2018. J&J otherwise denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.

158. J&J admits that the face of U.S. Patent Application No. 62/769,818 indicates that it was filed on November 20, 2018. J&J otherwise denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.

159. J&J admits that the face of U.S. Patent Application No. 62/895,774 indicates that it was filed on September 4, 2019. J&J otherwise denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.

160. J&J admits that the face of U.S. Patent Application No. 16/580,509 indicates that it was filed on September 24, 2019. J&J admits that U.S. Patent Application No. 16/580,509 bears the title "Methods of treating moderately to severely active ulcerative colitis by administering an anti-IL12/IL23 antibody." J&J further admits that the face of U.S. Patent Application No. 16/580,509 claims priority to September 24, 2018. The remaining allegations in Paragraph 160 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

161. J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 161 are legal conclusions to which no response is required. To the extent a further response is required, the allegations in Paragraph 161 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies remaining allegations contained in Paragraph 161. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119.

162. J&J admits that the face of U.S. Patent Application No. 16/580,509 indicates that it was filed on September 24, 2019. J&J admits that U.S. Patent Application No. 16/580,509 bears the title "Methods of treating moderately to severely active ulcerative colitis by administering an anti-IL12/IL23 antibody." J&J further admits that the face of U.S. Patent Application No. 16/580,509 identifies Eric Dichter as the attorney. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 162, and on that basis, denies those allegations.

163. J&J admits that the face of U.S. Patent Application No. 16/580,509 identifies the inventors as Kimberly Shields-Tuttle, Katherine Li, Jewel Johanns, Colleen Marano, Hongyan Zhang, Christopher O'Brien, and Omoniyi Adedokun. J&J further admits that the face of U.S. Patent Application No. 16/580,509 identifies the applicant as Janssen Biotech, Inc., Horsham, PA. J&J denies the remainder of the allegations.

164. The allegations in Paragraph 164 purport to characterize publicly available articles, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 164, and on that basis, denies those allegations. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236. *See* ECF No. 119.

29

165.    J&J admits that the FDA approved Stelara for the treatment of adult patients with moderately to severely active ulcerative colitis on October 18, 2019.

166.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 166 are legal conclusions to which no response is required. To the extent a further response is required, the allegations in Paragraph 166 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remaining allegations contained in Paragraph 166.

167.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 167 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.  J&J denies that "one or more of the named inventors of the '307 patent, patent prosecutors, and other J&J employees closely followed the research and publications of Dr. Afonso, Dr. Ochsenkühn, Dr. Kolios, and Dr. Tran-Minh regarding use of ustekinumab to treat ulcerative colitis specifically and inflammatory bowel disease generally in the years prior to and during the prosecution of the '307 patent."  J&J also denies that the Afonso, Ochsenkühn, Kolios, and/or Tran-Minh studies or the Tarr and Canadian references had any "importance to the patent application leading to the '307 patent."  The allegations in Paragraph 167 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 167, and on that basis, denies those allegations.

168.    J&J denies that it had engaged in any wrongdoing. J&J denies that the research and publications of Dr. Afonso, Dr.  Ochsenkühn, Dr. Kolios, and Dr. Tran-Minh regarding use of ustekinumab to treat ulcerative colitis specifically and inflammatory bowel disease generally in the years prior to and during the prosecution of the '307 patents had any "importance" to the patent

30

application that led to the '307 patent.  The allegations in Paragraph 168 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 168, and on that basis, denies those allegations.

169.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 169 purport to characterize publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.  J&J admits that the patent examiner responsible for examining the '509 application was Robert S. Landsman and that he issued a non-final rejection of that application on July 16, 2020. J&J admits that the patent examiner Landsman relied on a CT.gov posting of NCT 236 as part of a non-final rejection of the '509 application.  J&J denies the remaining allegations contained in Paragraph 169.

170.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 170 purport to characterize publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting.  *See* ECF No. 119.  The remaining allegations in paragraph 170 are legal conclusions to which no response is required.  J&J also denies Plaintiffs' characterization that the '509 application was "correctly rejected."

171.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 171 purport to characterize publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the

31

writings themselves. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119.

172. J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 172 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119. J&J denies the remainder of the allegations contained in Paragraph 172.

173. J&J denies that it had engaged in any wrongdoing. J&J admits that Mr. Dichter, on behalf of J&J, initiated telephone calls with patent examiner Landsman on October 5 and 13, 2020. J&J denies the remainder of the allegations contained in Paragraph 173.

174. J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 174 are legal conclusions to which no response is required. To the extent a further response is required, the allegations in Paragraph 174 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remaining allegations contained in Paragraph 174. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119.

175. J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 175 are legal conclusions to which no response is required. To the extent a response is required J&J denies those allegations.

176. J&J denies that it had engaged in any wrongdoing. To the extent the allegations in Paragraph 176 are legal conclusions to which no response is required. To the extent a response is required J&J denies those allegations.

177.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 177 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting.  *See* ECF No. 119.  The allegations in Paragraph 177 are legal conclusions to which no response is required.  J&J denies remaining allegations contained in Paragraph 177.

178.    J&J admits that Eric Dichter filed a response on behalf of J&J to the examiner's July rejection.  The remaining allegations in Paragraph 178 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies remaining allegations contained in Paragraph 178.

179.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 179 are legal conclusions to which no response is required. To the extent a further response is required, the allegations in Paragraph 179 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remaining allegations in Paragraph By way of further response, this Court found that Plaintiffs could not amend their complaint with allegations from the Jostins 2012, Granlund 2013, Bradbury 2013, Downs 2010 and Nakajima 2015 studies, *see* ECF No. 592, and that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting.  *See* ECF No. 119.

180.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 180 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. By way of further response, this Court found that Plaintiffs did not state a claim in

connection with NCT 236, i.e., the CT posting. *See* ECF No. 119. J&J denies the remainder of the allegations contained in Paragraph 180.

181.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 181 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. By way of further response, this Court found that Plaintiffs could not amend their complaint with allegations from the Jostins 2012, Granlund 2013, Bradbury 2013, Downs 2010 and Nakajima 2015 studies, *see* ECF No. 592, and that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119. J&J denies the remainder of the allegations contained in Paragraph 181.

182.    J&J admits that it disclosed the clinical trial protocol NCT0239061 to the patent examiner on October 16, 2020. J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 182 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119. J&J denies the remainder of the allegations contained in Paragraph 182.

183.    J&J is unable to respond to the allegations in Paragraph 183 because it appears to contain an incomplete sentence which was likely a typographical error. Thus, J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, on that basis, denies those allegations.

184.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 184 are legal conclusions to which no response is required. To the extent a further response is required, the allegations in Paragraph 184 purport to describe publicly available patent documents and other non-public documents, which are in writing and speak for themselves. J&J denies

34

Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remainder of the allegations contained in Paragraph 184.

185.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 185 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119.  The allegations in Paragraph 185 are legal conclusions to which no response is required. J&J denies the remainder of the allegations contained in Paragraph 185.

186.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 186 are legal conclusions to which no response is required.  To the extent a further response is required, the allegations in Paragraph 186 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. By way of further response, this Court also found that Plaintiffs could not amend their complaint with allegations from the Jostins 2012, Granlund 2013, Bradbury 2013, Downs 2010 and Nakajima 2015 studies, see ECF No. 592, and that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting.  *See* ECF No. 119. J&J denies the remainder of the allegations contained in Paragraph 186.

187.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 187 are legal conclusions to which no response is required. J&J denies the remainder of the allegations contained in Paragraph 187.

188.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 188 are legal conclusions to which no response is required. To the extent a further response is required, the allegations in Paragraph 188 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent

it is inconsistent with the writings themselves. J&J denies the remaining allegations in Paragraph 188.

