**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

CAREFIRST OF MARYLAND, INC.,
GROUP HOSPITALIZATION AND
MEDICAL SERVICES, INC., and
CAREFIRST BLUECHOICE, INC., on
behalf of themselves and all others similarly
situated,

      Plaintiffs,

      v.

JOHNSON & JOHNSON and JANSSEN
BIOTECH, INC.,

      Defendants.

Case No. 2:23-cv-00629-JKW-LRL

Judge Jamar K. Walker

Magistrate Judge Lawrence R. Leonard

## ORDER

Before the Court is Plaintiffs' Motion for Leave to File Under Seal Portions of (1)
Plaintiffs' Reply Memoranda in Support of Their Motion for Partial Summary Judgment; (2)
Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed
Expert Testimony of Bryon Cryer and Andrew Hirshfeld; (3) Plaintiffs' Reply Memorandum in
Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Debbie
Feinstein; (4) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude the
Proposed Expert Testimony of Dr. Anupam B. Jena; (5) Plaintiffs' Reply Memorandum in Support
of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Dr. Sue Lim; (6)
Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed
Expert Testimony of Douglas Miller; and (7) Exhibits to the Declaration of Peter D. St. Phillip in

Support (ECF No. 621) ("Motion to Seal") and J&J's Response to Plaintiffs' Motion to Seal. Having considered Plaintiffs' Motion to Seal and J&J's Response, and having determined that this action involves allegations requiring the disclosure of commercially sensitive information, the Court makes the following findings of fact and conclusions of law.

1. This is an antitrust case that requires discovery of documents deemed by Plaintiffs and Defendants to be highly sensitive competitive materials, including confidential commercially sensitive information.

2. On October 13, 2025, Plaintiffs filed their Motion to Seal. ECF No. 621. Along with the motion to seal, Plaintiffs filed a proposed order (ECF No. 621-1), a Memorandum in Support of the Motion to Seal (ECF No. 630), a Notice of their Motion to Seal (ECF No. 622) and the Declaration of Peter D. St. Phillip ("St. Phillip Decl.") in support of their Oppositions (ECF No. 593) on the public docket. On October 20, 2025, J&J filed their Response to the Motion to Seal, Declaration of Amanda K. Antons ("Antons Decl.") in support of their response, and a proposed order.

3. As set out in J&J's Response, (1) Plaintiffs' Reply Memoranda in Support of Their Motion for Partial Summary Judgment; (2) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Bryon Cryer and Andrew Hirshfeld; (3) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Debbie Feinstein; (4) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude the Proposed Expert Testimony of Dr. Anupam B. Jena; (5) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Dr. Sue Lim; (6) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert

Testimony of Douglas Miller; and Plaintiffs' Exhibits 179, 182, 183 and 184, which were filed by Plaintiffs with their Replies, are documents and/or excerpts of testimony containing J&J's confidential commercially sensitive and nonpublic information.

4.  There are three requirements for sealing court filings: "(1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing." *E.I. du Pont de Nemours & Co. v. Agfa NV*, No. 218-CV-00326-HCMRJK, 2019 WL 13443144, at *2 (E.D. Va. June 7, 2019) (internal citations omitted).

5.  Plaintiffs have met the public notice requirement by filing a separate Notice of the Motion to Seal for docketing. ECF No. 622. Public notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984), cited in *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000), 218 F.3d at 288.

6.  Exhibits 179, 182 and 183 contain both confidential and non-confidential information. The confidential information concerns J&J's commercially sensitive and nonpublic information. The parties have proposed redactions in each of these exhibits to protect the confidentiality of protected information, while permitting the non-confidential content of the Exhibits to be unsealed. The Parties' limited redactions minimize the amount of information placed under seal.

7.  Exhibit 184 contains confidential information. The confidential information concerns J&J's commercially sensitive and nonpublic information. The selected document minimizes the amount of information placed under seal.

8. Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment includes partial redactions limited to confidential information. The memorandum includes citations to and excerpts from the Exhibits at issue and contains confidential commercially sensitive and nonpublic information concerning J&J's pricing and contracting strategies that are generally not known to the public. Plaintiffs' proposed limited redactions minimize the amount of information placed under seal.

9. Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the proposed expert testimony of Bryon Cryer and Andrew Hirshfeld includes partial redactions limited to confidential information The memorandum includes citations to and excerpts from the Exhibits at issue and contains confidential commercially sensitive and nonpublic information concerning J&J's analyses, strategies, and internal processes for J&J's business practices including strategies regarding J&J's IP protection, patent prosecution strategy and confidential communications with FDA. Plaintiffs' proposed limited redactions minimize the amount of information placed under seal.

10. Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the proposed expert testimony of Debbie Feinstein includes partial redactions limited to confidential information. The memorandum includes citations to and excerpts from the Exhibits at issue and contains confidential commercially sensitive and nonpublic information concerning J&J's pricing and contracting strategies that are generally not known to the public. Plaintiffs' proposed limited redactions minimize the amount of information placed under seal.

11. Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude the proposed expert testimony of Dr. Anupam B. Jena includes partial redactions limited to confidential

4

information.  The memorandum includes citations to and excerpts from the Exhibits at issue and contains confidential commercially sensitive and nonpublic information concerning J&J's analyses, strategies, and internal processes regarding J&J's pricing and contracting strategies that are generally not known to the public. Plaintiffs' proposed limited redactions minimize the amount of information placed under seal.

12. Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the proposed expert testimony of Dr. Sue Lim includes partial redactions limited to confidential information.  The memorandum includes citations to and excerpts from the Exhibits at issue and contains confidential commercially sensitive and nonpublic information concerning J&J's analyses, strategies, and internal processes regarding J&J's IP and product development, including strategies regarding J&J's IP protection, patent prosecution strategy, confidential communications with FDA and acquisition strategy. Plaintiffs' proposed limited redactions minimize the amount of information placed under seal.

13. Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the proposed expert testimony of Douglas Miller includes partial redactions limited to confidential information.  The memorandum includes citations to and excerpts from the Exhibits at issue and contains confidential commercially sensitive and nonpublic information concerning J&J's confidential settlement communications that is generally not known to the public nor third parties. Plaintiffs' proposed limited redactions minimize the amount of information placed under seal.

14. There are no less drastic alternatives than filing the redacted portions of Exhibits 179, 182, 183 and (1) Plaintiffs' Reply Memoranda in Support of Their Motion for Partial Summary

5

Judgment; (2) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Bryon Cryer and Andrew Hirshfeld; (3) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Debbie Feinstein; (4) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude the Proposed Expert Testimony of Dr. Anupam B. Jena; (5) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Dr. Sue Lim; (6) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Douglas Miller; and filing under seal in their entirety Exhibit 184 that appropriately enable the parties to argue their positions and to preserve the confidential nature of the materials.

15. The third *Ashcraft* consideration is satisfied by the findings of fact and law in this proposed order.

16. Plaintiffs have filed sealed copies of the Confidential Materials and sent unredacted copies of the Confidential Materials to J&J and to the Court.

17. By filing narrowly redacted public pleadings and limiting sealed documents with Confidential Materials, the parties have made reasonable efforts to limit the materials sealed for the related motion in compliance with the law of this Circuit.

THEREFORE, Plaintiffs' Motion to Seal (ECF No. 621) is GRANTED and it is ORDERED that:

The Clerk is directed to maintain under seal portions of (1) Plaintiffs' Reply Memoranda in Support of Their Motion for Partial Summary Judgment; (2) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Bryon Cryer and Andrew Hirshfeld; (3) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to

Exclude in Part the Proposed Expert Testimony of Debbie Feinstein; (4) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude the Proposed Expert Testimony of Dr. Anupam B. Jena; (5) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Dr. Sue Lim; (6) Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Exclude in Part the Proposed Expert Testimony of Douglas Miller; and Exhibits 179, 182 and 183 in accordance with Plaintiffs' proposed redactions. *See* St. Phillip Decl., ECF No. 593. The Clerk is further directed to maintain under seal in their entirety Plaintiffs' Exhibit 184 to the St. Phillip declaration. *See id.* The sealed materials shall remain sealed until forty-five (45) days after the final resolution of this matter and then be returned to counsel or destroyed.

DATED: _12-1-25_

Lawrence R. Leonard,
United States Magistrate Judge