**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| CAREFIRST OF MARYLAND, INC., GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., and CAREFIRST BLUECHOICE, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,<br><br>Defendants. | Case No. 2:23-cv-00629-JKW-LRL |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL REDACTED PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION UNDER RULE 54(B) OF MOMENTA SUMMARY JUDGMENT RULING AND MOTION FOR CONSIDERATION OF FACTS SUFFICIENT TO PROVE SPECIFIC INTENT UNDER RULE 56(C)(3) & (E)(1)**

Plaintiffs CareFirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., and CareFirst BlueChoice, Inc., have filed a motion for leave to file under seal redacted portions of Plaintiffs' Reply in Support of their Motion for Reconsideration Under Rule 54(B) of Momenta Summary Judgment Ruling and Motion for Consideration of Facts Sufficient to Prove Specific Intent Under Rule 56(C)(3) & (E)(1) (Plaintiffs' Reply). The Plaintiffs' Reply contains information that J&J has designated as confidential.

The Court's Order to Streamline the Sealing Process (ECF Doc. 390) directs the parties to confer regarding whether to place exhibits under seal information. The Plaintiffs' Reply cites only exhibits that were previously filed in the record, which were the subject of meet and confer process

at the time the exhibits were filed. Redactions to Plaintiffs' Reply have been made consistent with J&J's instructions regarding the sealing and redactions of those exhibits.

## I. DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL

Plaintiffs have made redactions to the copy of Plaintiffs' Reply in Support of their Motion for Reconsideration Under Rule 54(B) of Momenta Summary Judgment Ruling and Motion for Consideration of Facts Sufficient to Prove Specific Intent Under Rule 56(C)(3) & (E)(1) filed on the public docket. The redacted passages quote from, summarize or otherwise reveal information from documents produced by J&J and designated as confidential by J&J.

## II. ARGUMENT

All information to be placed under seal pursuant to Plaintiffs' motion is information designated by J&J as confidential. The Confidentiality Order provides as follows regarding the filing of information designated as confidential by another party:

> When a Party moves to file material under seal because another Party has designated the material as confidential, it will be sufficient that the moving Party state that the material has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by the Producing Person; and the Party designating the material as confidential must file a response to the motion complying with requirements set forth at Local Civil Rule 5(C) along with a proposed order.

(ECF Doc. 81, paragraph 28, page 19).

This is an antitrust case that requires discovery of documents deemed by the Plaintiffs and the Defendants to be highly sensitive competitive materials, including business and/or proprietary information. The filing of confidential information is governed by the Confidentiality Order entered in this matter (ECF Doc. 81). There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing.

*See, e.g., Flexible Benefits Council v. Feltman,* No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)).

The Plaintiffs will meet the public notice requirement by filing a separate Notice of Motion to Seal contemporaneously with this memorandum. Public notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (cited by *Ashcraft*, 218 F.3d at 302).

The amount of information to be placed under seal has been minimized by making limited redactions to Plaintiffs' Reply and by citing to sealed documents already on the Court's docket. The unredacted portions of Plaintiffs' Reply adequately informs the public regarding the nature of the exhibits.

Plaintiffs have submitted a Proposed Order with findings of fact and conclusions of law to satisfy the third *Ashcraft* consideration.

## III. CONCLUSION

WHEREFORE, the Plaintiffs respectfully ask the Court to maintain under seal redacted portions of Plaintiffs' Reply in Support of their Motion for Reconsideration Under Rule 54(B) of Momenta Summary Judgment Ruling and Motion for Consideration of Facts Sufficient to Prove Specific Intent Under Rule 56(C)(3) & (E)(1).

Dated: February 2, 2026

Respectfully submitted,

*/s/ Marc C. Greco*

William H. Monroe, Jr. (VSB No. 27441)
Marc C. Greco (VSB No. 41496)
Kip A. Harbison (VSB No. 38648)
Michael A. Glasser (VSB No. 17651)
**GLASSER AND GLASSER, P.L.C.**
Crown Center, Suite 600

580 East Main Street
Norfolk, VA 23510
Telephone: (757) 625-6787
bill@glasserlaw.com
marcg@glasserlaw.com
kip@glasserlaw.com
michael@glasserlaw.com

Thomas M. Sobol (*pro hac vice*)
Hannah W. Brennan (*pro hac vice*)
Abbye R. K. Ognibene (*pro hac vice)*
Whitney E. Street (*pro hac vice*)
Rebekah Glickman-Simon (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
One Faneuil Hall Square, 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
tom@hbsslaw.com
abbyeo@hbsslaw.com
whitneyst@hbsslaw.com
rebekahgs@hbsslaw.com

Peter D. St. Phillip (*pro hac vice*)
Uriel Rabinovitz (*pro hac vice*)
Raymond Girnys (*pro hac vice*)
Noelle Ruggiero (*pro hac vice*)
Alexis Castillo (*pro hac vice*)
Thomas Griffith *(pro hac vice)*
Peyton A. Woodward *(pro hac vice)*
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
PStPhillip@lowey.com
URabinovitz@lowey.com
RGirnys@lowey.com
NRuggiero@lowey.com
ACastillo@lowey.com
tgriffith@lowey.com
pwoodward@lowey.com

John Radice (*pro hac vice*)
April Lambert (*pro hac vice*)
Kenneth Pickle (*pro hac vice*)
Charles Kopel (*pro hac vice*)
**RADICE LAW FIRM, P.C.**

475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
jradice@radicelawfirm.com
alambert@radicelawfirm.com
kpickle@radicelawfirm.com
ckopel@radicelawfirm.com

*Counsel for Plaintiffs CareFirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., and CareFirst BlueChoice, Inc.*

**CERTIFICATE OF SERVICE**

I, Marc C. Greco, certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated: February 2, 2026

*/s/ Marc C. Greco*
Marc C. Greco