**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

CAREFIRST OF MARYLAND, INC., *et al., on behalf of themselves and all others similarly situated,*

     Plaintiffs,

     v.

JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,

     Defendants.

Case No. 2:23-cv-629

## ORDER

CareFirst seeks reconsideration of the Court's decision on J&J's motion for reconsideration on summary judgment. ECF Nos. 898 (motion), 904 (memorandum). CareFirst's motion will be **DENIED**.

The Court previously detailed the factual and procedural background of this case in its opinions on J&J's summary judgment and reconsideration motions. ECF Nos. 794, 887. At the final pre-trial conference on January 15, 2026, the parties stated that "in light of" the Court's ruling on J&J's reconsideration motion, they would not be moving forward with trial. ECF No. 912 at 4:19–22. Instead, CareFirst represented that it would make a filing "which simply provides to the Court what we believe the discovery record shows by way of specific intent." *Id.* at 7:6–10.

CareFirst now seeks reconsideration under Fed. R. Civ. P. 54(b), 56(c), and 56(e) to "avoid a manifest injustice to the certified class" by entering into the record—

for the first time—around fifty new exhibits that purportedly demonstrate "J&J's knowledge of the Momenta patents prior to its acquisition of Momenta." ECF No. 904 at 5. CareFirst represents that it "has litigated this case based on the understanding that specific intent to monopolize is not an element of the legal standard for a monopolization claim" and therefore that it "did not know" it would need to provide evidence of J&J's intent at summary judgment. *Id.* at 5–6. Such reasoning, however, is either careless or disingenuous.

But whatever the reasoning, as the Court stated previously, J&J has always contended that intent was relevant to CareFirst's claim regarding J&J's Momenta acquisition. ECF No. 887 at 16–17 n.13; ECF No. 913 at 6. At the very least, J&J argued in its motion for summary judgment that it did not have the requisite intent to monopolize when it acquired Momenta. ECF No. 492 at 40–42. If CareFirst were truly unaware prior to J&J's motion that it might need to put forward evidence of J&J's intent to monopolize, J&J's motion put it squarely on notice. And the fact that CareFirst offered *some evidence* of alleged intent to acquire the Momenta manufacturing patents significantly undercuts its argument that it did not know intent was relevant. *See, e.g.*, ECF No. 566 at 10–11 ¶¶ 33, 35. In fact, CareFirst sought leave to file—and did file—a sur-reply specifically addressing J&J's purported "mischaracteriz[ation]" of CareFirst's evidence regarding intent. ECF Nos. 647 at 2 (motion for leave to file sur-reply), 651 (sur-reply).

CareFirst continues to argue that the Court articulated a "new standard" that it concluded, on reconsideration, CareFirst did not meet. ECF No. 904 at 6 ("CareFirst

did not know the legal standard it would be held to, and . . . had [it] known the standard, [it] could have met it."). But the Court did not pluck out of thin air the standard it articulated in its opinions on summary judgment and reconsideration. *See* ECF No. 887 at 16–17 n.13. The Court understands and agrees that CareFirst has an absolute right to zealous and thorough representation. And this motion, in many respects, is an effort to provide that. However, even assuming for a moment that CareFirst was blindsided by the articulation of a standard that the Fourth Circuit outlined prior to this Court's rulings in this case, that CareFirst did not include this purported new evidence in response to J&J seeking reconsideration on the sufficiency of the record regarding intent is confusing to the Court and suggests that this filing is merely an effort to Monday morning quarterback the Court's careful consideration of the complex issues here and to paper the record with evidence for appellate purposes that it never put before this Court when it had *at least* three prior opportunities to do so.

As CareFirst predicted, it is in fact "too little too late" to enter substantial new evidence regarding intent into the summary judgment record that was in CareFirst's possession at the time of summary judgment briefing. ECF No. 912 at 7:11–14; *see Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 326 (4th Cir. 2017) ("We have consistently affirmed denials of motions to reconsider summary judgment rulings where the motion is merely a vessel for the very evidence that was initially lacking in opposition to summary judgment."). Given all the water under the proverbial bridge here, the Court simply cannot conclude that refusing to permit CareFirst to reopen the record

3

would work manifest injustice. And for the reasons articulated here, the Court declines to exercise its discretion under Fed. R. Civ. P. 56(e)(1) to give CareFirst an additional opportunity to support facts that it had the ability to provide previously.

Accordingly, CareFirst's motion for reconsideration of the Court's decision on J&J's motion for reconsideration of summary judgment (ECF No. 898) is **DENIED**.

Pursuant to this Court's January 20, 2026 Order (ECF No. 910), the parties may submit, within three business days of this Order, a motion to certify this Court's summary judgment decisions as a final judgment, pursuant to Fed. R. Civ. P. 54(b).

**IT IS SO ORDERED**.

_____ /s/ _____
Jamar K. Walker
United States District Judge

Norfolk, Virginia
February 4, 2026

4