189. J&J admits that U.S. Patent No. 10,961,307, titled "Methods of Treating Moderately to Severely Active Ulcerative Colitis by Administering an Anti-IL12/IL23 Antibody," was issued on March 30, 2021. and that the '307 patent is set to expire September 24, 2039. J&J denies that it had engaged in any wrongdoing. .

190. J&J admits that U.S. Patent No. 10,961,307, titled "Methods of Treating Moderately to Severely Active Ulcerative Colitis by Administering an Anti-IL12/IL23 Antibody," is set to expire September 24, 2039. J&J admits that U.S. Patent No. 6,902,734 (the '734 patent) expired on September 25, 2029.  By way of further response, J&J states that the documents referenced in Paragraph 190 are in writing and speak for themselves.  J&J denies the remainer of the allegations to the extent they are inconsistent with the documents themselves.

191. J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 191 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. To the extent a further response is required, the allegations in Paragraph 191 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remaining allegations in Paragraph 191. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting.  *See* ECF No. 119.

192. J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 192 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. To the extent a further response is required, the allegations in Paragraph 192 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with

the writings themselves. J&J denies the remaining allegations in Paragraph 192.  By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting.  *See* ECF No. 119.

193.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 193 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. To the extent a further response is required, the allegations in Paragraph 193 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remaining allegations in Paragraph 193.

194.    J&J admits that the '310 patent application was filed on October 24, 2024. J&J admits that the '310 patent application named the same eight inventors as the '307 patent and both named the owner/assignee as Janssen Biotech, Inc.  To the extent a further response is required, the allegations in Paragraph 194 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remainder of the allegations contained in Paragraph 194.

195.    J&J admits that patent examiner Robert S. Landsman issued a non-final rejection of the '310 application on January 16, 2025. J&J admits that Robert S. Landsman is the patent examiner who issued the '307 patent. J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 195 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. To the extent a further response is required, the allegations in Paragraph 195 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remaining allegations in Paragraph 195.

37

By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119.

196.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 196 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. To the extent a further response is required, the allegations in Paragraph 196 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remaining allegations in Paragraph 196. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119.

197.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 197 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. To the extent a further response is required, the allegations in Paragraph 197 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remaining allegations in Paragraph 197. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119.

198.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 198 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. To the extent a further response is required, the allegations in Paragraph 198 purport to describe publicly available patent documents, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remaining allegations in Paragraph 198. By way of further response, this Court found that Plaintiffs did not state a claim in connection with NCT 236, i.e., the CT posting. *See* ECF No. 119.

199.    J&J admits only that in 2020 J&J acquired certain patents in connection with its purchase of Momenta. The remaining allegations in Paragraph 199 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

200.    J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 200 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

201.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201, and on that basis, denies those allegations.

202.    The allegations in Paragraph 202 purport to quote from and characterize a publicly filed legal document, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

203.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203, and on that basis, denies those allegations.

204.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 204, and on that basis, denies those allegations. The last sentence of Paragraph 204 purport to describe publicly available patent documents, which are in writing and speak for themselves.

205.    Paragraph 205 purports to describe publicly available patent documents, which are in writing and speak for themselves. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 205, and on that basis, denies those allegations.

206.    Paragraph 206 purports to describe publicly available patent documents, which are in writing and speak for themselves. The allegations in Paragraph 206 are legal conclusions to

39

which no response is required.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J denies the remaining allegations in Paragraph 206.

207.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207, and on that basis, denies those allegations.

208.    J&J admits that it acquired Momenta on October 1, 2020. J&J denies the remainder of the allegations contained in Paragraph 208.

209.    The allegations in Paragraph 209 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

210.    The allegations in Paragraph 210 purport to quote from and characterize a publicly filed legal document, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

211.    J&J denies that it had engaged in any wrongdoing.  J&J admits only that it had developed Stelara in the 2000s and launched Stelara in 2009.  The remaining allegations in Paragraph 211 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remaining allegations contained in Paragraph 211.

212.    J&J denies that it had engaged in any wrongful conduct.  The allegations in Paragraph 212 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remaining allegations in Paragraph 212.

213.    J&J admits that it manufactures branded biologic products.  The remaining allegations in Paragraph 213 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

40

214.    J&J denies that it has engaged in any wrongdoing.  The remaining allegations in Paragraph 214 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

215.    J&J denies that it has engaged in any wrongdoing.  The remaining allegations in Paragraph 215 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

216.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216, and on that basis, denies those allegations.

217.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217, and on that basis, denies those allegations.

218.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218, and on that basis, denies those allegations.

219.    J&J admits that the '307 patent was not set to expire until September 24, 2039.  The allegations in Paragraph 219 purport to quote from and characterize J&J's publicly available 10-K filings, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

220.    The allegations in Paragraph 220 purport to describe and characterize J&J's publicly available financial filings, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

221.    The allegations in Paragraph 221 purport to quote from and characterize J&J's publicly available Q3 2022 earnings call, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

41

222.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 222, and on that basis, denies those allegations.  The allegations in the second sentence of Paragraph 222 purport to quote from and characterize a publicly available article published by BioPharma Dive, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

223.    The allegations in Paragraph 223 purport to quote from and characterize J&J's publicly available transcript of J&J's Q1 2023 earnings call, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J denies the remainder of the allegations contained in Paragraph 223.

224.    The allegations in Paragraph 224 purport to quote from and characterize a Morningstar article, which is in writing and speaks for itself.   J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

225.    The allegations in Paragraph 225 purport to quote from and characterize a Reuters article, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

226.    The allegations in Paragraph 226 purport to quote from and characterize J&J's Annual Report, Form 10-K, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

227.    The allegations in Paragraph 227 purports to describe publicly available patent documents, which are in writing and speak for themselves.  J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201, and on that basis, denies those allegations.

228.    J&J denies that it engaged in any wrongful conduct.  Paragraph 228 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

229.    J&J denies that it engaged in any wrongful conduct.  The first sentence of Paragraph 229 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 229, and on that basis, denies those allegations.

230.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230, and on that basis, denies those allegations.  To the extent a further response is required, the allegations in Paragraph 230 purport to quote from and characterize a publicly available clinical trial database entry, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

231.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231, and on that basis, denies those allegations.  To the extent a further response is required, the allegations in Paragraph 231 purport to quote from and characterize an Amgen article, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

232.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232, and on that basis, denies those allegations.  To the extent a further response is required, the allegations in Paragraph 232 purport to quote from and characterize an Amgen BLA submission, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

233.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233, and on that basis, denies those allegations.  To the extent a further response is required, the allegations in Paragraph 233 purport to quote from and characterize an Amgen article, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

234.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234, and on that basis, denies those allegations.

235.    The allegations in Paragraph 235 purport to quote from and characterize a publicly available legal pleading, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

236.    The allegations in Paragraph 236 purport to characterize a publicly available legal pleading, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

237.    The allegations in Paragraph 237 purport to characterize a publicly available legal pleading, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

238.    The allegations in Paragraph 238 purport to characterize a publicly available legal pleading, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

239.    The allegations in Paragraph 239 purport to characterize publicly available legal pleadings, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.

240.    The allegations in Paragraph 240 purport to characterize agreements, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.

241.    The allegations in Paragraph 241 purport to characterize publicly available legal pleadings, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.

242.    The allegations in Paragraph 242 purport to quote from and characterize a publicly available legal pleading, which is in writing and speak for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

243.    The allegations in the first sentence of Paragraph 243 purport to characterize publicly available legal pleadings, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.  The remaining allegations in Paragraph 243 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

244.    The allegations in Paragraph 244 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

245.    The allegations in Paragraph 245 purport to characterize publicly available legal pleadings, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.

246.    The allegations in the first sentence of Paragraph 246 purport to characterize a publicly available J&J press release, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  The remaining allegations

in Paragraph 246 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

247.    The allegations in the first sentence of Paragraph 247 purport to quote from and characterize a publicly available FDA article, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.   J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 247, and on that basis, denies those allegations.

248.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248, and on that basis, denies those allegations.

249.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249, and on that basis, denies those allegations.  To the extent a further response is required, the allegations in Paragraph 249 purport to quote from and characterize a Samsung BLA submission, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

250.    The allegations in Paragraph 222 purport to characterize a publicly available legal document, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

251.    The allegations in the first sentence of Paragraph 251 purport to characterize a publicly available legal document, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  The remaining allegations in Paragraph 251 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

252.    The allegations in Paragraph 252 purport to characterize a publicly available legal document, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J denies the remainder of the allegations.

253.    The allegations in Paragraph 253 purport to characterize a publicly available legal document, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

254.    J&J denies that it engaged in any wrongful conduct.  The allegations in Paragraph 254 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

255.    The allegations in Paragraph 255 purport to quote from and characterize a publicly available Samsung announcement, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

256.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256, and on that basis, denies those allegations.  To the extent a further response is required, the allegations in Paragraph 256 purport to quote from and characterize a Samsung BLA submission, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

257.    The allegations in Paragraph 257 purport to characterize publicly available information, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 257 and, on that basis, denies those allegations.

258.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 258 and, on that basis, denies those allegations.

47

259.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 259 and, on that basis, denies those allegations.

260.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 260, and on that basis, denies those allegations.

261.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 261, and on that basis, denies those allegations.

262.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 262, and on that basis, denies those allegations.  To the extent a further response is required, the allegations in Paragraph 262 purport to quote from and characterize an Alvotech BLA submission, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

263.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263, and on that basis, denies those allegations.

264.    J&J denies that it engaged in any wrongful conduct.  The allegations in Paragraph 264 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations contained in Paragraph 264.

265.    J&J admits that J&J and Alvotech/Teva have entered into a settlement agreement. J&J also admits that the '734 patent expired on September 25, 2023.  By way of further response, the allegations purport to characterize a settlement agreement, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

266.    J&J denies that it engaged in any wrongful conduct.  Paragraph 266 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

267. The allegations in Paragraph 267 purport to characterize publicly available information, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 267 and, on that basis, denies those allegations.

268. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268, and on that basis, denies those allegations.

269. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 269, and on that basis, denies those allegations.

270. The allegations in Paragraph 270 purport to quote from and characterize a Formycon article, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 270, and on that basis, denies those allegations.

271. J&J denies that it engaged in any wrongful conduct. Paragraph 271 contains legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. J&J denies the remainder of the allegations contained in Paragraph 271.

272. The allegations in Paragraph 272 purport to characterize a publicly available announcement from Fresenius and Formycon, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J denies the remainder of the allegations.

273. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 273, and on that basis, denies those allegations. To the extent a further response is required, the allegations in Paragraph 273 purport to quote from and

49

characterize a Fresenius BLA submission, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

274. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 274, and on that basis, denies those allegations.

275. J&J denies that it engaged in any wrongful conduct. Paragraph 275 contains legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

276. The allegations in Paragraph 276 purport to characterize publicly available information, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 276 and, on that basis, denies those allegations.

277. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277, and on that basis, denies those allegations.

278. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 278, and on that basis, denies those allegations. To the extent a further response is required, the allegations in Paragraph 278 purport to quote from and characterize a Celltrion BLA submission, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

279. J&J denies that it engaged in any wrongful conduct. Paragraph 279 contains legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 279, and on that basis, denies those allegations.

280. J&J admits that it has entered into a settlement agreement with Celltrion. J&J also admits that the '734 patent expired on September 25, 2023. By way of further response, the

50

allegations purport to characterize a settlement agreement, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

281.    J&J denies that it engaged in any wrongful conduct.  Paragraph 281 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

282.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 282, and on that basis, denies those allegations.

283.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 283, and on that basis, denies those allegations.

284.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 284, and on that basis, denies those allegations.  By way of further response, the allegations in Paragraph 284 purport to characterize publicly available clinical trials database, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

285.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 285, and on that basis, denies those allegations.

286.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 286, and on that basis, denies those allegations.

287.    J&J denies that it engaged in any wrongful conduct.  Paragraph 287 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 287, and on that basis, denies those allegations.

288.    J&J admits only that J&J and Accord entered into a settlement agreement.  J&J also admits that the '734 patent expired on September 25, 2023.  By way of further response, the

51

allegations purport to characterize a settlement agreement, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

289.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 289, and on that basis, denies those allegations.  To the extent a further response is required, the allegations in Paragraph 289 purport to quote from and characterize an Accord BLA submission, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

290.    J&J denies that it engaged in any wrongful conduct.  Paragraph 290 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

291.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 291, and on that basis, denies those allegations.

292.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 292, and on that basis, denies those allegations.

293.    The allegations in Paragraph 293 purport to characterize publicly available information, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 255 and, on that basis, denies those allegations.

294.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 294, and on that basis, denies those allegations.  By way of further answer, the allegations in Paragraph 294 purport to quote from and characterize a publicly available clinical trials database, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

295. J&J admits that Biocon Biologics, Inc. filed a petition for *inter partes* review with the PTAB challenging the validity of J&J '307 patent. J&J lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 295, and on that basis, denies those allegations.

296. The allegations in Paragraph 296 purport to characterize a publicly available legal document, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

297. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 297, and on that basis, denies those allegations. To the extent a further response is required, the allegations in Paragraph 297 purport to quote from and characterize a Biocon BLA submission, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

298. J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 298 are legal conclusions to which no response is required. To the extent a further response is required, J&J denies the allegations contained in Paragraph 298.

299. J&J admits that it has entered into a settlement agreement with Biocon. By way of further response, the allegations in Paragraph 299 purport to characterize a settlement agreement, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

300. J&J denies that it had engaged in any wrongdoing. The allegations in Paragraph 300 are legal conclusions to which no response is required. To the extent a further response is required, J&J denies the allegations contained in Paragraph 300.

301. J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 301, and on that basis, denies those allegations.

302.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 302, and on that basis, denies those allegations.

303.    J&J admits that it has entered into settlement agreements with various companies but denies any implication that anything about these agreements was wrongful. To the extent the allegations in Paragraph 303 purport to characterize the settlement agreements, which are in writing and speaks for themselves, J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. The remaining allegations in Paragraph 303 are legal conclusions to which no response is required.  To the extent a further response is required, J&J denies the remaining allegations contained in Paragraph 303.

304.    J&J admits that the FDA first approved Stelara in 2009 to treat psoriasis.  The remaining allegations contained in Paragraph 304 purport to summarize J&J's financial records, which are in writing and speaks for themself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J denies any implication in Paragraph 304 that there is a ustekinumab market in the United States, which is a legal conclusion to which no answer is required.  J&J also denies any implication in Paragraph 304 that J&J has earned or continues to earn supracompetitive revenue or profits from its sales of Stelara.

305.    J&J denies the first sentence of Paragraph 305.  J&J admits that it filed a 10-K for the fiscal year ending January 1, 2023.  The remaining allegations contained in Paragraph 305 selectively quote from and purport to summarize J&J's 10-K filing, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

306.    J&J admits that its 10-Q filing for the first quarter of 2023 was filed in April 2023.  The other allegations contained in Paragraph 306 selectively quote from and purport to summarize

54

that 10-Q filing, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

307.    J&J admits that it entered into a settlement agreement with Amgen in May 2023, but denies any implication that anything about this settlement agreement was wrongful.  J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 307.  J&J further states that the second sentence of Paragraph 307 selectively quotes from a document, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

308.    J&J admits that its 10-Q filing for the second quarter of 2023 was filed in July 2023 and references its settlement with Amgen.  The remaining allegations contained in Paragraph 308 selectively quote from J&J's 10-Q filing, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

309.    J&J admits that its CEO and Chairman, Joaquin Duato, participated in J&J's July 2023 earnings call and references J&J's settlements with Amgen and Alvotech.  The remaining allegations contained in Paragraph 309 purport to summarize that call, of which a recording exists, and the recording is the best evidence of the contents of that call.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the call itself.

310.    J&J admits that its executive vice president and CFO, Joseph Wolk, participated in J&J's July 2023 earnings call.  The remaining allegations contained in Paragraph 310 purport to summarize that call, of which a recording exists, and the recording is the best evidence of the contents of that call.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the call itself.

311.    J&J admits that it filed an 8-K with the SEC on January 23, 2024.  The remaining allegations contained in Paragraph 311 purport to summarize that filing, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

312.    J&J admits that its 2023 fourth quarter started less than one week after September 25, 2023.  J&J is without knowledge or information sufficient to form a belief as to the truth of plaintiffs' allegations about analysts' expectations and, therefore, denies the allegations.  The remaining allegations contained in Paragraph 312 selectively quote from, or purport to summarize, news articles, analyst reports, and J&J's financial statements, which are in writing and speak for themself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

313.    J&J denies that it engaged in any wrongful conduct.  Paragraph 313 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 313.

314.    J&J denies that it engaged in any wrongful conduct.  The allegations in Paragraph 314 are legal conclusions to which no response is required.  To the extent a further response is required, J&J denies the allegations contained in Paragraph 314. The allegations in Paragraph 314 also purport to characterize publicly available legal pleadings, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remainder of the allegations contained in Paragraph 314.

315.    J&J denies that it engaged in any wrongful conduct.  The allegations in Paragraph 315 are legal conclusions to which no response is required.  To the extent a further response is required, J&J denies the allegations contained in Paragraph 315. The allegations in Paragraph 315

also purport to characterize J&J documents, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.

316.    J&J denies that it engaged in any wrongful conduct.  The allegations in Paragraph 316 are legal conclusions to which no response is required.  To the extent a further response is required, J&J denies the allegations contained in Paragraph 316. The allegations in Paragraph 316 also purport to characterize J&J documents, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remainder of the allegations contained in Paragraph 316.

317.    J&J denies that it engaged in any wrongful conduct.  The allegations in Paragraph 317 are legal conclusions to which no response is required.  To the extent a further response is required, J&J denies the allegations contained in Paragraph 317. The allegations in Paragraph 317 also purport to characterize J&J documents, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remainder of the allegations contained in Paragraph 317.

318.    J&J denies that it engaged in any wrongful conduct.  The allegations in Paragraph 318 are legal conclusions to which no response is required.  To the extent a further response is required, J&J denies the allegations contained in Paragraph 318. The allegations in Paragraph 318 also purport to characterize J&J documents, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves. J&J denies the remainder of the allegations contained in Paragraph 318.

319.    J&J denies that it engaged in any wrongful conduct.  Paragraph 319 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 319.

320.    J&J denies that it engaged in any wrongful conduct.  Paragraph 320 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 320.

321.    J&J denies that it engaged in any wrongful conduct.  Paragraph 321 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 321.

322.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 322, and on that basis, denies those allegations.

323.    J&J lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 323, and on that basis, denies those allegations.

324.    J&J denies that it engaged in any wrongful conduct.  Paragraph 324 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 324.

325.    J&J denies that it engaged in any wrongful conduct.  Paragraph 325 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 325.

326.    J&J admits that it filed a complaint for injunctive relief against Samsung on February 24, 2025. J&J admits that the court denied J&J's motion for preliminary injunction on February 24, 2025.  J&J denies that it engaged in any wrongful conduct.  Paragraph 326 contains legal conclusions to which no response is required.  To the extent a further response is required, the allegations in Paragraph 326 purport to quote from and characterize publicly available pleadings, which are in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J denies the remainder of the allegations in Paragraph 326.

327.    J&J denies that it engaged in any wrongful conduct.  Paragraph 327 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 327.

58

328.    J&J denies that it engaged in any wrongful conduct.  Paragraph 328 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 328.

329.    J&J denies that it engaged in any wrongful conduct.  Paragraph 329 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 329.

330.    J&J denies that it engaged in any wrongful conduct.  Paragraph 330 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J denies the remainder of the allegations in Paragraph 330.

## VI.    RESPONSE TO CLASS ALLEGATIONS

331.    J&J admits that Plaintiffs purport to assert the claims alleged in this civil action on behalf of themselves and others but denies that it has engaged in any wrongdoing or that a class is warranted in this case.  J&J further denies that Plaintiffs have suffered any injuries as a result of its alleged actions.

332.    J&J admits that Plaintiffs purport to assert the claims alleged in this civil action on behalf of themselves and others but denies that it has engaged in any wrongdoing or that a class is warranted in this case.  J&J further denies that Plaintiffs have suffered any injuries as a result of its alleged actions.

333.    J&J admits that Plaintiffs purport to assert the claims alleged in this civil action on behalf of themselves and others and that they propose excluding certain groups from their proposed class but denies that it has engaged in any wrongdoing or that a class is warranted in this case.  J&J further denies that plaintiffs have suffered any injuries as a result of its alleged actions.

334.    Paragraph 334 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

335.    Paragraph 335 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

336.    Paragraph 336 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

337.    J&J is without knowledge or information sufficient to form a belief as to the truth regarding Plaintiffs' allegations contained in Paragraph 337 and, therefore, denies these allegations.

338.    Paragraph 338 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

339.    Paragraph 339 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

340.    Paragraph 340 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J also denies the allegations contained in Paragraph 340 on the grounds that Paragraph 340 uses terms that are inherently vague and ambiguous, such as "efficiently" and "substantially."

341.    Paragraph 341 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  J&J further denies that it engaged in any anticompetitive conduct and that the plaintiffs and putative class members have suffered or will suffer any injury.

342.    J&J is without knowledge or information sufficient to form a belief as to the truth regarding plaintiffs' allegations about what plaintiffs know and, therefore, denies the allegations contained in Paragraph 342.

## VII.    RESPONSE TO MARKET POWER AND MARKET DEFINITION

60

343.    Paragraph 343 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

344.    Paragraph 344 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

345.    Paragraph 345 contains legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

346.    Denied.  By way of further answer, J&J states that the first and second sentences of Paragraph 346 also contain legal conclusions to which no answer is required.  J&J is without knowledge or information sufficient to form a belief as to the truth regarding Plaintiffs' allegations contained in the third sentence and accompanying graphic of Paragraph 346 because "WAC Unit Price" and "the price of Stelara" are vague, ambiguous, undefined, and may or may not include discounts or rebates.  J&J further denies the allegations contains in Paragraph 346 on the grounds that it uses terms that are inherently vague and ambiguous, such as "markedly" and "steadily."

347.    J&J admits that Stelara was first sold in the U.S. marketplace in 2009 and that other biologic products are available to treat ulcerative colitis, Crohn's disease, plaque psoriasis, and psoriatic arthritis.  J&J denies the remaining allegations contained in the first sentence of Paragraph 347.  As to the allegations contained in the second sentence of Paragraph 347, J&J is without knowledge or information sufficient to form a belief as to the truth regarding Plaintiffs' allegations that Stelara is one of the top ten best-selling drugs in the world, since "best-selling" is vague and ambiguous and has no units, and, therefore, denies this allegation.  J&J denies that its sales of Stelara are not constrained by any other product.

348.    Denied.  J&J further denies the allegations contained in Paragraph 348 on the grounds that it uses terms that are inherently vague and ambiguous, such as "extraordinarily high."

61

349.    The allegations contained in the first, second, and third sentences of Paragraph 349 are legal conclusion to which no answer is required.  By way of further answer, J&J denies any implication that any patent protection it has (or had) for ustekinumab is (or was) invalid or illegitimate.  The allegations contained in the last sentence of Paragraph 349 are legal conclusions to which no answer is required.  To the extent an answer is required, J&J refers the Court to the FDA's approval processes for the marketing of biosimilars in the United States.

350.    Denied.

351.    J&J admits that ustekinumab is the only FDA-approved biologic that functions as an IL-12/23 antagonist and that there are several treatment options available for ulcerative colitis, Crohn's disease, plaque psoriasis, and psoriatic arthritis.  J&J further admits that there are several biologic medications currently indicated to treat ulcerative colitis, Crohn's disease, plaque psoriasis, and psoriatic arthritis (including Humira and Remicade) and that Stelara is the only biologic that can bind both IL-12 and IL-23 and can target both pathways at the same time.  J&J further admits that other drugs target different proteins than Stelara.  J&J denies any implication that ustekinumab's ability to function as an IL-12/23 antagonist and bind both IL-12 and IL-23 pathways simultaneously makes it the only drug capable of effectively treating ulcerative colitis, Crohn's disease, plaque psoriasis, or psoriatic arthritis.

352.    J&J denies the allegations contained in the first sentence of Paragraph 352 on the grounds that it uses terms that are inherently vague and ambiguous, such as "significantly more convenient."  The second, third, and fourth sentences of Paragraph 352 purport to summarize the dosage and administration information contained in FDA-approved labels for Stelara and unidentified, unnamed competitor drugs, which are in writing and speak for themselves.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 352 and, therefore, denies the allegations. By way of further answer, J&J denies the allegations contained in the last sentence of Paragraph 352 on the grounds that this sentence uses terms that are inherently vague and ambiguous, such as "incredibly valuable."

353.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 353 and, therefore, denies the allegations. The second and third sentences of Paragraph 353 purport to summarize a research study, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. The fourth and fifth sentences of Paragraph 300 purport to summarize data from the Psoriasis Longitudinal Assessment and Registry, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J has publicly acknowledged—indeed, emphasized—that Stelara is not reasonably interchangeable with other treatments for autoimmune diseases.

354.    J&J denies the allegations contained in the first sentence of Paragraph 354. The second, third, and fourth sentences of Paragraph 354 selectively quote from J&J's motion for a preliminary injunction in *Janssen Biotech, Inc. v. Amgen Inc.*, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

355.    Denied. By way of further answer, J&J denies the allegations contained in Paragraph 355 on the grounds that Paragraph 355 uses terms that are inherently vague and ambiguous, such as "emphasized" and "reasonably interchangeable."

63

356.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 356, which references unnamed and unidentified "recent reports." Therefore, J&J denies the allegations.

357.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 357, which references unnamed and unidentified "recent biosimilars" and uses inherently vague and ambiguous terms such as "frequently." Therefore, J&J denies the allegations.

358.    J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 358, which references unnamed and unidentified "lower cost biosimilars" and uses inherently vague and ambiguous terms such as "costs," "invoice prices," "typically," and "over time." Therefore, J&J denies these allegations.

359.    J&J admits that Amgen and J&J are competitors. The remaining allegations contained in the first, second, and third sentences of Paragraph 359 selectively quote from and purport to summarize an Amgen report, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself. J&J denies the allegations contained in the last sentence of Paragraph 359.

360.    The allegations contained in Paragraph 360 selectively quote from a Journal of the American Medical Association study, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

361.    The allegations contained in Paragraph 361 selectively quote from and purport to summarize J&J's opening brief in support of its motion for a preliminary injunction in *Janssen Biotech, Inc. v. Amgen Inc.*, which is in writing and speaks for itself. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

64

362.    J&J denies the allegations contained in the first sentence of Paragraph 362.  The remaining allegations contained in Paragraph 362 selectively quote from and purport to summarize J&J's motion for a preliminary injunction in *Janssen Biotech, Inc. v. Amgen Inc.*, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

363.    J&J denies the allegations contained in the first sentence of Paragraph 310, which uses inherently vague and ambiguous terms such as "substantial."  The remaining allegations contained in Paragraph 363 selectively quote from and purport to summarize J&J's motion for a preliminary injunction in *Janssen Biotech, Inc. v. Amgen Inc.*, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

364.    J&J admits that Amgen and J&J are competitors.  The remaining allegations contained in Paragraph 364 selectively quote from and purport to summarize J&J's motion for a preliminary injunction in *Janssen Biotech, Inc. v. Amgen Inc.* and an Amgen report, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  J&J denies the allegations contained in the last sentence of Paragraph 364.

365.    The allegations contained in Paragraph 365 selectively quote from and purport to summarize J&J's motion for a preliminary injunction in *Janssen Biotech, Inc. v. Amgen Inc.*, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

366.    The allegations in Paragraph 366 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

367.    The allegations in Paragraph 367 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

368.    The allegations in Paragraph 368 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

369.    The allegations in Paragraph 369 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

370.    The allegations in Paragraph 370 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

371.    The allegations contained in the second and third sentences of Paragraph 371 selectively quote from and purport to summarize J&J's motion for a preliminary injunction in *Janssen Biotech, Inc. v. Amgen Inc.*, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

372.    The allegations contained in Paragraph 372 selectively quote from and purport to summarize J&J's motion for a preliminary injunction in *Janssen Biotech, Inc. v. Amgen Inc.*, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.

373.    J&J denies the allegation contained in the first sentence of Paragraph 373, which uses inherently vague and ambiguous terms such as "particularly threatening."  J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 373, which purports to divine Amgen's intent from its public statements.  The third sentence of Paragraph 373 selectively quotes from an Amgen statement, which is in writing and speaks for itself.  J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writing itself.  The allegations contained in the last sentence of Paragraph 373 are legal conclusions to which no answer is required.  To the extent an answer is required, J&J

66

refers the Court to the BPCIA, applicable state laws, and the FDA's approval processes for the marketing of biosimilars in the United States.

374. The allegations in Paragraph 374 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

## VIII.   RESPONSE TO MARKET EFFECTS AND CLASS DAMAGES

375. The allegations in Paragraph 375 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

376. J&J denies that it engaged in any wrongful conduct. The allegations in Paragraph 376 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

377. J&J denies that it engaged in any wrongful conduct. The allegations in Paragraph 377 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

378. J&J is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 378 and, therefore, denies these allegations. J&J also denies the allegations contained in Paragraph 378 on the grounds that it uses terms that are inherently vague and ambiguous, such as "substantially," "substantial," and "strong incentive."

379. J&J denies that it engaged in any wrongful conduct. The allegations in Paragraph 379 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

380. J&J denies that it engaged in any wrongful conduct. The allegations in Paragraph 380 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

381.    J&J is without knowledge or information sufficient to form a belief as to the truth regarding where CareFirst has purchased Stelara for its members and the number of its purchases in each state and, therefore, denies the allegations.

382.    J&J is without knowledge or information sufficient to form a belief as to the truth regarding whether Table 3 includes purchases of Stelara for CareFirst members in Norfolk, Chesapeake, Virginia Beach, Suffolk, and James City County, Virginia and, therefore, denies the allegations.

## IX.    RESPONSE TO ANTITRUST IMPACT

383.    J&J denies that it engaged in any wrongful conduct.  The allegations in Paragraph 383 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

384.    J&J is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' and putative class members' indirect purchases of Stelara and, therefore, denies the allegations.  J&J also denies the allegations contained in Paragraph 384 on the grounds that it uses terms that are inherently vague and ambiguous, such as "substantial".

385.    J&J denies that it engaged in any wrongful conduct.  The allegations in Paragraph 385 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

386.    The allegations in Paragraph 386 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

387.    The allegations in Paragraph 387 are legal conclusions to which no response is required.  To the extent a further response is required, J&J denies the allegations contained in Paragraph 387.

388. The allegations in Paragraph 388 are legal conclusions to which no response is required. To the extent a further response is required, J&J denies the allegations contained in Paragraph 388. The allegations in Paragraph 388 also purport to characterize publicly available legal pleadings, which are in writing and speak for themselves. J&J denies Plaintiffs' characterization to the extent it is inconsistent with the writings themselves.

389. J&J denies the allegations contained in the first and last sentences of Paragraph 389. By way of further answer, J&J states that the allegations contained in the first and last sentences of Paragraph 389 are legal conclusions to which no answer is required. To the extent a response is required, J&J denies those allegations. J&J admits that it sells Stelara to wholesalers, but its without knowledge or information sufficient to form a belief as to the truth regarding the remaining allegations contained in Paragraph 389 and, therefore, denies the allegations. By way of further answer, J&J states that Paragraph 389 uses terms that are inherently vague and ambiguous, such as "based on Stelara's WAC," and "applicable discounts," "closely tracked."

## X.    RESPONSE TO IMPACT ON INTERSTATE COMMERCE

390. J&J denies that it engaged in any wrongful conduct. The allegations in Paragraph 390 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

391. The allegations in Paragraph 391 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

392. The allegations in Paragraph 392 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

393. J&J denies that it engaged in any wrongful conduct. The allegations in Paragraph 393 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

69

## XI.     RESPONSE TO FEDERAL CLAIMS FOR RELIEF

### RESPONSE TO COUNT ONE

394.     J&J repeats and incorporates the above answers in the above Paragraphs as though fully set forth herein.

395.     The allegations in Paragraph 395 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

396.     The allegations in Paragraph 396 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

397.     The allegations in Paragraph 397 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

398.     The allegations in Paragraph 398 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

399.     The allegations in Paragraph 399 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

400.     The allegations in Paragraph 400 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

401.     The allegations in Paragraph 401 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

402.     The allegations in Paragraph 402 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

403.     The allegations in Paragraph 403 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

404.    The allegations in Paragraph 404 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

405.    The allegations in Paragraph 405 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

406.    The allegations in Paragraph 406 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

407.    The allegations in Paragraph 407 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

408.    The allegations in Paragraph 408 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

409.    The allegations in Paragraph 409 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

## XII.    RESPONSE TO STATE CLAIMS FOR RELIEF

### RESPONSE TO COUNT TWO

410.    J&J repeats and incorporates the above answers in the above Paragraphs as though fully set forth herein.

411.    The allegations in Paragraph 411 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

412.    The allegations in Paragraph 412 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

413.    The allegations in Paragraph 413 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

414.    The allegations in Paragraph 414 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

415.    The allegations in Paragraph 415 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

416.    The allegations in Paragraph 416 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

417.    The allegations in Paragraph 417 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

418.    The allegations in Paragraph 418 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

419.    The allegations in Paragraph 419 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

420.    The allegations in Paragraph 420 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

421.    The allegations in Paragraph 421 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

422.    The allegations in Paragraph 422 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

423.    The allegations in Paragraph 423 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

424.    The allegations in Paragraph 424 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

425.    The allegations in Paragraph 425 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

426.    The allegations in Paragraph 426 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

427.    The allegations in Paragraph 427 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

428.    The allegations in Paragraph 428 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

**RESPONSE TO COUNT THREE**

429.    J&J repeats and incorporates the above answers in the above Paragraphs as though fully set forth herein.

430.    The allegations in Paragraph 430 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

73

431.    The allegations in Paragraph 431 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

432.    The allegations in Paragraph 432 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

433.    The allegations in Paragraph 433 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

434.    The allegations in Paragraph 434 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

435.    The allegations in Paragraph 435 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

436.    The allegations in Paragraph 436 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

437.    The allegations in Paragraph 437 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

438.    The allegations in Paragraph 438 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

439.    The allegations in Paragraph 439 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

440.    The allegations in Paragraph 440 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

441.    The allegations in Paragraph 441 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

442. The allegations in Paragraph 442 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

443. The allegations in Paragraph 443 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

444. The allegations in Paragraph 444 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

445. The allegations in Paragraph 445 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

446. The allegations in Paragraph 446 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

447. The allegations in Paragraph 447 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

**RESPONSE TO COUNT FOUR**

448. J&J repeats and incorporates the above answers in the above Paragraphs as though fully set forth herein.

449. The allegations in Paragraph 449 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

450. The allegations in Paragraph 450 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

451. The allegations in Paragraph 451 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

452. The allegations in Paragraph 452 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

453.    The allegations in Paragraph 453 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

454.    The allegations in Paragraph 454 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

455.    The allegations in Paragraph 455 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

456.    The allegations in Paragraph 456 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

457.    The allegations in Paragraph 457 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

458.    The allegations in Paragraph 458 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

459.    The allegations in Paragraph 459 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

460.    The allegations in Paragraph 460 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

461.    The allegations in Paragraph 461 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

462.    The allegations in Paragraph 462 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

463.    The allegations in Paragraph 463 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

464.    The allegations in Paragraph 464 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

465.    The allegations in Paragraph 465 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

466.    The allegations in Paragraph 466 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

467.    The allegations in Paragraph 467 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

468.    The allegations in Paragraph 468 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

469.    The allegations in Paragraph 469 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

470.    The allegations in Paragraph 470 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

471.    The allegations in Paragraph 471 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

472.    The allegations in Paragraph 472 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

473.    The allegations in Paragraph 473 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

474.    The allegations in Paragraph 474 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

475.    The allegations in Paragraph 475 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

476.    The allegations in Paragraph 476 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

477.    The allegations in Paragraph 477 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

478.    The allegations in Paragraph 478 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

479.    The allegations in Paragraph 479 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

480.    The allegations in Paragraph 480 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

481.    The allegations in Paragraph 481 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

482.    The allegations in Paragraph 482 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

483.    The allegations in Paragraph 483 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

484.    The allegations in Paragraph 484 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

485.    The allegations in Paragraph 485 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

486. The allegations in Paragraph 486 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

487. The allegations in Paragraph 487 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

488. The allegations in Paragraph 488 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

489. The allegations in Paragraph 489 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

490. The allegations in Paragraph 490 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

491. The allegations in Paragraph 491 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Delaware law were dismissed. *See* ECF No. 119.

492. The allegations in Paragraph 492 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Delaware law were dismissed. *See* ECF No. 119.

493. The allegations in Paragraph 493 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Delaware law were dismissed. *See* ECF No. 119.

494. The allegations in Paragraph 494 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Delaware law were dismissed. *See* ECF No. 119.

495. The allegations in Paragraph 495 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Delaware law were dismissed. *See* ECF No. 119.

496. The allegations in Paragraph 496 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Delaware law were dismissed. *See* ECF No. 119.

497. The allegations in Paragraph 497 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

498. The allegations in Paragraph 498 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

499. The allegations in Paragraph 499 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

500. The allegations in Paragraph 500 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

501. The allegations in Paragraph 501 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

502.    The allegations in Paragraph 502 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

503.    The allegations in Paragraph 503 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

504.    The allegations in Paragraph 504 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

505.    The allegations in Paragraph 505 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

506.    The allegations in Paragraph 506 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

507.    The allegations in Paragraph 507 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

508.    The allegations in Paragraph 508 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

509.    The allegations in Paragraph 509 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

510.    The allegations in Paragraph 510 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

511.    The allegations in Paragraph 511 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Idaho law were dismissed.  *See* ECF No. 119.

81

512.    The allegations in Paragraph 512 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Idaho law were dismissed.  *See* ECF No. 119.

513.    The allegations in Paragraph 513 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Idaho law were dismissed.  *See* ECF No. 119.

514.    The allegations in Paragraph 514 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Idaho law were dismissed.  *See* ECF No. 119.

515.    The allegations in Paragraph 515 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

516.    The allegations in Paragraph 516 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

517.    The allegations in Paragraph 517 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

518.    The allegations in Paragraph 518 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

519.    The allegations in Paragraph 519 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

520.    The allegations in Paragraph 520 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

521.    The allegations in Paragraph 521 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

522.    The allegations in Paragraph 522 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

523.    The allegations in Paragraph 523 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

524.    The allegations in Paragraph 524 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

525.    The allegations in Paragraph 525 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

526.    The allegations in Paragraph 526 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

527.    The allegations in Paragraph 527 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Kentucky law were dismissed.  *See* ECF No. 119.

528.    The allegations in Paragraph 528 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Kentucky law were dismissed.  *See* ECF No. 119.

529.    The allegations in Paragraph 529 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Kentucky law were dismissed.  *See* ECF No. 119.

530.    The allegations in Paragraph 530 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Kentucky law were dismissed.  *See* ECF No. 119.

531.    The allegations in Paragraph 531 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Louisiana law were dismissed.  *See* ECF No. 119.

532.    The allegations in Paragraph 532 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Louisiana law were dismissed.  *See* ECF No. 119.

533.    The allegations in Paragraph 533 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Louisiana law were dismissed.  *See* ECF No. 119.

534.    The allegations in Paragraph 534 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further

response, Plaintiffs' claims for unjust enrichment under Louisiana law were dismissed. *See* ECF No. 119.

535. The allegations in Paragraph 535 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Louisiana law were dismissed. *See* ECF No. 119.

536. The allegations in Paragraph 536 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Louisiana law were dismissed. *See* ECF No. 119.

537. The allegations in Paragraph 537 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

538. The allegations in Paragraph 538 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

539. The allegations in Paragraph 539 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

540. The allegations in Paragraph 540 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

541. The allegations in Paragraph 541 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

542. The allegations in Paragraph 542 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

543.    The allegations in Paragraph 543 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

544.    The allegations in Paragraph 544 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

545.    The allegations in Paragraph 545 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

546.    The allegations in Paragraph 546 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

547.    The allegations in Paragraph 547 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

548.    The allegations in Paragraph 548 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

549.    The allegations in Paragraph 549 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

550.    The allegations in Paragraph 550 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

551.    The allegations in Paragraph 551 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

552.    The allegations in Paragraph 552 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

553.    The allegations in Paragraph 553 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

554. The allegations in Paragraph 554 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

555. The allegations in Paragraph 555 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

556. The allegations in Paragraph 556 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

557. The allegations in Paragraph 557 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

558. The allegations in Paragraph 558 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

559. The allegations in Paragraph 559 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

560. The allegations in Paragraph 560 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

561. The allegations in Paragraph 561 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

562. The allegations in Paragraph 562 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

563. The allegations in Paragraph 563 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

564. The allegations in Paragraph 564 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

565. The allegations in Paragraph 565 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

566. The allegations in Paragraph 566 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

567. The allegations in Paragraph 567 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

568. The allegations in Paragraph 568 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

569. The allegations in Paragraph 569 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

570. The allegations in Paragraph 570 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

571. The allegations in Paragraph 571 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

572. The allegations in Paragraph 572 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

573. The allegations in Paragraph 573 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

574. The allegations in Paragraph 574 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

575. The allegations in Paragraph 575 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

576.    The allegations in Paragraph 576 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

577.    The allegations in Paragraph 577 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under New Jersey law were dismissed.  *See* ECF No. 119.

578.    The allegations in Paragraph 578 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under New Jersey law were dismissed.  *See* ECF No. 119.

579.    The allegations in Paragraph 579 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under New Jersey law were dismissed.  *See* ECF No. 119.

580.    The allegations in Paragraph 580 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under New Jersey law were dismissed.  *See* ECF No. 119.

581.    The allegations in Paragraph 581 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under New Jersey law were dismissed.  *See* ECF No. 119.

582.    The allegations in Paragraph 582 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

583.    The allegations in Paragraph 583 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

584.    The allegations in Paragraph 584 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

585.    The allegations in Paragraph 585 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

586.    The allegations in Paragraph 586 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

587.    The allegations in Paragraph 587 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

588.    The allegations in Paragraph 588 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

589.    The allegations in Paragraph 589 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

590.    The allegations in Paragraph 590 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

591.    The allegations in Paragraph 591 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

592.    The allegations in Paragraph 592 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

593.    The allegations in Paragraph 593 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

594.    The allegations in Paragraph 594 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

595.    The allegations in Paragraph 595 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

596.    The allegations in Paragraph 596 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

597.    The allegations in Paragraph 597 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

598.    The allegations in Paragraph 598 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

599.    The allegations in Paragraph 599 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

600.    The allegations in Paragraph 600 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

601.    The allegations in Paragraph 601 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Oklahoma law were dismissed.  *See* ECF No. 119.

602.    The allegations in Paragraph 602 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further

response, Plaintiffs' claims for unjust enrichment under Oklahoma law were dismissed. *See* ECF No. 119.

603.    The allegations in Paragraph 603 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Oklahoma law were dismissed. *See* ECF No. 119.

604.    The allegations in Paragraph 604 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Oklahoma law were dismissed. *See* ECF No. 119.

605.    The allegations in Paragraph 605 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Oklahoma law were dismissed. *See* ECF No. 119.

606.    The allegations in Paragraph 606 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

607.    The allegations in Paragraph 607 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

608.    The allegations in Paragraph 608 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

609.    The allegations in Paragraph 609 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

610. The allegations in Paragraph 610 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Pennsylvania law were dismissed. *See* ECF No. 119.

611. The allegations in Paragraph 611 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Pennsylvania law were dismissed. *See* ECF No. 119.

612. The allegations in Paragraph 612 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Pennsylvania law were dismissed. *See* ECF No. 119.

613. The allegations in Paragraph 613 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Pennsylvania law were dismissed. *See* ECF No. 119.

614. The allegations in Paragraph 614 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

615. The allegations in Paragraph 615 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

616. The allegations in Paragraph 616 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

617.    The allegations in Paragraph 617 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

618.    The allegations in Paragraph 618 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

619.    The allegations in Paragraph 619 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

620.    The allegations in Paragraph 620 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

621.    The allegations in Paragraph 621 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

622.    The allegations in Paragraph 622 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

623.    The allegations in Paragraph 623 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

624.    The allegations in Paragraph 624 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

625.    The allegations in Paragraph 625 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

626.    The allegations in Paragraph 626 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

627.    The allegations in Paragraph 627 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

628.    The allegations in Paragraph 628 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

629.    The allegations in Paragraph 629 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

630.    The allegations in Paragraph 630 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

631.    The allegations in Paragraph 631 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

632.    The allegations in Paragraph 632 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

633.    The allegations in Paragraph 633 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

634.    The allegations in Paragraph 634 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

635.    The allegations in Paragraph 635 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

636.    The allegations in Paragraph 636 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

637.    The allegations in Paragraph 637 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Texas law were dismissed.  *See* ECF No. 119.

638.    The allegations in Paragraph 638 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Texas law were dismissed.  *See* ECF No. 119.

639.    The allegations in Paragraph 639 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Texas law were dismissed.  *See* ECF No. 119.

640.    The allegations in Paragraph 640 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Texas law were dismissed.  *See* ECF No. 119.

641.    The allegations in Paragraph 641 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.  By way of further response, Plaintiffs' claims for unjust enrichment under Texas law were dismissed.  *See* ECF No. 119.

642.    The allegations in Paragraph 642 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

643.    The allegations in Paragraph 643 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

644.    The allegations in Paragraph 644 are legal conclusions to which no response is required.  To the extent a response is required, J&J denies those allegations.

645. The allegations in Paragraph 645 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

646. The allegations in Paragraph 646 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

647. The allegations in Paragraph 647 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

648. The allegations in Paragraph 648 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

649. The allegations in Paragraph 649 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

650. The allegations in Paragraph 650 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

651. The allegations in Paragraph 651 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

652. The allegations in Paragraph 652 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

653. The allegations in Paragraph 653 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

654. The allegations in Paragraph 654 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

655. The allegations in Paragraph 655 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

656. The allegations in Paragraph 656 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Washington law were dismissed. *See* ECF No. 119.

657. The allegations in Paragraph 657 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Washington law were dismissed. *See* ECF No. 119.

658. The allegations in Paragraph 658 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Washington law were dismissed. *See* ECF No. 119.

659. The allegations in Paragraph 659 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations. By way of further response, Plaintiffs' claims for unjust enrichment under Washington law were dismissed. *See* ECF No. 119.

660. The allegations in Paragraph 660 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

661. The allegations in Paragraph 661 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

662. The allegations in Paragraph 662 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

663. The allegations in Paragraph 663 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

664. The allegations in Paragraph 664 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

665. The allegations in Paragraph 665 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

666. The allegations in Paragraph 666 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

667. The allegations in Paragraph 667 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

668. The allegations in Paragraph 668 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

669. The allegations in Paragraph 669 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

670. The allegations in Paragraph 670 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

671. The allegations in Paragraph 671 are legal conclusions to which no response is required. To the extent a response is required, J&J denies those allegations.

## RESPONSE TO DEMAND FOR RELIEF

J&J denies the allegations contained in Plaintiffs' Demand for Relief and denies that Plaintiffs (or any proposed class) are entitled to any relief whatsoever.

## RESPONSE TO JURY DEMAND

The jury trial demand does not constitute an averment of fact, and therefore no response is

required.

## GENERAL DENIAL

*J&J denies each and every allegation in the Complaint not specifically and expressly admitted above.*

## ADDITIONAL DEFENSES

In addition to the above, J&J sets forth below its defenses. Each defense is asserted as to all claims for relief against J&J, except where otherwise noted. By setting forth these defenses, J&J does not concede that these are affirmative defenses and does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

J&J also reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery and further factual investigation in this case.

### A.    FIRST DEFENSE

Plaintiffs' claims fail in whole or in part because J&J's conduct is protected by the *Noerr-Pennington* doctrine and the First Amendment to the United States Constitution.

### B.    SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acquisition of the '307 Patent and Momenta Patents and J&J's subsequent enforcement of those patents against biosimilar manufacturers are lawful because they were procompetitive and justified by legitimate business reasons.

100

### C.      THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their damages resulted from the acts or omissions of third parties over whom J&J has no control.  The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by the Plaintiffs and purported class members.

### D.      FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they lack Article III and statutory standing to bring their claims.  Standing under Article III of the United States Constitution requires plaintiffs to establish that they have suffered an injury-in-fact caused by the unlawful acts of defendants.  Additionally, plaintiffs must prove that they have suffered antitrust injury.  Plaintiffs lack standing because they have not and cannot prove injury-in-fact that is actual and imminent or antitrust injury.

### E.      FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not purchased Stelara directly from J&J and only direct purchasers have standing to assert monetary damages under 15 U.S.C. § 15.  Therefore plaintiffs lack antitrust and/or Article III standing under the Sherman Act, *Illinois Brick v. Illinois*, 431 U.S. 720, 728 (1977), and state laws.

### F.      SIXTH DEFENSE

To the extent Plaintiffs seek to collect compensatory damages, penalties, punitive damages, exemplary damages, attorneys' fees and expenses, and other monetary relief from J&J, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.  Additionally, to the extent Plaintiffs' claims would result in J&J paying damages to more than one claimant for the

same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed to J&J by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

### G.    SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the challenged conduct was within the scope of J&J's rights under the United States Patent laws.

### H.    EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs passed along to their members any damages allegedly suffered.

### I.    NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

### J.    TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their alleged damages, if any, are speculative, and because of the impossibility of ascertaining and allocating these alleged damages.

### K.    ELEVENTH DEFENSE

Any equitable relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have potentially available an adequate remedy at law.

### L.    TWELFTH DEFENSE

Plaintiffs' claims are foreclosed because Plaintiffs have not alleged and cannot allege a proper relevant market, or that J&J has market power in that relevant market.

### M.    THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## N.       FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to comply with notice requirements under particular state laws.

## O.       FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent particular state laws prohibit only concerted action and Plaintiffs alleged unilateral conduct.

## P.       SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent particular state laws require consumer decision and/or reliance, which Plaintiffs failed to allege here.

## Q.       SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent particular state laws require a consumer transaction or nexus, which Plaintiffs failed to allege here.

## R.       EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent particular state laws cannot be used to enforce alleged antitrust violations.

## S.       NINTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent particular state laws do not recognize unjust enrichment as an independent cause of action.

## T.       TWENTYTH DEFENSE

Plaintiffs' unjust enrichment claims are barred, in whole or in part, because Plaintiffs' have an adequate remedy at law.

103

### U.      TWENTY-FIRST DEFENSE

Plaintiffs' unjust enrichment claims are barred, in whole or in part, because Plaintiffs have not alleged a violation of any other state laws that have caused such unjust enrichment.

### V.      TWENTY-SECOND DEFENSE

Plaintiffs' unjust enrichment claims are barred, in whole or in part, because there is no contractual relationship or privity among the parties.

### W.      TWENTY-THIRD DEFENSE

Plaintiffs' unjust enrichment claims are barred, in whole or in part, because Plaintiffs have not conferred a direct benefit on Defendants.

### X.      TWENTY-FOURTH DEFENSE

Plaintiffs fail to satisfy the requirements of Federal Rule of Civil Procedure 23 to bring a class action.

### Y.      TWENTY-FIFTH DEFENSE

Plaintiffs fail to state a claim against J&J upon which relief can be granted.

### Z.      TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred because J&J neither engaged in the willful acquisition of monopoly power nor had a specific intent to monopolize any relevant market in which Stelara competed.

### AA.    TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred because J&J had neither monopoly power nor a dangerous probability of acquiring such power in any relevant antitrust market in which Stelara competed.

104

## BB.     TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not and cannot allege that J&J engaged

in exclusionary conduct that caused a harm to competition.

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38, DEFENDANT
J&J DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Dated: November 21, 2025

Respectfully submitted,

*/s/ Christina Guerola Sarchio*

George G. Gordon *(pro hac vice)*
Julia E. Chapman *(pro hac vice)*
Katherine Unger Davis *(pro hac vice)*
Forrest E. Lovett *(pro hac vice)*
Judah Bellin *(pro hac vice)*
David M. Costigan *(pro hac vice)*
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994 4000
Fax: (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
katherine.ungerdavis@dechert.com
forrest.lovett@dechert.com
judah.bellin@dechert.com
david.costigan@dechert.com

Christina Guerola Sarchio VSB No. 87166
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com

Katherine A. Helm *(pro hac vice)*
**DECHERT LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel.: (212) 698-3500
Fax: (212) 698-3599

105

khelm@dechert.com

Amanda K. Antons (*pro hac vice*)
**DECHERT LLP**
230 Northgate Street #209
Lake Forest, IL 60045
Tel.: (312) 646-5800
Fax: (312) 646-5858
amanda.antons@dechert.com

*Counsel for Defendants Johnson &
Johnson and Janssen Biotech, Inc.*

106

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2025, I caused to be served a copy of the foregoing

J&J's Answers and Affirmative Defenses to Plaintiffs' Third Amended Class Action Complaint

on all counsel of record via the Court's CM/ECF system.

*/s/ Christina Guerola Sarchio*
Christina Guerola Sarchio, Esq.
VSB No. 87166
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com

*Counsel for Defendants Johnson & Johnson
and Janssen Biotech, Inc.*
